## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELTENHAM TOWNSHIP | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| vs. | : | |
| | : | |
| BOUCHER & JAMES, INC., ROSS G. | : | **NOTICE OF REMOVAL** |
| BOUCHER, MARK W. EISOLD, DAVID R. | : | Removed From: |
| JONES and JUDY STERN GOLDSTEIN | : | |
| | : | Court of Common Pleas of |
| Defendants | : | Montgomery County, PA |
| | : | (No. 2021-11363) |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446,

Defendant Boucher & James, Inc. ("B&J"), hereby removes the above-captioned action from the

Court of Common Pleas of Montgomery County, Pennsylvania to the United States District

Court for the Eastern District of Pennsylvania, and as grounds for removal state as follows:

**BACKGROUND OF CASE AND TIMELINESS OF REMOVAL**

1.      On September 20, 2021, Cheltenham Township ("Plaintiff" or "Cheltenham")

commenced a civil action, entitled *Cheltenham Township v. Boucher & James Inc., Ross G.*

*Boucher, Mark W. Eisold, David R. Jones and Judy Stern Goldstein,* No. 2021-11363, by filing a

Notice to Defend and Complaint in the Court of Common Pleas of Montgomery County,

Pennsylvania (the "State Court Action"). A true and correct copy of the Notice to Defend and

Complaint in the State Court Action is annexed hereto as Exhibit "A."

2.     This basis for Plaintiff's Complaint are various allegations regarding alleged overbilling for work completed by Defendants for Plaintiff, and includes a civil claim under RICO 18 U.S.C.A. § 1962(c), along with claims for conversion, common law fraud, unjust enrichment, breach of contract, intentional misrepresentation, negligent misrepresentation, and civil conspiracy against all Defendants, additional claims for negligence & negligence per se just against Defendant Marc Eisold, Defendant David Jones & Defendant Judy Goldstein, and lastly a claim for vicarious liability just against Defendant B&J. (See Exhibit A).

3.     Plaintiffs served counsel for B&J with a copy of the Notice to Defend and Complaint on September 20, 2021.

4.     Accordingly, pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal has been timely filed within thirty (30) days after first receipt by B&J of the initial pleading in the State Court Action.

**THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332**

5.     Pursuant to 28 U.S.C. § 1441(a), a "civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants."

6.     This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331 because "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.     Plaintiff asserts in is Complaint causes of action arising under RICO, 18 U.S.C.A. § 1962(c).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HA VE BEEN SATISFIED**

8.    Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon B&J in the State Court Action is annexed to this Notice of Removal as Exhibit "A."

9.    As noted above, this Notice of Removal has been filed within thirty (30) days of the date that B&J received the Notice to Defend and Complaint in the State Court Action and, therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(l).

10.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district embracing the place where the State Court Action was brought and is pending (*i.e. ,* Montgomery County, Pennsylvania).

11.    Promptly after filing this Notice of Removal, B&J will provide written notice to Plaintiff, through its counsel, and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Montgomery County, Pennsylvania, as required by 28 U.S.C. § 1446(d).

12.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

**CONCLUSION**

13.    As set forth above, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because " The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Therefore, this action may be removed from state court under 28 U.S.C. § 144l(a).

14.     By this Notice of Removal, B&J does not waive any objections or defenses that it may have as to service of process, jurisdiction, or venue, or any other defenses or objections that it may have to this action. B&J intends no admissions of fact, law, or liability by this Notice of Removal, and expressly reserves all objections, defenses and motions

WHEREFORE, B&J hereby removes this action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**JSDC Law Offices**

Dated:   10/20/2021                     By:_____/s/ Kimberly A. Bonner_____
                                        Kimberly A. Bonner, Esquire (PA ID #89705)
                                        Scott A. Dietterick, Esquire (PA ID # 55650)
                                        11 E. Chocolate Avenue, Suite 300
                                        Hershey, PA 17033
                                        Phone: (717) 533-3280
                                        Fax: (717) 533-2795
                                        Email: kab@jsdc.com; sad@jsdc.com
                                        *Attorney for Defendant Boucher & James Inc*

EXHIBIT "A"

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CHELTENHAM TOWNSHIP

vs.

BOUCHER & JAMES INC

NO. 2021-11363

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

MARK F. HIMSWORTH, ESQUIRE
IDENTIFICATION NO. 49856
NOAH MARLIER, ESQUIRE
IDENTIFICATION NO. 308985
JOHN F. McCAUL, ESQUIRE
IDENTIFICATION NO. 321644
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
375 MORRIS ROAD
P.O. BOX 1479                                        ATTORNEYS FOR PLAINTIFF
LANSDALE, PA  19446
(215) 661-0400

---

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| CHELTENHAM TOWNSHIP | : | NO.: |
| | : | |
| v. | : | |
| | : | |
| BOUCHER & JAMES, INC. | : | |
| and | : | |
| ROSS G. BOUCHER | : | |
| and | : | |
| MARK W. EISOLD | : | |
| and | : | |
| DAVID R. JONES | : | |
| and | : | |
| JUDITH STERN GOLDSTEIN | : | |

## COMPLAINT

Plaintiff, Cheltenham Township, by its attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby file this Complaint against the Defendants, Boucher & James, Inc. Consulting Engineers, Ross Boucher, David R. Jones, Mark Eisold, and Judith Stern Goldstein and in support thereof, aver as follows:

## PARTIES

1.      The Plaintiff, Cheltenham Township (hereinafter "the Township"), is a political subdivision of the Commonwealth of Pennsylvania, organized pursuant to the First Class

{03160183;v1 }

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Township Code, 53 P.S. §§ 55101, *et. seq.*, with an address of 8230 Old York Road, Elkins Park, Montgomery County, Pennsylvania 19027.

2.      Defendant, Boucher & James Inc. Consulting Engineers (hereinafter "Boucher & James" or "the Company") is a Pennsylvania Business Corporation with a principal place of business at 1456 Ferry Road, Building 500, Doylestown, Bucks County, Pennsylvania 18901.

3.      Defendant, Ross Boucher (hereinafter "Boucher"), is an adult individual with an address at 712 Granada Avenue, Unit #2, Venice, Sarasota County, Florida 34285.

4.      Defendant, David R. Jones (hereinafter "Jones"), is an adult individual with an address at 817 Creekview Drive, Pennlyn, Montgomery County, Pennsylvania 19422.

5.      Defendant, Mark Eisold (hereinafter "Eisold"), is an adult individual with an address at 1610 Meetinghouse Road, Hartsville, Bucks County, Pennsylvania, 18974.

6.      Defendant, Judith Stern Goldstein (hereinafter "Stern Goldstein"), is an adult individual with an address at 17 Sterling Crest Court, Doylestown, Bucks County, Pennsylvania 18901.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the parties in the instant case because the events giving rise to this cause of action occurred in this Commonwealth. See also *Village at Camelback Property Owners Assn. Inc. v. Carr*, 538 A.2d 528 (Pa. Super. 1988) (holding that state courts have concurrent jurisdiction to federal cases under RICO statute).

8.      Venue is proper in Montgomery County, Pennsylvania pursuant to Pa.R.C.P. 1006(a) and 2156(a) because Defendant Boucher & James conducts business in Montgomery County, Pennsylvania, the prohibited activity(ies) occurred in Montgomery County, Pennsylvania, and Defendant Jones lives in Montgomery County.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## FACTUAL BACKGROUND

9.       Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

10.       Defendant Boucher & James was a family-owned business from 1962 through 2012 that specialized in land planning, civil engineering, landscape architecture, surveying, and building code compliance. *See October 23, 2012 letter, which is attached hereto as Exhibit "A" and incorporated herein by reference.*

11.       Many of its clients were Pennsylvania municipalities but the company also provided services to individuals, developers, institutions and private corporations as well as out-of-state municipalities like the City of Millville, New Jersey. *See Criminal Complaints of Commonwealth v. Mark W. Eisold, Commonwealth v. Ross G. Boucher and Commonwealth v. David R. Jones, attachment A to Criminal Complaint, which are collectively attached as Exhibit "B," and incorporated herein by reference.*

12.       In 2012, Boucher & James' lone proprietor, Defendant Boucher, sold his interest in the Company to its employees by way of an Employee Stock Ownership Plan (hereinafter "ESOP").

13.       By way of background, an ESOP is an employee benefits plan that provides a company's employees an opportunity to buy company stock, thereby permitting them to obtain an ownership interest in the company.

14.       By the time the Company transitioned to the ESOP, it employed approximately fifty (50) employees in a variety of roles including accounting.

15.       When the Company became an ESOP, Defendant Boucher took a seat on the Company's Board of Directors (hereinafter "the Board") until 2018 and received a salary in his capacity as a Board member.

{03160183;v1 }                                                    3

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

16.      Aside from Defendant Boucher, the Board consisted of Robert Kent, Guy Marcozzi, and Stephen G. Bardlsey, Esquire, from 2012 through 2020, all of whom were volunteers, with the exception of Defendant Boucher, and all of whom were, on information and belief, personal friends of Defendant Boucher.

17.      From 2012 through 2020, the Board controlled the Company and met once a year.

18.      Four (4) Managing Directors controlled the Company's day-to-day operations after the ESOP was created in 2012.

19.      The four (4) Managing Directors responsible for the Company's daily operations were Defendant Eisold, Defendant Jones, Defendant Stern Goldstein, and Jon S. Tresslar.

20.      Each of the four (4) Managing Directors had a distinct role at the company.

a.   Defendant Eisold, a licensed professional engineer, worked out of the Company's main office in Doylestown and provided engineering services for the Company's municipal clients.

b.   Defendant Stern Goldstein, a licensed and registered landscape architect, provided services to clients for land planning and landscape architecture while also overseeing the Company's Accounting Services Department and Information Technology Department.

c.   Defendant Jones worked in the main office in Doylestown, was responsible for business development, and oversaw the Company's Building Codes Department and the main office's administrative staff.

d.   Mr. Tresslar, a licensed professional engineer and licensed professional land surveyor, provided services to most of the Company's private clients while also

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

overseeing the Company's Surveying Services Department and Human Resources Department.

21.      Prior to the Company transiting to an ESOP, Defendants Eisold, Jones and Stern Goldstein (hereinafter "the Managing Director Defendants") were junior shareholders in the Company.

22.      From 2011 through 2018, the Township contracted with Boucher & James for various engineering and landscape architectural projects on and/or involving Township property.

23.      In and around December 2012, the Township contracted with the Company for services not to exceed twelve thousand, one hundred and fifty-four dollars ($12,154) for the months of November and December, 2012 and further contracted with the Company for services not to exceed twelve thousand, five hundred and forty-nine dollars ($12,549) for the months of January and February, 2013. *See Contract, which is attached hereto as Exhibit "C" and incorporated herein by reference.*

24.      Said contract between the Company and the Township (hereinafter "the Contract") was executed and returned to Defendant Boucher on January 8, 2013. *See January 8, 2013 letter, which is attached hereto as Exhibit "D" and incorporated herein by reference.*

25.      Between 2012 and 2018, Boucher & James routinely billed the Township for work it claimed to have completed by sending invoices detailing the allegedly completed work as contracted between the parties.

26.      Between 2012 and 2018, the Township routinely paid the invoices sent by Boucher & James for work it claimed to have completed.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

27.     In that time span, the Township paid Boucher & James with taxpayer funds collected by the Township on behalf of the residents of Cheltenham Township and which had been earmarked for Township needs.

28.     In that time span, Boucher & James overbilled over one hundred and fifty (150) clients for services by a conservatively estimated two million, eighty three thousand, three hundred and seventy seven dollars ($2,083,377), according to the Pennsylvania Office of the Attorney General. See Exhibit B.

29.     According to the Pennsylvania Office of the Attorney General, Boucher & James inflated its invoices to its clients, including the Township, between ten percent (10%) and twenty five percent (25%). See Exhibit B.

30.     Between 2012 and 2018, the Township paid Boucher & James five million, four hundred and sixty three thousand, three hundred and ninety eight dollars and sixty four cents ($5,463,398.64) for services rendered.

31.     Of the five million, four hundred and sixty three thousand, three hundred and ninety eight dollars and sixty four cents ($5,463,398.64) paid by the Township to Boucher & James, the Township paid Boucher & James three million, eight hundred and seventy-seven thousand, seven hundred and forty-eight dollars and nineteen cents ($3,877,748.19) based on a substantial number of invoices later determined to contain discrepancies and/or irregularities.

32.     Between 2012 and 2018, Boucher & James overbilled the Township by at least sixty –two thousand, five hundred and seventy-two dollars and ten cents ($62,572.10), according to the Pennsylvania Office of the Attorney General.

33.     Based on the Pennsylvania Office of the Attorney General's inflation percentage range of ten percent (10%) to twenty five percent (25%) as applied to the Township's total amount

{03160183;v1 }

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

for invoices paid, the Township overpaid Boucher & James by an amount ranging from five hundred and forty-six thousand, three hundred and thirty-nine dollars and eighty six cents ($546,339.86) to one million, three hundred and sixty-five thousand, eight hundred and forty-nine dollars and sixty six cents ($1,365,849.66).

34.     Based on the $3,877,748.19 reflected in invoices with discrepancies and/or irregularities as applied to the range presented by the Pennsylvania Office of the Attorney General, the Township overpaid Boucher & James by an amount between three hundred and eighty-seven thousand, seven hundred and seventy-four dollars and eighty two cents ($387,774.82) and nine hundred and sixty-nine thousand, four hundred and thirty-seven dollars and five cents ($969,437.05).

## COUNT I – CIVIL RICO
## CHELTENHAM TOWNSHIP v. ALL DEFENDANTS

35.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

36.     Between 2012 through 2018, Boucher & James, by and through its employees, agents and/or representatives, including the Managing Director Defendants, routinely and systematically overbilled clients, including the Township, by way of altered billing invoices that did not accurately reflect the proper amount of billable time for services rendered, and/or by way of fictitious billing invoices that were altered, created, and/or manufactured by employees, agents, or representatives of Boucher & James which billed for services not rendered by the Company.

37.     Said invoices were routinely and systematically delivered to the clients, including the Township, by way of United States Postal Service.

38.     The Company's use of the United State Postal Service in connection with, and in perpetuation of, illegal and/or fraudulent activity, including sending altered, inaccurate and/or

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

fictitious bills or invoices to clients, including the Township, is a violation of 18 U.S.C. § 1029, relating to mail fraud.

39.     The foregoing acts are "predicate" acts within the meaning of 18 § U.S.C.A 1961(1).

40.     The Defendants committed themselves, or aided and abetted in the commission of, at least two or more of these predicate acts of racketeering activity between 2012 and 2018.

41.     The Company's act of overbilling clients began in or before 1997 by a method internally referred to as "three-factor billing" whereby the Company instituted a policy of multiplying the costs of labor on a project by three which, in turn, allowed the Company to triple its gross revenue and exponentially increase its profit margins.

42.     In and around 2009, the Company's Accounting Department switched accounting software to Deltek accounting software (hereinafter "Deltek"), which, in turn, required the Company and its Accounting Department to make accommodations in order to reconcile the software's accounting features with  the three-factor billing policy as previously described.

43.     The Company's Accounting Department, at the behest of Defendant Boucher who directed the manager of the Accounting Department, instituted a policy and practice of creating a project number in Deltek named "Billing Billing Time Additions" which allowed a Company account to add hours to fictitious projects by manipulating an employee's hours as reflected on his or her timesheets without changing the timesheets. See Exhibit B.

44.     The Managing Director Defendants possessed the authority to add time to bills in order to achieve the three-factor billing.

45.     The Managing Director Defendants routinely and systematically added hours by hand to draft bills, and/or instructed employees, agents or representatives of the Company to add

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

hours by hand to draft bills, a practice referred to in the Company as "Labor Adjustments," in order to achieve three-factor billing then provided the draft bills to the Accounting Department for finalization to send to clients, including the Township.

46.     Between 2012 through 2018, Boucher & James overbilled approximately one hundred and fifty (150) clients, including the Township, by way of, in whole or in part, its three-factor billing policy and practice, resulting in at least a two million, eighty-three thousand, three hundred and seventy-three dollar ($2,083,373) illegal and fraudulent windfall for the Company.

47.     On information and belief, the Company paid its employees from revenues generated through services rendered, or purported to be rendered, and which were reflected in invoices billed to clients, including the Township, using its three-factor billing policy and practice.

48.     Between 2015 through 2018, Boucher & James awarded employees bonuses based on profits realized by the Company for the previous fiscal year.

49.     Said profits were based, in whole or in part, on profits illegally and fraudulently realized by way of its three-factor billing policy and practice to clients, including the Township, as perpetuated by the Company's three-factor billing policy and practice.

50.     Said employee bonuses were therefore based, in whole or in part, on profits illegally and fraudulently realized by way of its three-factor billing policy and practice to clients, including the Township, as perpetuated by the Company's three-factor billing policy and practice.

51.     Between 2015 through 2018, the Managing Directors received bonuses based, in whole or in part, on profits illegally and fraudulently realized by way of its three-factor billing policy and practice to clients, including the Township, as perpetuated by the Company's three-factor billing policy and practice.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52.     The Company was engaged in, and its activities, both legal and illegal, affected interstate and foreign commerce within the meaning of RICO, 18 U.S.C.A. § 1962(c).

53.     Each of the Defendants associated with the Company conducted or participated directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C.A. § 1961(5), in violation of § 1962(c).

54.     Specifically, at all relevant times, the Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C.A. § 1961(1) by engaging or aiding and abetting in the acts set forth including:

 a. The Company, by and through its employees, agents and representatives, including the Managing Directors, systematically overbilled clients, including the Township, for services rendered and/or billed for services not rendered;

 b. Defendants Eisold and Jones routinely and systematically added hours not worked to draft bills, which were then incorporated into the finalized bills sent to clients, including bills sent to the Township, which were then paid by the clients, including payments made by the Township;

 c. Defendants Eisold, Jones and Stern Goldstein, on information and belief, approved timesheets reflecting fraudulent times entered on said timesheets, which, in turn, were ultimately sent as invoices or bills to, and paid by, the Company's clients, including the Township;

 d. Defendants Eisold, Jones and Stern Goldstein profited directly, as shareholders of the Company, from the ESOP transaction;

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

   e.   Defendant Stern Goldstein oversaw and ran the Accounting Department, which was used as the mechanism by which the Defendants overbilled and/or created fictitious bills that were sent to, and paid by, clients, including the Township;

   f.   Defendant Boucher instituted the three factor billing policy at the Company, which was then used as standard billing practice and procedure by Defendants Eisold, Jones and Stern Goldstein in the course of their employment with the Company and to their own personal benefit as shareholders and/or Managing Directors;

   g.   Defendant Boucher instructed the Accounting Department to reconcile the three factor billing policy with Deltak so that the three factor billing practice could continue at the Company;

   h.   When the Company contracted with two (2) different clients for similar projects, Defendant Eisold had a practice of billing both clients as if the same work had completed on the same day when, in actuality, the Company had only completed work on behalf of one client and not done any work on behalf of the other client;

   i.   Defendant Boucher maintained the only salaried position on the Company's Board from 2012 through 2018, which was paid for, in part or in whole, through the illegal proceeds obtained by way of the billing scheme as described above.

55.    The acts of racketeering activity referred to in the previous paragraph constitute a "pattern of racketing activity" within the meaning of 18 U.S.C.A. § 1961(5). The acts alleged were related to each other by virtue of common participants (the Company, Defendant Boucher, the Managing Director Defendants), common victims (the Company's municipal and private clients,

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

including the Township), a common method of commission (the Company's three-factor billing policy; employee bonuses; use of the U.S. mail services), a common purpose, and a common result of denying to the Plaintiff the benefits of the honest services of, and honest payment for those services to, the Company.

56.     As a result of Defendants' violation of 18 U.S.C.A. § 1962(c), Plaintiff, Cheltenham Township, has suffered damages, and the Defendants have profited in an amount not yet determined but certainly in excess of $50,000.

57.     As a result of its misconduct, the Defendants, Boucher & James Inc. Consultant Engineers , Ross Boucher, Mark Eisold, David R. Jones and Judith Stern Goldstein, are liable to Cheltenham Township for its losses in an amount to be determined at trial.

58.     Pursuant to RICO, 18 U.S.C.A. 1964(c), Plaintiff, Cheltenham Township, is entitled to recover threefold its damages plus costs and attorney's fee from the Defendants, jointly and severally.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgment against the Defendants, Boucher & James Inc. Engineering Consultants, Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, as follows: an award of compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; an award of attorneys' fees; and such other relief as the Court deems just and proper.

## COUNT II – CONVERSION
## CHELTENHAM TOWNSHIP v. ALL DEFENDANTS

59.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

60.    Any and all money paid to Boucher & James by the Township for services not rendered due to its overbilling practice constitutes conversion of taxpayer funds by the Defendants.

61.    Any and all money paid to the Managing Directors and/or employees by way of bonuses and/or salary constitutes, in part or in whole, taxpayer money as it is a derivative of illegal proceeds obtained by way of the overbilling scheme.

62.    As a result of Defendants' conversion, the Township has suffered irreparable harm and will continue to suffer irreparable harm.

63.    Defendants' tortious conduct was willful and malicious.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgment against the Defendants, Boucher & James Inc. Consultant Engineers, Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, as follows: an award of compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

## COUNT III – COMMON LAW FRAUD
## CHELTENHAM TOWNSHIP v. ALL DEFENDANTS

64.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

65.    As set forth above, Defendant Boucher & James, by and through the Managing Director Defendants  and Defendant Boucher, defrauded its clients, including the Township, from taxpayer funds and of taxpayer funds to which it would otherwise used in a different capacity.

66.    Defendants made misrepresentations of material facts, deliberately concealed and omitted to disclose material facts, and engaged in other conduct which amounts to a scheme to defraud the Township, including, among other things:

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

    a.   Obtaining taxpayer money through false pretenses by way of systemic overbilling practice;

    b.   Inflating the Company's worth which, in turn, caused higher bonuses to be paid to the Managing Director Defendants and other employees, agents and representatives of the Company;

    c.   Inflating the Company's worth which, in turn, created a windfall when the shareholders sold their stake in the Company to form the ESOP.

67.    Defendants misrepresentations, omissions and/or concealment of material facts and scheme and artifices to defraud were made and undertaken intentionally or recklessly for the purpose of benefiting themselves economically and harming the Township.

68.    The Township reasonably and justifiably relied to its detriment on the truthfulness of Defendants' representations, on the completeness of its disclosures of material facts and without knowledge of its scheme and artifice to defraud it, namely that the Company's billing invoices were honestly prepared and accurately represented the services completed as agreed to on behalf of the Township.

69.    Defendants knew or should have known that the Township would rely and intended that it so rely.  But for Defendants misrepresentations, omissions, concealment of material facts and fraudulent course of conduct, the Township would not have continued its dealings and transactions with Defendants.

70.    The Township at no time knew or had reason to know in the exercise of due diligence or reasonable care that Defendants were engaged in misrepresentations, omissions and fraudulent conduct.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

71.     As a direct and proximate cause of Defendants' misrepresentations, omissions, concealment of material facts and fraudulent course of conduct, the Township has been injured in an amount as yet to be determined but over $50,000.00 and, as Defendants' actions were knowing, intentional, willful, wanton and reckless, the Township is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against the Defendants, Boucher & James Inc. Consultant Engineers, Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
### CHELTENHAM TOWNSHIP v. ALL DEFENDANTS

72.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

73.     Defendants have obtained benefits to which they are not entitled to, namely taxpayer money obtained by way of fraudulent billing practices, as is more fully described herein.

74.     Defendants have been solely enriched by their actions at the expense of the Township.

75.     It would be inequitable for Defendants to retain the improperly obtained benefits.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against Defendants, Boucher & James, Inc., Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, for an award of compensatory damages in an amount to be determined at trial, plus interest; an order requiring Defendants, Boucher & James, Inc., Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, to disgorge all such money and property; and any such further and additional relief as the Court deems just and appropriate under the circumstances.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT V – BREACH OF CONTRACT
## CHELTENHAM TOWNSHIP V. ALL DEFENDANTS

76.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

77.     As referenced above, the Township signed a written contract with Boucher & Jamesfor services in 2012.

78.     The Contract covered, among other things, the Scope of Services, Compensation, Term and Consultant Responsibilities as contracted and agreed upon between the Township and Boucher & James.

79.     Boucher & James, by and through the Managing Director Defendants, agreed to provide services to the Township for payment.

80.     Boucher & James, by and through the Managing Director Defendants, maintained the responsibility of ensuring "that both the time constraints and the financial constraints of this Contract are not compromised without adequate written notification and explanation as to the nature of such compromise.   [Boucher & James] shall be responsible to submit proper documentation for payment of services authorized by this Contract in a manner prescribed by the Township and according to law and set forth in [Boucher & James'] proposal dated October 23, 2012."

81.     At all relevant times hereto, the Contract was, on information and belief, applied in full force between the Township and Boucher & James.

82.     On information and belief, the Company provided the Township its "rate schedule" on a yearly basis which provided a breakdown of the hourly rate charged by the Company for various positions in the Company. *See rate scales and accompanying letters, which are, attached hereto as Exhibit "E" and incorporated herein by reference.*

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

83.     By overbilling for services rendered and/or billing for services not rendered, Boucher & James is in breach of the Contract by not submitting proper documentation for payment of service in accordance to law as agreed upon between the Township and Boucher & James.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against the Defendants, Boucher & James Inc. Consultant Engineers Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

## COUNT VI – INTENTIONAL MISREPRESENTATION
## CHELTENHAM TOWNSHIP V. BOUCHER & ALL DEFENDANTS

84.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

85.     The Company, by and through the Managing Director Defendants, represented to the Township, by way of invoices, that it was accurately and honestly billing the Township for services rendered.

86.     The overbilling practice began at the direction of Defendant Ross Boucher, who maintained a paid interest in the Company as a Board member and who personally benefitted from the practice in this capacity.

87.     Based upon said invoices, the Township paid the Company with taxpayer funds.

88.     Unbeknownst to the Township, the Company, by and through the Managing Director Defendants, was overbilling for services completed and/or billing for services not rendered.

Case # 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

89.     The Company's representations by and through the invoices were material to the transactions at hand from 2012 through 2020.

90.     The Company's representations were made falsely, with knowledge of their falsity, or with recklessness as to whether they were true or false.

91.     The Township reasonably relied upon the Company's representations when they paid the invoices.

92.     The Township suffered the aforesaid injuries as a result of the Company's fraudulent misrepresentations.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against the Defendants, Boucher & James Inc. Consultant Engineers Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

## COUNT VII – NEGLIGENT MISREPRESENTATION
## CHELTENHAM TOWNSHIP V. ALL DEFENDANTS

93.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

94.     The Company negligently and/or carelessly represented to the Township, by and through the Managing Director Defendants, that the Company's invoices were honest and accurate.

95.     Contrary to said representations, the Company's invoices were altered, fraudulent, manufactured, and did not accurately reflect services rendered by the Company or the Company's agents, employees or representatives as reflected on timecards submitted by those agents, employees, or representatives.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

96.     The overbilling practice began at the direction of Defendant Ross Boucher, who maintained a paid interest in the Company as a Board member and who personally benefitted from the practice in this capacity.

97.     The Company's representations were made negligently and carelessly when the Company knew, or should have known, that the Company's invoices were not honest and accurate.

98.     The Township reasonably relied upon the Company's representations as to the accuracy of the invoices and money owed to the Company.

99.     The Township suffered the aforesaid injuries as a result of the Company's negligent misrepresentations.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against the Defendants, Boucher & James Inc. Consultant Engineers Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

## COUNT VIII – NEGLIGENCE
## CHELTENHAM TOWNSHIP v. MARK EISOLD, DAVID R. JONES AND JUDITH STERN GOLDSTEIN

100.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

101.     Defendants Mark Eisold, David R. Jones and Judith Stern Goldstein had a duty as Managing Directors to ensure that the Company honestly and accurately billed clients, like the Township, for services rendered by the Company.

102.     The Managing Director Defendants breached that duty, including:

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a.  routinely and systematically adding hours by hand to draft bills,  and/or instructing employees, agents or representatives of the Company to add hours by hand to draft bills, a practice referred to in the Company as "Labor Adjustments," in order to achieve three-factor billing then provided the draft bills to the Accounting Department for finalization to send to the Township.

b.  Defendants Eisold and Jones routinely and systematically added hours not worked to draft bills, which were then incorporated into the finalized bills sent to clients, including bills sent to the Township, which were then paid by the clients, including payments made by the Township.

c.  Defendants Eisold, Jones and Stern Goldstein, on information and belief, approved timesheets reflecting fraudulent times entered on said timesheets, which, in turn, were ultimately sent as invoices or bills to, and paid by, the Company's clients, including the Township.

d.  Defendant Stern Goldstein oversaw and ran the Accounting Department, which was used as the mechanism by which the Company overbilled and/or created fictitious bills that were sent to, and paid by, clients, including the Township.

103.  Said conduct by the Managing Director Defendants caused the Township to overpay the Company for contracted services between 2012 and 2020.

104.  As a direct and proximate cause of the Managing Director Defendants' conduct, the Township has been injured in an amount as yet to be determined but over $50,000.00 and, as Defendants' actions were knowing, intentional, willful, wanton and reckless, the Township is entitled to an award of punitive damages.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against Defendants, Mark Eisold, David R. Jones, and Judith Stern Goldstein for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

**COUNT IX – NEGLIGENCE PER SE**
**CHELTENHAM TOWNSHIP v. MARK EISOLD, DAVID R. JONES AND**
**JUDITH STERN GOLDSTEIN**

105.	Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

106.	The laws contained in 18 Pa.C.S.A. §§ 101 *et seq.* were enacted, *inter alia*, "to forbid and prevent conduct that unjustifiably inflicts or threats substantial harm to individual or public interest…" 18 Pa.C.S.A. §§ 104(1).

107.	Said laws have been in effect in Pennsylvania at all times referenced herein.

108.	Said laws govern theft offenses as enumerated by 18 Pa.C.S.A. §§ 3901 *et seq.* as well as crimes in this Commonwealth.

109.	As a result of the foregoing actions or inactions, the Managing Director Defendants violated the laws contained in 18 Pa. C.S.A. § 101 *et seq.* and therefore breached their duty of care to the Township, including, but not limited to as follows:

 a.	Gaining property of the Township by deception by intentionally preventing the Township from acquiring information which would affect its judgment of a transaction(s) in violation of 18 Pa. C.S.A. § 3922.

 b.	Intentionally receiving and/or retaining movable property of the Township knowing that it had been stolen in violation of 18 Pa. C.S.A. § 3925;

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

    c.   Conducting financial transactions with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity and acted with the intent to promote the carrying on for the unlawful activity in violation of 18 Pa. C.S.A. § 5111; and

    d.   Unlawfully taking, or exercising unlawful control over movable property of the Township with the intent to deprive the Township thereof in violation of 18 Pa. C.S.A. § 3921.

110.    Said conduct by the Managing Director Defendants caused the Township to overpay the Company for contracted services between 2012 and 2020.

111.    As a direct and proximate cause of the Managing Director Defendants' conduct, the Township has been injured in an amount as yet to be determined but over $50,000.00 and, as Defendants' actions were knowing, intentional, willful, wanton and reckless, the Township is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgement against Defendants, Mark Eisold, David R. Jones, and Judith Stern Goldstein for compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

## COUNT X – CIVIL CONSPIRACY
## CHELTENHAM TOWNSHIP v. ALL DEFENDANTS

112.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

113.    During the relevant time period, the Defendants, either directly or indirectly, combined or agreed with intent to defraud, deceive, divert and misappropriate assets, resources,

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

personnel, property and business opportunities of, and from, the Township by unlawful means, including, among other things, systematically overbilling the Township for services rendered and/or billing the Township for services not rendered.

114.    At all relevant times, the Defendants acted with intent to cause damages to the Township by defrauding, diverting and taking the property, assets, resources and opportunities from the Township.

115.    The Defendants did, in fact, carry out their conspiracy by, among other things, mail fraud, breach of contract, fraud, negligence, intentional misrepresentation, negligent misrepresentation, negligence *per se* and conversion.

116.    As a result of the Defendants' unlawful actions, using unlawful means, the Township has suffered damages.

117.    The Defendants' unlawful acts using unlawful means were the proximate cause of the damages to the Township.

118.    To the extent that the Defendants' conspiracy was done knowingly, intentionally, willfully, wantonly and recklessly, the Township is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgment against the Defendants, Boucher & James Inc. Engineering Consultants, Ross Boucher, Mark Eisold, David R. Jones, and Judith Stern Goldstein, jointly and severally, as follows: an award of compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT XI – VICARIOUS LIABILITY
## CHELTENHAM TOWNSHIP v. BOUCHER & JAMES INC. CONSULTANT ENGINEERS

119.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth *in extensio*.

120.    At all relevant times herein, the Managing Director Defendants were the agents, apparent agents, servants, and/or employees of Defendant Boucher & James and were held out as such by Defendant Boucher & James.

121.    At all times relevant herein, the Managing Director Defendants were acting within this course and scope of then employment as the agents, apparent agents, servants and/or employees of Defendant Boucher & James.

122.    Defendant Boucher & James is vicariously liable for the acts of its agents, apparent agents, servants and/or employees as if Boucher & James had committed the acts described herein itself.

**WHEREFORE**, Plaintiff, Cheltenham Township, demands a judgment against the Defendant, Boucher & James Inc. Engineering Consultants, as follows: an award of compensatory damages in an amount to be determined at trial, plus interest; an award of punitive damages; and such other relief as the Court deems just and proper.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
MARK F. HIMSWORTH
JOHN F. MCCALL
NOAH MARLIER

DATE: <u>September 17, 2021</u>

{03160183;v1 }

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, Robert A. Zienkowski, Township Manager of Cheltenham Township, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.   I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: <u>September 16, 2021</u>

_____

ROBERT A. ZIENKOWSKI

# EXHIBIT A

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**Boucher & James, Inc.**
CONSULTING ENGINEERS

IN OVATIVE ENGINEERING



Fountainville Professional Building
1456 Ferry Road, Building 500
Doylestown, PA 18901
215-345-9400
Fax 215-345-9401

2738 Rimrock Drive
Stroudsburg, PA 18360
570-629-0300
Fax 570-629-0306

P.O. Box 799
Morgantown, PA 19543
610-913-1212
Fax 215-345-9401

www.bjengineers.com

October 23, 2012

Bryan T. Havir, P.P., AICP
Acting Township Manager
Cheltenham Township
8230 Old York Road
Elkins Park, PA 19027-1589

SUBJECT:   ENGINEERING QUALIFICATIONS AND PROPORSAL
           CHELTENHAM TOWNSHIP, MONTGOMERY COUNTY, PA
           PROPOSAL NO. P125588

Dear Bryan:

**Boucher & James, Inc.** is pleased to submit the following Qualifications Information **and Proposal to provide Engineering Services** to **Cheltenham Township.** We have an **understanding of your requirements and needs based** on our **meeting** and **phone conversations, and are confident we have the** technical expertise to serve and meet the needs of Cheltenham Township.

**Boucher & James, Inc. is a multi-disciplined firm comprised of** Civil **and Municipal Engineers, Landscape Architects, Planners, Surveyors, Environmental Hydrogeologists and Scientists, Building Inspection and Code** Enforcement Professionals. It is this broad range of professionals on staff that enables us to draw from the greater "collective knowledge" to meet the needs of our clients. We have proven experience and expertise in all aspects of municipal engineering and are very familiar with the challenges and opportunities facing our municipal clients.

**Boucher & James, Inc** takes pride in the level of professionalism with which we serve our municipal clients. We have developed a reputation as engineers and planners of choice for many municipalities throughout Northeastern and Southeastern Pennsylvania.

The majority of our business at **Boucher & James, Inc** is serving **municipalities with** engineering and planning services. Our promise to our municipal clients is **to provide** efficient, timely and practical engineering and planning results. We **strive to work with** and help our municipal clients find solutions to problems and we strive **to work with** applicants that come before the municipality to help them **conform to the rules and** regulations promulgated by the governing body.



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mr. Bryan T. Havir, P.P., AICP, Acting Township Manager ⟩
Cheltenham Township
October 23, 2012
Page 2

***Boucher & James, Inc.*** *is a firm that is large enough to provide the level of service desired by Cheltenham Township yet small enough to know the importance of providing quality, personalized service to its municipal clients.*

Amy Riddle Montgomery, P.E, will be the Cheltenham Township Client Representative from **Boucher & James, Inc.** Amy is a Lehigh University Engineering Graduate and is one of **Boucher & James Inc.'s** five Associates. Amy serves as the Assistant Director of **Boucher & James, Inc's** Municipal Engineering Department. We are confident she will provide you with the expertise and level of service that you need and desire for Cheltenham Township. In addition, Amy is supported by several departmental staff whose sole purpose is to provide assistance and support to municipal representatives like Amy, so the representatives are able to meet deadlines and client needs.

## SCOPE OF SERVICES

Based on our meeting and phone conversations it is my understanding that you would like **Boucher & James, Inc.** to assist Cheltenham Township by providing the following engineering services.

Stormwater - Analysis, problem solving and consulting services related to Cheltenham Township stormwater issues and projects including but not limited to involvement in the Glenside Flood Control Project the Township is currently addressing.

SALDO – Review of land development plans, subdivision plans and associated documents and applications submitted by property owners and developers wishing to subdivide and develop land in Cheltenham Township.

General Engineering – Hold office hours eight hours per week (two days of four hours each) more or less depending on need during which time we would provide engineering consulting services for general issues and matters requiring Amy's technical expertise. In addition, provide other professional services that may be requested by the Township that fall within **Boucher & James, Inc's** service capabilities.

Meetings – Attendance at weekly Commissioner's Working Committee meetings, the monthly Commissioner's Legislative meeting and the monthly Planning Commission meeting. While we will plan to attend all of these meetings, we understand that our presence at the meetings may not always be required by you and or the Commissioners.

## COMPENSATION

**Boucher & James, Inc.** will invoice for our services on an applied rate basis in accordance with the attached rate schedule. The rate schedule has been highlighted to identify the hourly rate for Amy Montgomery and a few other team members that may be called upon to assist Amy. By utilizing Amy's support staff it will help us help you in

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mr. Bryan T. Havir, P.P., AICP, Acting Township Manager
Cheltenham Township
October 23, 2012
Page 3

keeping the cost of our services as economical as possible for certain tasks that can be accomplished by team members with lower hourly billing rates than Amy.

You will see that there are rates shown on the schedule for multiple positions within our firm. While we offer every discipline that would likely be needed by Cheltenham Township, I understand that your plan for the Township is to utilize three other firms in addition to our firm for different services than the ones I noted in the proceeding **SCOPE OF SERVICES** section of this proposal letter. BCM Engineers will continue to provide services in the area of sanitary sewers. Arrow Engineers will continue to assist the Township with Act 537 Plan matters and updates and KCI will continue to provide construction observation services associated with developer land development projects.

Enclosed are ten (10) copies of this letter proposal, rate schedule and our company qualification information. I believe this will be ample for you to be able to provide our information to each of the Commissioners if you choose to do so. Please contact us if you have any questions or require additional information. We look forward to working with you, the Commissioners and your staff.

If you find everything meets with your approval please let me know when you would like to meet with Amy so she can begin her involvement with projects and reviews that are currently in progress. The more time she has to spend with your departing Township Engineer the easier it will be for her to be able to meet your expectations in picking up and handling existing projects.

Thank you for this opportunity to submit our information and express our interest in working with Cheltenham Township.

Sincerely,

David R. Jones
Executive Vice President

DRJ/kam

Cc:    Amy Riddle Montgomery, P.E., Boucher & James, Inc.

Enclosure(s)

P:\2012\125588\Documents\Proposals-Workorders\Cover Letter October 23, 2012.doc

# EXHIBIT B

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case # 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF:** MONTGOMERY

Magisterial District Number: 38-1-08
MDJ: Hon. Katherine E. McGill
Address: 1316 Bruce Road
Oreland, PA 19075

Telephone: (215)572-7845

**POLICE CRIMINAL COMPLAINT**
**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

DEFENDANT:     (NAME and ADDRESS):

| MARK | W | EISOLD | |
|------|---|--------|---|
| First Name | Middle Name | Last Name | Ge |

1610 MEETINGHOUSE RD.
HARTSVILLE, PA. 18974

**NCIC Extradition Code Type**

| | | |
|---|---|---|
| ☐ 1-Felony Full | ☒ 5-Felony Pending Extradition | ☐ C-Misdemeanor Surrounding States | ☐ Distance: ___ |
| ☒ 2-Felony Limited | ☐ 6-Felony Pending Extradition Determ. | ☐ D-Misdemeanor No Extradition | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending Extradition | |
| ☐ 4-Felony No Extradition | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition | |

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| CR-171-20 | 12/14/2020 | U 941148-5 | 43-1521 | ☐ YES  ☐ NO |

| GENDER | DOB 4/17/63 | POB | | Add'l DOB / / | | Co-Defendant(s) ☐ |
|---|---|---|---|---|---|---|
| ☒ Male | First Name | | Middle Name | | Last Name | Gen. |
| ☐ Female | AKA | | | | | |

**RACE** ☒ White  ☐ Asian  ☐ Black  ☒ Native American  ☐ Unknown
**ETHNICITY** ☐ Hispanic  ☒ Non-Hispanic  ☐ Unknown

| Hair Color | ☐ GRY (Gray) | ☐ RED (Red/Aubn.) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☐ BLK (Black) | ☐ ONG (Orange) | ☒ WHI (White) | ☐ XXX (Unk./Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☐ BLN (Blonde / Strawberry) | | | | | |

| Eye Color | ☐ BLK (Black) | ☒ BLU (Blue) | ☐ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) |
|---|---|---|---|---|---|
| | ☐ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |

| DNA | ☐ YES ☐ NO | DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|---|
| FBI Number | | MNU Number | | 190 |
| Defendant Fingerprinted | ☐ YES ☒ NO | | | Ft. HEIGHT In. |
| Fingerprint Classification: | | | | 6 | 1 |

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Haz mat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | ☐ |

Office of the attorney for the Commonwealth  ☐ Approved  ☐ Disapproved because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

| Kirsten Heine CDAG | Electronic Approval 12/10/20 | 12/14/2020 |
|---|---|---|
| (Name of the attorney for the Commonwealth) | (Signature of the attorney for the Commonwealth) | (Date) |

I, S.A. WENDELL A BUCK JR                              602
(Name of the Affiant)                              (PSP/MPOETC -Assigned Affiant ID Number & Badge #

of  **Pennsylvania Office of Attorney General**                    PA0222400
(Identify Department or Agency Represented and Political Subdivision)     (Police Agency ORI Number)
do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at [108]  Springfield Township
                                              (Subdivision Code)     (Place-Political Subdivision)

   in MONTGOMERY County     [46]          on or about 01/01/09 - 12/31/2018
                         (County Code)

AOPC 412A – Rev. 7/18                                                      Page 1 of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# ♚ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§ 213.1 – 213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 911 | B3 | of the | PA. 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 911 | B3 | of the | PA 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 3 | 911 | B4 | of the | PA 18 C.S.A. | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 4 | 911 | B4 | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

**Acts of the accused asso**ciated with this Offense: In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 5 | 3922 | A1, A2 | | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **THEFT BY DECEPTION**

Acts of the accused associated with this Offense: In that the defendant obtained property of another by deception by intentionally preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 6 | 3922 | A1, A2 | | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **THEFT BY DECEPTION**

Acts of the accused associated with this Offense: In that the defendant obtained property of another by deception by intentionally preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | | | 43-1521 |

| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| | Offense # | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ Lead? | 7 | 3925 | | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (include the name of statute or ordinance):** RECEIVING STOLEN PROPERTY

Acts of the accused associated with this Offense: In that the defendants did intentionally receive, and retain movable property of another knowing that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☑ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| | Offense # | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ Lead? | 8 | 3925 | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense: In that the defendants did intentionally receive, and retain movable property of another knowing that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| | Offense # | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ Lead? | 9 | 4107 | A6 | PA 18 C.S.A | 1 | F-3 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES

Acts of the accused associated with this Offense: In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |
|---|---|---|---|

---

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 10 | 4107 | A6 | of the | PA 18 C.S.A. | 1 | F-3 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES**

Acts of the accused associated with this Offense: In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 11 | 5111 | | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 12 | 5111 | | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

AOPC 412A – Rev. 7/18

Page ___ of ___

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
| --- | --- | --- | --- |
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
| --- | --- | --- | --- | --- |

| ☐ | Lead? | Offense# 13 | Section 7512 | Subsection A | | PA Statute (Title) PA 18 C.S.A. | Counts 1 | Grade F-3 | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| PennDOT Data (if applicable) | | Accident Number | | _____ | | ☐ Interstate | | ☐ Safety Zone | | ☐ Work Zone |

Statute Description (include the name of statute or ordinance): **CRIMINAL USE OF A COMMUNICATION FACILITY**

Acts of the accused associated with this Offense: The defendant did use a communication facility, specifically the United Stated Postal Service, to commit, cause, or facilitate the commission or attempt thereof the crime of Theft by Deception, in which the defendant did send or authorize to be sent fraudulent bills to clients of Boucher and James via the US postal service, thus in violation of Section 7512 felony 3rd degree.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
| --- | --- | --- | --- | --- |

| ☐ | Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| PennDOT Data (if applicable) | | Accident Number | | | | ☐ Interstate | | ☐ Safety Zone | | ☐ Work Zone |

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
| --- | --- | --- | --- | --- |

| ☐ | Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| PennDOT Data (if applicable) | | Accident Number | | _____ | | ☐ Interstate | | ☐ Safety Zone | | ☐ Work Zone |

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

AOPC 412A – Rev. 7/18

POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | | | 43-1521 |

| Defendant Name: | First: MARK | Middle: W | Last: EISOLO |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than no...

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through __.

5. I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently that non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_SA William Bucl #622_
(Signature of Affiant)

(Date)                    (Year)

AND NOW, on this date _12/14/2020_          I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

_38 - 1 - 08_
**(Magisterial District Court Number)**

_Kemmeo_
**(Issuing Authority)**

SEAL

AOPC 412A – Rev. 7/18

Page __ of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

# AFFIDAVIT of PROBABLE CAUSE

Affidavit of Probable Cause

### Introduction of Affiant – Special Agent Wendell A. Buck Jr.

Your Affiant is a sworn Special Agent employed by the Pennsylvania Office Attorney General, Bureau of Criminal Investigations, and assigned to the Criminal Prosecution Section. As a Special Agent, your Affiant's primary duties are to investigate crimes, interview suspects and witnesses, prepare and execute search warrants, file criminal complaints and make arrests for the criminal activity reported to the Office of Attorney General. Your Affiant has over twenty-four years of law enforcement experience and prior to my employment with the Office of Attorney General was a Criminal Investigator with the City of Reading Police Department in Berks County Pennsylvania. During the course of your Affiant's law enforcement career, your Affiant has prepared and served search warrants and arrest warrants for various crimes enumerated in the Pennsylvania Crimes Code including but not limited to offenses involving various types of thefts, identity thefts, and access device fraud.

## BOUCHER & JAMES, INC. BACKGROUND

Special Agent Joseph Daniels and your Affiant conducted an investigation into fraudulent overbilling practices at Boucher & James Inc. Consulting Engineers ("Boucher and James").

Boucher & James Inc. Consulting Engineers Corporate Headquarters is located at 1456 Ferry Road, Building 500, Doylestown, PA 18901. Regional Offices are located at 559 Main Street, Suite 230 Bethlehem, PA 18018, and at 2756 Rimrock Drive Stroudsburg PA 18360. The company has approximately fifty employees, and offers a broad range of services, including land planning, civil engineering, landscape architecture, surveying, and building code compliance, to over thirty municipalities, including Boroughs, First and Second-Class Townships, and various Authorities in Bucks, Carbon, Chester, Montgomery, Monroe, Northampton, and Pike Counties. The Company also serves a large group of individuals, developers, institutions, and corporations in the private sector.

From 1962 until 2012 Boucher & James was a family-owned business. In 2012, the Company's sole proprietor, Ross Boucher, sold his interest in the Company to the Company's employees, whose ownership interests are governed by an Employee Stock Ownership Plan ("ESOP"). Ross Boucher then assumed a seat on the Board of Directors which he held until 2018. In that role, he received a salary from the Company.

******Continued******

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## 🜲 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

Since the company converted to an ESOP, it has been controlled by a volunteer Board of Directors that is required to meet once per year. Until May 2020, there were three Board members. They were Guy Marcozzi, Robert Kent, and Stephen G. Bardlsey Esq. These Board members were selected by Ross Boucher, and are his personal friends. In May, 2020 these Board members resigned and the Board was reconstituted.

Beginning with the creation of the ESOP in late 2012, Boucher & James' day-to-day operations were managed by four executive officers, each of whom held the title of Managing Director. The four Managing Directors had a defined area of responsibility outlined below. In 2020, David Jones, Judith Stern Goldstein and Mark Eisold have all resigned from their positions and left the company.

- Mark Eisold is a licensed Professional Engineer and was responsible for providing engineering services to the Company's municipal clients served out of the Doylestown office.

- Judith Stern Goldstein is a licensed and registered Landscape Architect and was responsible for providing services related to land planning and landscape architecture. Her administrative duties included overseeing the Company's Accounting Services Department and the Information Technology Department.

- David R. Jones worked out of the Doylestown office and was responsible for business development. His administrative duties included overseeing the Company's Building Codes Department and the Doylestown office administrative staff.

- Jon S. Tresslar is a licensed Professional Engineer and is also licensed as a Professional Land Surveyor. Tresslar is responsible for providing services to all of the Company's private-sector clients, including those served out of the Doylestown office, except for the small number of private sector clients served by Goldstein. Tresslar's administrative duties include overseeing the Company's Surveying Services Department and the Human Resources Department.

On October 29, 2018, Special Agent Daniels met with Jon Tresslar. Tresslar had been employed by Boucher & James since January 2011. Tresslar stated that in February 2018 he approached the Board of Directors and senior officers based upon a concern that billing practices at Boucher & James were causing some clients to be billed for work hours not performed. He believed that fictitious hours were being added to client invoices and

*******Continued *******

billed to clients to increase the revenue of the company. He took his concerns to the other Managing Directors and the Managing Directors refused to engage in a meaningful review of the billing practices.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### 🏛 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

Boucher & James required all employees to submit timesheets for hours worked by project. These timesheets were submitted and reviewed by supervisors prior to posting to the timekeeping system. Once the timesheets were final, the information was used to create "pre-bills" in the accounting system, Deltek. These pre-bills were reviewed by the project managers and handwritten changes were noted on the pre-bills. These changes included transfers to move hours to a different project, write-offs and the addition of hours. After the changes were noted on the pre-bills, members of the Accounting Department would input the changes into Deltek. The edited version was then presented for final review to the Project Manager and the Managing Director if that was a different person.

### KORMAN CORPORATION

Tresslar relayed that, in 2017, Eisold told him that he (Eisold) planned to perform a small amount of work for Korman Corporation, a private-sector client. Under Boucher & James's contracts with Korman, services were to be billed on a time-and-materials basis for actual hours worked. Because Korman was a private-sector client, Tresslar reviewed the bills sent by Eisold to Korman. Tresslar obtained the total fees generated for the hours worked by all employees on the Korman projects as reflected in the Project Detail Reports. Tresslar compared that number to the total fees billed to Korman for hours worked on the same projects, as reflected in the final invoices Boucher and James sent to Korman. The amount billed to Korman for hours worked was significantly higher than the total fees generated for hours worked on those same projects as reflected in Korman's Project Detail Reports. Tresslar discovered that Eisold had overcharged Korman by approximately 25%.

After finding the discrepancy, Tresslar asked Gaye Singley, the head of the Accounting Department for Boucher and James, for backup documentation to support the bills that Eisold had sent to Korman. He was provided copies of Eisold's "draft bills," also known as pre-bills. In reviewing the documentation, Tresslar saw that Eisold had started with the computer printout of actual hours worked as reflected in Korman's Project Detail Reports. However, next to the totals for various employees, including himself, Eisold had jotted down in his own handwriting certain numbers to be added to the totals. Tresslar performed a spot check of the raw timesheets that had been submitted by employees with the final invoices approved by Eisold. In each case, the spot check

****** Continued *******

confirmed that the handwritten hours Eisold had added to the draft bill had never been documented on time sheets submitted by the employees. Eisold's fraudulent addition of hours went so far as to result in an employee, Tim Wallace, working 34 hours in a single day, September 22, 2017. Tresslar found numerous hours had been added for multiple employees unsupported by timesheets.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## 🔰 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

Tresslar discussed his findings Gaye Singley, who told Tresslar that many of Eisold's bills contained similar entries. Singley said, "He adds hours all the time."

### LOWER MAKEFIELD TOWNSHIP

Tresslar said all of Eisold's other clients were municipalities, whose invoices were paid with taxpayer dollars. Two of Eisold's largest clients were Lower Makefield Township in Bucks County and Springfield Township in Montgomery County. After finding the billing discrepancy with the work performed for Korman, Tresslar reviewed billing records for one of Eisold's projects for Lower Makefield Township. His analysis suggested that 38.25 hours of Eisold's billed time and 210.75 hours of other employee's billed time had never actually been worked. The hours represented a $14,321.00 fraudulent over-charge for a single project.

Tresslar said Eisold's billing amounts to approximately two million dollars per year, and approximately ten million dollars over the five years since the ESOP was founded. Of the two Eisold projects that Tresslar examined, Eisold's bills were inflated by 10% and 25%, respectively. A forensic accounting review of Lower Makefield project timesheets and invoices confirms overbilling by Boucher & James.

When Tresslar brought his findings to the attention of the other Managing Directors, one Managing Director, David Jones, told Tresslar, "I thought this had stopped."

On February 24, 2018, Tresslar prepared a memorandum detailing his findings and on February 27, 2018 Tresslar submitted a letter to the Board of Directors alerting them to the issues he had discovered and attaching his memorandum. On February 28, 2018, Ross Boucher sent an email advising that he was no longer Chairman of the Board of Directors.

****** Continued ******

### THREE-FACTOR BILLING SCHEME

On April 7, 2020, Gaye Singley was interviewed by Your Affiant and Special Agent Daniels. Singley said she was hired by Boucher and James in 1997, and became manager of the Accounting Department in 2005. Singley said Ross Boucher, the then owner and president of the company, instituted the three-factor for billing.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
| --- | --- | --- | --- |
| | / / | | 43-1521 |
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

The billing on projects was expected to be three times the cost of labor for a particular project. Singley explained that an employee making $50.00 an hour would be paid at his/her rate, but the client would be billed at $150.00 per hour for that employee's time. The three-factor expectation was in place when Singley started working at Boucher and James. The company switched to Deltek accounting software in 2009. She was trained to use the Deltek system and became the trainer for the company.

Adding hours that were not worked was one method used to reach the three-factor. As there is no cost to hours that were not worked, these hours will always increase the profit margin. Singley was told by Ross Boucher to find a way in Deltek to add hours to the invoices without adding them to the timesheets. She achieved this by creating a project number named Billing Billing Time Additions. Once the hours were added to the projects they would simultaneously be backed out of the Billing Billing Time Additions project number, thereby reconciling the employee's hours. Billing Billing Time Additions was a ficticious project.

Singley said timesheets are submitted to the Project Managers and then the Managing Directors for approval before being turned into the Accounting Department for posting. Pre-bills are created and are given to the Project Manager who marks up any changes in pen. When the pre-bills are sent to the Managing Director for approval, the Managing Director would be able to determine if the three-factor was achieved in the billing. The prior versions of the pre-bills are also provided to the Managing Director so they can see all of the changes that were made.

Singley said Mark Eisold was adding hours to his bills. Singley had done his billing in the past and has seen his invoices marked up during the 2012 – 2018 years. Singley said Eisold has aggressively added hours since she did his billing back in 1997. Singley said she talked to Ross Boucher about it and Judith Stern Goldstein about it multiple times. She received no feedback as a result of those conversations.

****** Continued******

Singley said David Jones has added hours to his bills. Singley did his billing prior to 2012 and knew of his adding hours at that time period. Sue Montgomery has been doing his recent billing.

On May 6, 2020 Susan Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery said she was hired by Boucher & James in August 2007. She worked in the Accounting Department with Gaye Singley and Marilyn Unruh. Marilyn Unruh retired a couple of years ago and was replaced by Jessica

Case 2021-11563-0 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

Martin. Montgomery was doing the billing for Jon Tresslar, David Jones and took over the billing for Mark Eisold from Unruh until Jessica Martin was trained to take over Eisold's billing.

Montgomery said on occasion she had been instructed by Project Managers or Managing Directors to add hours to a pre-bill that wasn't reflected on an employee's time sheet. Montgomery said the process is called "Labor Adjustments." Montgomery said Mark Eisold added hours regularly to achieve the three-factor. Eisold handled all the billing himself for his projects. Montgomery was unaware of Jon Tresslar adding hours to bills to achieve the three-factor. Montgomery said David Jones minimally added hours to his bills.

On May 8, 2020, Jessica Martin was interviewed by Your Affiant and Special Agent Daniels. Martin said she was hired at Boucher & James in May of 2017. She spent a couple months being trained by Marilyn Unruh, in Accounts Payable and billing. She explained that a pre-bill or "Work in Progress" is prepared by accounting, which is the invoice for the time period, and given to the Project Manager for review. Accounting would use the cost and labor figures to determine the factor number, which would be written on the pre-bill before it was sent to the Project Manager. Martin was told by Marilyn Unruh to come up with a factor of three, but she didn't understand why. Mark Eisold would frequently add time to employees hours worked to increase the factor. This practice was known to Martin as a Labor Adjustment. Martin said if an employee worked a half hour on a particular project, Eisold would often handwrite +.50 or +.75 and accounting would add the time.

Several other current and former employees were also interviewed as part of the investigation. Michael Gable, the Director of Engineering Services, has been employed at Boucher and James for almost ten years. Gable has been the Project Manager of multiple projects, and is responsible for reviewing the pre-bills to make sure the hours billed are accurately reported. Between 2011 and 2013 Gable was approached by David Jones who asked Gable to consider doing what he referred to as "Value added billing" for a municipal project. Jones explained that you can bill up to a percentage of value for reviewing a project. Gable refused, telling Jones what Jones was

******Continued******

suggesting was fraud. The projects are time and materials billing that are agreed to with the client in advance. Gable further told Jones that Jones recommendation was unethical and illegal. Gable made Jon Tresslar aware of his conversation with Jones and expressed his concerns about what he was asked to do.

Former Project Manager Amy Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery started working for Boucher and James in 1997 as a Project Engineer with a specialty in land development. In 1998 she became an Assistant Director, working under Mark Eisold. The majority of the clients

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### ♦ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

were municipal clients at the time. Mark Eisold directed her to assist him with his billing. She was directed by Eisold to make the bills meet the three-factor. She said the three-factor was used to determine the profit of a particular project, and she was directed to add time worked to the project to increase the profit. Montgomery said she added time, usually in half hour increments, to pre-bills and gave them to Eisold, who added more time. As time went on Montgomery said she added hours that weren't worked to pre-bills to achieve the three-factor. When Eisold was finished making changes to the bills or approving her bills he would give them to Montgomery to take to the Accounting Department. Eisold had the final say on the finished version of the pre-bills. Montgomery recalled that Ross Boucher and Managing Director David Jones had particular interest in several clients and wanted to review the bills for projects worked for those clients. Montgomery said Ross Boucher and David Jones would normally add hours to the bills they reviewed.

On July 14, 2020, Your Affiant interviewed Charles Dietz former employee of Boucher and James. Dietz said he was hired in 2005 hired a construction inspector. Dietz went to construction sites to see if the work was being done to consistent with the plans. Eventually he became a supervisor of the inspectors. Dietz reported to Dave Horton initially and when Horton left the company he reported to Mark Eisold. Time sheets were given to the office manager, Collette Gerstenburg, who submitted them to David Horton for approval. Mark Eisold told him personally that he (Eisold) didn't want any unbillable time on his time sheet. He explained that, during inclement weather, he was instructed to find jobs and bill for Erosion and Settlement Control even if he didn't go to the site and perform an inspection. For example, if he inspected a strip mall site in Township "A" that took 2 hours, Eisold expected him to bill another 2 hours for inspecting a site in Township "B" even though he never went to that site. Dietz questioned Eisold on that practice and Eisold told him not to question him and that was how it is done. This practice was discovered by some of the contractors who were on the job sites and didn't see any inspectors there on the dates that were billed. This happened more than once, and Dietz referred all questions

****** Continued ******

to Mark Eisold. Dietz said Dave Horton left Boucher & James because of these improper billing practices.

On August 13, 2020, Special Agent Daniels interviewed David Horton, who said he started working for Boucher and James in 2004. Horton said he was a Project Manager who worked under Mark Eisold on municipal projects. Horton said that during his third year with the company he discovered that hours that weren't worked were being added to his invoices. He brought the matter to the attention of David Jones and Ross Boucher. In a subsequent meeting with Jones and Boucher over the practice of adding time, Jones promised Horton "We will

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ♛ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

look at this policy." Horton said he planned an exit strategy from Boucher and James and left the company approximately one year later.

On August 27, 2020, Affiant Buck conducted an interview with Jerry Gorski, owner of Gorski Engineering, about his professional interactions with Boucher and James. Gorski acknowledged that Gorski Engineering has worked with Boucher and James on multiple projects. Gorski said that Boucher and James worked with Richland Township, Bucks County on the township's construction review process and construction inspection. Gorski Engineering worked with Boucher and James on several projects in Richland Township, beginning in 2008/2009. Gorski found that Boucher and James was overbilling for Construction Inspections for the work being done in the Northfield Business Campus project. Boucher and James quickly exhausted their escrow accounts with Richland Township which created suspicion. Gorski conducted an internal investigation and had evidence to support his allegations. When he voiced his concerns, Ross Boucher came to Gorski Engineering uninvited and got into a heated discussion with Gorski. Once Gorski presented the evidence of theft that Gorski had uncovered to Boucher, Ross Boucher entered into a restitution agreement with Gorski.

## **FORENSIC ACCOUNTING**

Forensic Accountants employed by the Pennsylvania Office of Attorney General were provided with Boucher & James employee labor detail reports from 2009 – 2018. The Forensic Accountants were also provided with invoices, employee timesheets, project detail reports, and full access to the company's accounting and billing software system. The accountants found an overbilling scheme in which hours were billed to clients that were not generated on the Boucher & James employee time sheets.

### ****** Continued ******

During the time period from 2009 through 2018, the investigation identified overbilling and/or fictitious billing practices relating to more than 150 clients including multiple municipalities. The total amount of theft committed by Boucher & James, Inc. is estimated at $2,083,377. A summary of the losses suffered by clients is attached hereto.

Employees were awarded bonuses based on company performance. As a result of the overbilling scheme theft, the managing directors were awarded bonuses they would not otherwise have received from 2015 through 2018. In 2014, the Managing Directors received a larger bonus as a result of the theft.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: MARK | Middle: W | Last: EISOLD |

Additionally, when the ESOP was created, the company shares were valued and purchased by the plan. As a result, the increased revenue due to theft prior to 2013 increased the value of the company for purposes of its conversion to the ESOP. Mark Eisold, David Jones and Judith Stern Goldstein were junior shareholders in Boucher & James before it became an ESOP. The increased value would have translated to Ross Boucher and the junior shareholders securing a higher sale price for the company upon conversion to the ESOP.

Based on the information received and the investigation conducted, I hereby respectfully request a warrant of arrest for MARK W. EISOLD on the charges listed within this complaint.

I, S.A. WENDELL A BUCK JR, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAT NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

SA Wendell #602

(Signature of Affiant)

Sworn to me and subscribed before me this _14th_ day of _December_ _2020_

_____ Date

Magisterial District Judge

My commission expires  first Monday of January, _2024_

SEAL

Case # 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 1 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LOWER MAKEFIELD TOWNSHIP | | | | 37,359.25 | 51,470.50 | 85,697.25 | 106,999.25 | 106,567.25 | 132,885.25 | 2,993.25 | 523,972.00 |
| SPRINGFIELD TOWNSHIP | 6,950.75 | 66,385.25 | 61,040.00 | 57,988.75 | 56,118.50 | 43,188.00 | 59,324.50 | 49,010.50 | 49,786.75 | 14,290.50 | 464,083.50 |
| RICHLAND TOWNSHIP BOARD OF SUPERVISORS | 6,328.50 | 31,133.25 | 29,637.00 | 13,035.66 | 18,125.50 | 13,802.99 | 22,774.00 | 21,565.00 | 25,767.25 | 11,120.25 | 193,288.99 |
| BUCKS COUNTY WATER & SEWER AUTHORITY | | $5,940.00 | 31,149.25 | 29,168.75 | 58,223.50 | 3,853.75 | 3,269.00 | 12,782.25 | 19,148.25 | 2,823.25 | 166,358.00 |
| SOUDERTON BOROUGH | 1,363.75 | 23,910.75 | 15,203.50 | 5,543.25 | 13,704.75 | 6,976.25 | 7,548.00 | 2,678.50 | 748.25 | 105.00 | 77,782.00 |
| CHELTENHAM TOWNSHIP | | | 158.50 | 556.00 | 7,509.50 | 10,201.50 | 25,504.75 | 9,667.25 | 3,436.39 | 2,538.21 | 62,572.10 |
| SMITHFIELD TOWNSHIP | 4,436.50 | 25,695.67 | 20,424.75 | 3,897.50 | 1,970.50 | 728.75 | | 190.00 | | 60.50 | 57,404.17 |
| IVYLAND BOROUGH | 656.30 | 11,879.75 | 5,963.75 | 6,528.50 | 6,976.00 | 5,181.25 | 3,452.75 | 4,329.75 | 6,596.25 | 1,197.50 | 52,761.80 |
| POCONO TOWNSHIP | 6,035.25 | 15,409.75 | 19,624.25 | 6,824.50 | 408.25 | 172.50 | | | 2,186.50 | | 50,661.00 |
| LOWER SAUCON TOWNSHIP | 1,156.00 | 6,605.75 | 1,943.50 | 5,474.25 | 5,967.25 | 5,395.00 | 9,419.75 | 8,044.25 | 2,735.75 | 2,811.00 | 49,552.50 |
| EAST CALN TOWNSHIP | 419.75 | 14,150.25 | 10,977.50 | 7,532.25 | 2,561.75 | 3,397.00 | 3,315.75 | 2,185.75 | 2,600.00 | 1,141.50 | 48,281.50 |
| BOROUGH OF WILSON | 2,965.00 | 14,604.75 | 9,757.25 | 7,397.25 | 4,833.25 | 1,053.75 | 682.00 | • | • | • | 41,293.25 |
| DOYLESTOWN TOWNSHIP | 907.25 | 1,919.25 | 1,459.00 | 3,579.25 | 4,203.50 | 4,309.75 | 5,351.12 | 5,248.25 | 5,181.75 | 4,145.00 | 36,304.12 |
| MONTGOMERY TOWNSHIP | 1,052.50 | 4,130.00 | 855.00 | 5,064.25 | 4,460.50 | 3,912.74 | 4,306.75 | 2,967.00 | 4,152.14 | 4,349.26 | 35,250.14 |
| DELAWARE WATER GAP BOROUGH | 215.00 | 7,683.25 | 4,187.00 | 4,293.00 | 5,065.00 | 1,304.50 | | 45.00 | | | 22,792.75 |
| STROUD TOWNSHIP BOARD OF SUPERVISORS | 9,279.17 | 10,692.00 | | | | | | | | | 19,971.17 |
| BARRETT TOWNSHIP | 560.25 | 8,614.50 | 3,116.50 | 2,002.50 | 2,097.00 | 983.00 | 171.50 | 799.75 | 209.00 | • | 18,554.00 |
| BAYER CROPSCIENCE LP | • | 1,244.00 | 12,980.75 | 1,304.75 | 1,743.50 | 762.00 | 518.00 | | | | 18,553.00 |
| WARMINSTER TOWNSHIP | • | • | • | • | | | | 3,827.00 | 3,321.50 | 5,310.75 | 12,459.25 |
| WRIGHTSTOWN TOWNSHIP | • | 1,477.75 | 114.25 | 917.25 | 577.00 | 1,595.50 | 868.50 | 1,919.11 | 3,725.00 | 1,084.00 | 12,278.36 |
| NEWTOWN TOWNSHIP | • | 154.50 | 1,360.00 | 1,190.50 | 3,383.75 | 758.00 | 1,918.50 | 1,499.00 | 1,286.25 | 299.50 | 11,850.00 |
| LEHMAN TOWNSHIP BOARD OF SUPERVISORS | • | 2,089.50 | 150.00 | 208.75 | 7,478.50 | 1,283.00 | | 58.00 | • | • | 11,267.75 |
| QUAKERTOWN COMMUNITY SCHOOL DISTRICT | • | • | • | • | • | 280.00 | 10,341.00 | 66.50 | 365.50 | 29.50 | 11,082.50 |
| NORTH WALES BOROUGH | • | • | • | • | 2,877.00 | 3,333.50 | 2,979.75 | 1,055.00 | 610.00 | 103.75 | 10,959.00 |
| UPPER SAUCON TOWNSHIP | • | • | • | • | • | • | • | • | 10,372.50 | • | 10,372.50 |
| BUSHKILL TOWNSHIP | 191.25 | 290.00 | 214.50 | 290.00 | 281.50 | 7,256.50 | 98.00 | • | • | 750.00 | 9,371.75 |
| PLUMSTEAD TOWNSHIP | • | 2,179.00 | • | 417.50 | 3,144.25 | 749.50 | 263.50 | 615.25 | • | • | 7,369.00 |
| DELAWARE TOWNSHIP | • | • | • | 240.00 | 1,383.00 | 1,201.50 | 203.00 | 810.50 | 1,401.50 | 100.50 | 5,340.00 |
| PRICE TOWNSHIP | 298.00 | 3,494.25 | 420.00 | 245.00 | • | • | • | • | 18.75 | • | 4,476.00 |
| KORMAN COMMERCIAL PROPERTIES | • | • | • | • | • | • | • | • | 4,417.50 | • | 4,417.50 |
| YARDLEY BOROUGH SEWER AUTHORITY | 1,748.50 | 1,722.25 | 414.50 | 110.00 | • | • | • | • | • | • | 3,995.25 |
| JENKINTOWN BOROUGH | • | • | • | • | • | 18.50 | 3,590.00 | 64.50 | • | • | 3,673.00 |
| CENTRAL BUCKS SCHOOL DISTRICT | • | • | 980.00 | • | • | • | • | • | 2,527.00 | • | 3,507.00 |
| POPLAR REALTY, L.P. | • | • | 3,364.00 | • | • | • | • | • | • | • | 3,364.00 |
| HERITAGE CONSERVANCY | • | • | 3,344.50 | • | • | • | • | • | • | • | 3,344.50 |
| 3355 HIGH POINT, L.L.C. | • | • | • | • | • | • | • | 3,231.50 | • | • | 3,231.50 |
| DUBLIN BOROUGH | 460.00 | 467.00 | 16.50 | 29.00 | • | • | 61.00 | 241.25 | 751.50 | 674.00 | 2,700.25 |
| PA RECREATION & PARK SOCIETY, INC. | • | • | • | 2,482.25 | • | • | • | • | • | • | 2,482.25 |
| HILLTOWN TOWNSHIP | 761.25 | 1,582.50 | • | • | • | • | • | • | • | • | 2,343.75 |
| CLEAN HARBORS ENVIRONMENTAL, INC. | • | • | • | • | • | • | 408.50 | 1,621.25 | • | • | 2,029.75 |
| BOROUGH OF PHOENIXVILLE | • | • | • | 174.00 | 1,744.00 | 108.50 | • | • | • | • | 2,026.50 |
| NORTH PENN WATER AUTHORITY | • | • | • | • | • | • | 1,428.50 | 306.50 | 145.25 | • | 1,880.25 |
| COUNTY OF BUCKS | • | • | • | • | 1,645.50 | • | • | • | • | • | 1,645.50 |
| DOYLESTOWN PRESBYTERIAN CHURCH | 87.00 | 1,475.75 | • | • | • | • | • | • | • | • | 1,562.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 2 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LYNNEWOOD REAL ESTATE LIMITED PARTNERSHIP | · | · | · | · | 1,450.50 | · | · | · | · | · | 1,450.50 |
| SIGNATURE HOMES BY J.T. MALONEY | 341.75 | 56.25 | 258.00 | 123.50 | 251.00 | 187.25 | 159.25 | 64.00 | · | · | 1,441.00 |
| DOYLESTOWN HOSPITAL | 593.50 | 712.00 | 24.25 | · | · | · | · | · | · | · | 1,329.75 |
| ICF INTERNATIONAL INVESTIGATOR | · | 1,202.50 | 57.50 | · | · | · | · | · | · | · | 1,260.00 |
| BUCKS COUNTY | · | · | · | · | · | 390.00 | 799.00 | · | · | · | 1,189.00 |
| THE MUNICIPALITY OF NORRISTOWN | · | · | · | 1,152.50 | · | · | · | · | · | · | 1,152.50 |
| R & G PROPERTIES | 983.25 | · | 31.50 | · | · | · | · | · | 1.50 | · | 1,016.25 |
| TRUMARK FINANCIAL CREDIT UNION | · | · | · | · | 976.00 | · | · | · | · | · | 976.00 |
| T C G REALTY, L.P. | · | 267.50 | 641.50 | · | · | · | · | · | · | · | 909.00 |
| ESTATE OF GORDON L. STOTT, DANA STOTT COHEN, EXECUTRIX | · | · | · | · | 873.00 | · | · | · | · | · | 873.00 |
| RICHLAND TOWNSHIP WATER AUTHORITY | · | 379.75 | 414.25 | · | · | · | 61.50 | · | · | · | 855.50 |
| KREISER & ASSOCIATES, P.C. | · | · | · | · | · | · | · | · | 776.75 | · | 776.75 |
| COUNTY BUILDERS, INC. | · | · | · | · | 498.00 | 147.25 | · | 64.00 | · | · | 709.25 |
| BONUCCI MASONRY | · | · | · | · | · | · | · | · | · | 706.00 | 706.00 |
| NORTHERN NEW JERSEY COUNCIL | · | · | · | · | 669.75 | · | · | · | · | · | 669.75 |
| NORWOOD-MCMANUS a Joint Venture, LLC | · | 503.50 | · | · | · | · | · | · | · | 165.00 | 668.50 |
| NYLES AND KITTY POSSINGER | · | · | · | · | 193.00 | · | · | 224.00 | 120.00 | 114.50 | 651.50 |
| LUTHERAN COMMUNITY AT TELFORD | 64.00 | 580.25 | · | · | · | · | · | · | · | · | 644.25 |
| MORTENSON CONSTRUCTION | · | · | · | · | 623.50 | · | · | · | · | · | 623.50 |
| WINGS FIELD PRESERVATION ASSOCIATES | · | · | · | · | 504.00 | 95.25 | · | · | · | · | 599.25 |
| PALMER & BARR | · | · | · | · | · | · | · | · | 594.50 | · | 594.50 |
| OUR LADY OF CZESTOCHOWA | · | 584.50 | · | · | · | · | · | · | · | · | 584.50 |
| PULTE HOME CORPORATION | · | 431.25 | 62.50 | 46.25 | · | · | · | · | · | · | 540.00 |
| THE BOROUGH OF BIRDSBORO AUTHORITY | · | · | · | 323.25 | 212.50 | · | · | · | · | · | 535.75 |
| HELLERTOWN BOROUGH | · | · | · | · | 533.33 | · | · | · | · | · | 533.33 |
| NORTHAMPTON TOWNSHIP | · | · | 522.00 | · | · | · | · | · | · | · | 522.00 |
| CALATLANTIC | · | · | · | · | · | · | · | · | 503.00 | · | 503.00 |
| REESE CONSTRUCTION | · | · | · | · | 494.00 | · | · | · | · | · | 494.00 |
| WHITPAIN TOWNSHIP | · | · | · | · | · | · | · | · | · | 483.00 | 483.00 |
| MID-ATLANTIC CONSTRUCTION, INC. | · | · | · | · | · | · | 380.50 | · | 86.50 | · | 467.00 |
| IRWIN WEINER | · | · | · | · | · | · | · | 64.00 | 371.00 | · | 435.00 |
| SOIL SERVICES COMPANY, INC. | · | · | · | · | · | · | 435.00 | · | · | · | 435.00 |
| HERITAGE RESIDENTIAL | · | 433.50 | · | · | · | · | · | · | · | · | 433.50 |
| GARDNER FOX ASSOCIATES, INC. | · | · | 13.75 | · | · | · | · | 81.00 | 312.00 | · | 406.75 |
| SITE SYSTEMS, L.L.C. | · | · | · | · | 405.00 | · | · | · | · | · | 405.00 |
| ANCHOR HEALTH DEVELOPMENT, L.L.C. | · | · | · | · | · | · | · | · | 388.50 | · | 388.50 |
| EQUITY LIFESTYLE PROPERTIES | · | · | · | 386.00 | · | · | · | · | · | · | 386.00 |
| WATSON BLACK LIMITED | · | 320.00 | · | · | · | · | · | · | · | · | 320.00 |
| TEMPLE PARTNERS I, LP | · | · | · | · | · | 316.00 | · | · | · | · | 316.00 |
| UNIVEST BANK AND TRUST CO. | · | 55.00 | · | · | · | · | 242.00 | · | · | · | 297.00 |
| JOHN A. ARROW CUSTOM HOMES, INC. | · | · | 290.00 | · | · | · | · | · | · | · | 290.00 |



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 3 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DENNIS & MELODY EBLE | | | 55.25 | | 226.00 | | | | | | 281.25 |
| HABITAT FOR HUMANITY OF BUCKS COUNTY | | 173.25 | 106.75 | | | | | | | | 280.00 |
| EAST ROCKHILL TOWNSHIP | | | 46.00 | | | | | | | 232.00 | 278.00 |
| STEPHEN TAKACH | 210.00 | 67.75 | | | | | | | | | 277.75 |
| G.H. PASTOR & SONS | | | | | | 262.00 | | | | | 262.00 |
| YOUGHIOGHENY RIVERKEEPER MOUNTAIN | | | 260.50 | | | | | | | | 260.50 |
| GEORGE CENIVIVA | | | | | | 258.00 | | | | | 258.00 |
| WILSHIRE HUNT CONDOMINIUM ASSOCIATION | | | | | 243.00 | | | | | | 243.00 |
| WORTHINGTON & SPINIEO POCONO HOLDINGS, INC. | | | | | 67.00 | 169.00 | | | | | 236.00 |
| TINICUM TOWNSHIP | | | 232.00 | | | | | | | | 232.00 |
| CAPITAL GROWTH BUCHALTER | | | | | 224.00 | | | | | | 224.00 |
| W.B. HOMES, INC. | 58.00 | 159.50 | | | | | | | | | 217.50 |
| FIRST NORTHERN BANK AND TRUST COMPANY | | | | | | | | | 202.00 | | 202.00 |
| FLOWER CONSTRUCTION | | | | | | | 195.00 | | | | 195.00 |
| CARL SHAFER | | | | 188.00 | | | | | | | 188.00 |
| TOWN TITLE AGENCY, L.L.C. | | | | | | | | | 187.00 | | 187.00 |
| JIM TOTH | | | 183.00 | | | | | | | | 183.00 |
| BRADFORD GREENE CONDO ASSOCIATION | | | | | | 181.00 | | | | | 181.00 |
| STEVEN GRABOWSKI | | 100.25 | 75.00 | | | | | | | | 175.25 |
| IVY REALTY SERVICES, L.L.C. | | | | | | | | | 175.00 | | 175.00 |
| E. ALLEN REEVES, INC. | | | | 45.00 | 68.25 | | 58.75 | | | | 172.00 |
| HALLMARK HOMES PA, L.L.C. | | | | | | 169.00 | | | | | 169.00 |
| TRI COUNTY PEDIATRICS | | | | | | 168.00 | | | | | 168.00 |
| KELLY ENCK | | | | | | | | 167.50 | | | 167.50 |
| JACKSON TOWNSHIP | 167.00 | | | | | | | | | | 167.00 |
| HOLZ AND HENRY | | | | | 68.25 | 91.00 | | | | | 159.25 |
| SANTO LANZAFAME | | | | | | | | 159.00 | | | 159.00 |
| F.S. MECHANICAL | | 154.25 | | | | | | | | | 154.25 |
| BERKS RIDGE COMPANY ENTERPRISES, INC. | | | | | | 58.00 | | | | 86.50 | 144.50 |
| CITY OF BETHLEHEM | | | | | | | | | 142.00 | | 142.00 |
| KELLER AND COMPANY, INC. CONSTRUCTION MANAGERS | | | | 135.50 | | | | | | | 135.50 |
| VINCENT TRAPASSO | | | | | 135.00 | | | | | | 135.00 |
| DAVID CACCAVO | | | | | | | | | | 134.00 | 134.00 |
| AMERICAN HERITAGE FEDERAL CREDIT UNION | | | | 134.00 | | | | | | | 134.00 |
| BOROUGH OF CONSHOHOCKEN | | | | | | | | | | 132.00 | 132.00 |
| AMERICAN SITEWORK, L.L.C. | | | | | | | 122.00 | | | | 122.00 |
| FIDELITY NATIONAL TITLE GROUP | | | | 109.00 | | | | | | | 109.00 |
| D.TROZZI AND SON CONSTRUCTION,INC. | | | | | | 106.00 | | | | | 106.00 |
| TODD RICHMOND | | | 72.50 | | | | | 32.00 | | | 104.50 |
| THOMAS THOMAS | | | | 99.00 | | | | | | | 99.00 |
| BUCKS COUNTY WELL DRILLING, INC. | | | | 97.25 | | | | | | | 97.25 |
| CHARLENE PILKO | | | 95.50 | | | | | | | | 95.50 |
| SAWMILL HEIGHTS, L.L.C. | | | 95.50 | | | | | | | | 95.50 |
| KATHLEEN ALBRECHT | | | | | 91.00 | | | | | | 91.00 |
| LOWER MILFORD TOWNSHIP | | 89.75 | | | | | | | | | 89.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 4 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MOORE TOWNSHIP | | | 85.00 | | | | | | | | 85.00 |
| CALVARY ASSEMBLY OF GOD | | | | | 79.50 | | | | | | 79.50 |
| CONTINENTAL PROPERTY MANAGEMENT, INC. | | | | | | 79.50 | | | | | 79.50 |
| HERITAGE BUILDING GROUP, INC. | | | | 79.50 | | | | | | | 79.50 |
| CHARLES FRITZ | | | | | | | | | 77.00 | | 77.00 |
| HART LYMAN COMPANIES, L.L.C. | | | 75.50 | | | | | | | | 75.50 |
| PINE RUN CONSTRUCTION | | | | 75.25 | | | | | | | 75.25 |
| RYAN HOMES, INC. | | 72.50 | | | | | | | | | 72.50 |
| HERITAGE PROPERTIES GROUP, L.L.C. | | | | | | | | 41.75 | 30.00 | | 71.75 |
| PA BIOTECHNOLOGY CENTER | | | | | | 71.00 | | | | | 71.00 |
| SATISH HARIPRASAD | | | | | | | | | 67.00 | | 67.00 |
| RIVERWOODS AT NEW HOPE COMMUNITY ASSOCIATION | | | | | | | | | 67.00 | | 67.00 |
| SAMALL PROPERTIES, INC. | | | | 67.00 | | | | | | | 67.00 |
| APPLEBUTTER DEVELOPMENT ASSOCIATES, L.P. | | 65.00 | | | | | | | | | 65.00 |
| RICK LYONS | | | | 16.50 | | 45.50 | | | | | 62.00 |
| CLEMONS, RICHTER & REISS, P.C. ATTORNEYS AT LAW | | | | | | 61.00 | | | | | 61.00 |
| J.H. GREEN AND SON, INC. | | | | | 61.00 | | | | | | 61.00 |
| PUBLIC INTEREST LAW CENTER OF PHILADELPHIA | | | | 60.50 | | | | | | | 60.50 |
| WESTRUM DEVELOPMENT CO. | | | | | | 60.00 | | | | | 60.00 |
| MILFORD LANDING CONDOMINIUM ASSOCIATION | | 37.00 | | | 22.50 | | | | | | 59.50 |
| NATURAL LANDS TRUST | | | 59.25 | | | | | | | | 59.25 |
| DREW KINSLOW | | | | 57.50 | | | | | | | 57.50 |
| UPPER MOUNT BETHEL TOWNSHIP | | 50.00 | | | | | | | | | 50.00 |
| BESKO OUTDOOR SIGNS, L.L.C. | | | | | | | | 49.50 | | | 49.50 |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P. | | | | | | | | | | 48.00 | 48.00 |
| JAMES J. GORMLEY | | | 15.25 | | | 30.50 | | | | | 45.75 |
| DAVE SCHMAUK | | | | | 45.00 | | | | | | 45.00 |
| LEHMAN TOWNSHIP WATER AND SEWER AUTHORITY | | | | | | 45.00 | | | | | 45.00 |
| MCNAMARA, BOLLA & PANZER | | | | | 41.00 | | | | | | 41.00 |
| RBDP, L.L.C. | | 39.75 | | | | | | | | | 39.75 |
| FNCB | | 22.50 | | | | | | | | | 22.50 |
| MARGARET POWELL | | | | 20.69 | | | | | | | 20.69 |
| CITY OF MILLVILLE | | | | | | | | 16.00 | | | 16.00 |
| PATRICIA KELLER | | | | | | | 11.75 | | | | 11.75 |
| **Totals** | 48,289.47 | 271,488.17 | 242,445.00 | 207,298.09 | 276,993.83 | 210,282.83 | 277,443.12 | 242,358.61 | 285,520.53 | 63,984.21 | 2,126,103.86 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF: MONTGOMERY**

Magisterial District Number: 38-1-08
MDJ: Hon. Katherine E. McGill
Address: 1316 Bruce Road
Oreland, PA 19075

Telephone: (215)572-7845

**POLICE CRIMINAL COMPLAINT**
**COMMONWEALTH OF PENNSYLVANIA**
VS.

**DEFENDANT:**                    *(NAME and ADDRESS):*
**DAVID**          R          **JONES**
*First Name*      *Middle Name*   *Last Name*

817 Creekview Drive, Pennlyn, PA 19422

**NCIC Extradition Code Type**

| | | |
|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pending Extradition | ☐ C-Misdemeanor Surrounding States | ☐ Distance: |
| ☒ 2-Felony Limited | ☐ 6-Felony Pending Extradition Determ. | ☐ D-Misdemeanor No Extradition | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending Extradition | |
| ☐ 4-Felony No Extradition | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition | |

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| CR-169-20 | 12/14/2020 | U941143-0 | 43-1521 | ☐ YES  ☐ NO |

| GENDER | DOB / / | POB | Add'l DOB / / | Co-Defendant(s) ☐ |
|---|---|---|---|---|
| ☒ Male | First Name | | Middle Name | Last Name | Gen. |
| ☐ Female | AKA | | | | |

**RACE** ☒ White ☐ Asian ☒ Black ☐ Native American ☐ Unknown
**ETHNICITY** ☐ Hispanic ☒ Non-Hispanic ☐ Unknown

| Hair Color | ☐ GRY (Gray) | ☐ RED (Red/Aubn.) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
| | ☐ BLK (Black) | ☐ ONG (Orange) | ☒ WHI (White) | ☐ XXX (Unk./Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☐ BLN (Blonde / Strawberry) | | | | | |

| Eye Color | ☐ BLK (Black) | ☐ BLU (Blue) | ☐ BRO (Brown) | ☒ GRN (Green) | ☐ GRY (Gray) |
| | ☐ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |

| DNA ☐ YES ☐ NO | DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|
| FBI Number | | MNU Number | |
| Defendant Fingerprinted ☐ YES ☒ NO | | | Ft. HEIGHT In. |
| Fingerprint Classification: | | | 6  0 |

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Haz mat | Registration Sticker (MM/YY) / | Comm'l Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. same as Def. |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth  ☐ Approved  ☐ Disapproved because:

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

Kirsten Heine, CDAG
*(Name of the attorney for the Commonwealth)*

ELECTRONIC, Approval 12/10/20
*(Signature of the attorney for the Commonwealth)*

12/14/2020
*(Date)*

I, **S.A. WENDELL A BUCK JR**                    602
*(Name of the Affiant)*          *(PSP/MPOETC - Assigned Affiant ID Number & Badge #)*

of   **Pennsylvania Office of Attorney General**          PA0222400
*(Identify Department or Agency Represented and Political Subdivision)*   *(Police Agency ORI Number)*

do hereby state: (check appropriate box)
1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe
with violating the penal laws of the Commonwealth of Pennsylvania at (108)   Springfield Township
                                        *(Subdivision Code)*      *(Place-Political Subdivision)*

in **MONTGOMERY** County   [46]          on or about **01/01/09 - 12/31/2018**
                    *(County Code)*

AOPC 412A – **Rev. 7/18**                    Page 1 of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

☧ **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: DAVID | Middle: R | Last: JONES |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate.
**When there is more than one offense, each offense should be numbered chronologically.**
(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§ 213.1 – 213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 911 | B3 | of the ☐ | PA. 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 911 | B3 | of the ☐ | PA 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 3 | 911 | B4 | of the ☐ | PA 18 C.S.A. | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

Page __ of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | | | 43-1521 |

| Defendant Name: | First: DAVID | Middle: R | Last: JONES |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4 | 911 | B4 | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (include the name of statute or ordinance): CORRUPT ORGANIZATIONS**

**Acts of the accused associated with this Offense:** In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 5 | 3922 | A1,A2 | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (include the name of statute or ordinance): THEFT BY DECEPTION**

**Acts of the accused associated with this Offense:** In that the defendant obtained property of another by deception by intentionally preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 6 | 3922 | A1, A2 | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (include the name of statute or ordinance): THEFT BY DECEPTION**

**Acts of the accused associated with this Offense:** In that the defendant obtained property of another by deception by intentionally preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

AOPC 412A – Rev. 7/18                                                                 Page __ of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 7 | 3925 | | PA 18 C.S.A | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **RECEIVING STOLEN PROPERTY**

**Acts of the accused associated with this Offense:** In that the defendant did intentionally receive, and retain movable property of another knowing that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 8 | 3925 | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense: In that the defendants did intentionally receive, and retain movable property of another knowing that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| ☐ | 9 | 4107 | A6 | PA 18 C.S.A | 1 | F-3 | | |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES**

Acts of the accused associated with this Offense: In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number<br>43-1521 |
|---|---|---|---|
| Defendant Name: | First:<br>DAVID | Middle:<br>R | **Last**<br>JONES |

---

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 10 | 4107 | A6 | of the | PA 18 C.S.A. | 1 | F-3 | | |

| PennDOT Data<br>(if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES**

Acts of the accused associated with this Offense: In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 11 | 5111 | | of the | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data<br>(if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 12 | 5111 | | of the | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data<br>(if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

---

AOPC 412A - Rev. 7/18

Page ___ of ___

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | 13 Offense# | 7512 Section | A Subsection | PA 18 C.S.A. PA Statute (Title) | 1 Counts | F-3 Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | | _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone | |

Statute Description (include the name of statute or ordinance): **CRIMINAL USE OF A COMMUNICATION FACILITY**

**Acts of the accused associated with this Offense:** The defendant did use a communication facility, specifically the United Stated Postal Service, to commit, cause, or facilitate the commission or attempt thereof the crime of Theft by Deception, in which the defendant did send or authorize to be sent fraudulent bills to clients of Boucher and James via the US postal service, thus in violation of Section 7512 felony 3rd degree.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | | _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone | |

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | | _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone | |

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| **Defendant Name:** | First: DAVID | Middle: R | Last: JONES |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through ___ .

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently that non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_____    _____

SA *Wells Bong* #102
(Signature of Affiant )

(Date)                    (Year)

AND NOW, on this date  12/14/2020          I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

38-1-08
(Magisterial District Court Number)

_____
(Issuing Authority)

SEAL

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

AOPC 412A − Rev. 7/18

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number. 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

# AFFIDAVIT of PROBABLE CAUSE

Affidavit of Probable Cause

## Introduction of Affiant – Special Agent Wendell A. Buck Jr.

Your Affiant is a sworn Special Agent employed by the Pennsylvania Office Attorney General, Bureau of Criminal Investigations, and assigned to the Criminal Prosecution Section. As a Special Agent, your Affiant's primary duties are to investigate crimes, interview suspects and witnesses, prepare and execute search warrants, file criminal complaints and make arrests for the criminal activity reported to the Office of Attorney General. Your Affiant has over twenty-four years of law enforcement experience and prior to my employment with the Office of Attorney General was a Criminal Investigator with the City of Reading Police Department in Berks County Pennsylvania. During the course of your Affiant's law enforcement career, your Affiant has prepared and served search warrants and arrest warrants for various crimes enumerated in the Pennsylvania Crimes Code including but not limited to offenses involving various types of thefts, identity thefts, and access device fraud.

## BOUCHER & JAMES, INC. BACKGROUND

Special Agent Joseph Daniels and your Affiant conducted an investigation into fraudulent overbilling practices at Boucher & James Inc. Consulting Engineers ("Boucher and James").

Boucher & James Inc. Consulting Engineers Corporate Headquarters is located at 1456 Ferry Road, Building 500, Doylestown, PA 18901. Regional Offices are located at 559 Main Street, Suite 230 Bethlehem, PA 18018, and at 2756 Rimrock Drive Stroudsburg PA 18360. The company has approximately fifty employees, and offers a broad range of services, including land planning, civil engineering, landscape architecture, surveying, and building code compliance, to over thirty municipalities, including Boroughs, First and Second-Class Townships, and various Authorities in Bucks, Carbon, Chester, Montgomery, Monroe, Northampton, and Pike Counties. The Company also serves a large group of individuals, developers, institutions, and corporations in the private sector.

From 1962 until 2012 Boucher & James was a family-owned business. In 2012, the Company's sole proprietor, Ross Boucher, sold his interest in the Company to the Company's employees, whose ownership interests are governed by an Employee Stock Ownership Plan ("ESOP"). Ross Boucher then assumed a seat on the Board of Directors which he held until 2018. In that role, he received a salary from the Company.

*******Continued******

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

♦ **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

Since the company converted to an ESOP, it has been controlled by a volunteer Board of Directors that is required to meet once per year. Until May 2020, there were three Board members. They were Guy Marcozzi, Robert Kent, and Stephen G. Bardlsey Esq. These Board members were selected by Ross Boucher, and are his personal friends. In May, 2020 these Board members resigned and the Board was reconstituted.

Beginning with the creation of the ESOP in late 2012, Boucher & James' day-to-day operations were managed by four executive officers, each of whom held the title of Managing Director. The four Managing Directors had a defined area of responsibility outlined below. In 2020, David Jones, Judith Stern Goldstein and Mark Eisold have all resigned from their positions and left the company.

- Mark Eisold is a licensed Professional Engineer and was responsible for providing engineering services to the Company's municipal clients served out of the Doylestown office.
- Judith Stern Goldstein is a licensed and registered Landscape Architect and was responsible for providing services related to land planning and landscape architecture. Her administrative duties included overseeing the Company's Accounting Services Department and the Information Technology Department.
- David R. Jones worked out of the Doylestown office and was responsible for business development. His administrative duties included overseeing the Company's Building Codes Department and the Doylestown office administrative staff.
- Jon S. Tresslar is a licensed Professional Engineer and is also licensed as a Professional Land Surveyor. Tresslar is responsible for providing services to all of the Company's private-sector clients, including those served out of the Doylestown office, except for the small number of private sector clients served by Goldstein. Tresslar's administrative duties include overseeing the Company's Surveying Services Department and the Human Resources Department.

On October 29, 2018, Special Agent Daniels met with Jon Tresslar. Tresslar had been employed by Boucher & James since January 2011. Tresslar stated that in February 2018 he approached the Board of Directors and senior officers based upon a concern that billing practices at Boucher & James were causing some clients to be billed for work hours not performed. He believed that fictitious hours were being added to client invoices and

*******Continued *******

billed to clients to increase the revenue of the company. He took his concerns to the other Managing Directors and the Managing Directors refused to engage in a meaningful review of the billing practices.

AOPC 412A – Rev. 7/18        Page __ of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ⚜ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

Boucher & James required all employees to submit timesheets for hours worked by project. These timesheets were submitted and reviewed by supervisors prior to posting to the timekeeping system. Once the timesheets were final, the information was used to create "pre-bills" in the accounting system, Deltek. These pre-bills were reviewed by the project managers and handwritten changes were noted on the pre-bills. These changes included transfers to move hours to a different project, write-offs and the addition of hours. After the changes were noted on the pre-bills, members of the Accounting Department would input the changes into Deltek. The edited version was then presented for final review to the Project Manager and the Managing Director if that was a different person.

### KORMAN CORPORATION

Tresslar relayed that, in 2017, Eisold told him that he (Eisold) planned to perform a small amount of work for Korman Corporation, a private-sector client. Under Boucher & James's contracts with Korman, services were to be billed on a time-and-materials basis for actual hours worked. Because Korman was a private-sector client, Tresslar reviewed the bills sent by Eisold to Korman. Tresslar obtained the total fees generated for the hours worked by all employees on the Korman projects as reflected in the Project Detail Reports. Tresslar compared that number to the total fees billed to Korman for hours worked on the same projects, as reflected in the final invoices Boucher and James sent to Korman. The amount billed to Korman for hours worked was significantly higher than the total fees generated for hours worked on those same projects as reflected in Korman's Project Detail Reports. Tresslar discovered that Eisold had overcharged Korman by approximately 25%.

After finding the discrepancy, Tresslar asked Gaye Singley, the head of the Accounting Department for Boucher and James, for backup documentation to support the bills that Eisold had sent to Korman. He was provided copies of Eisold's "draft bills," also known as pre-bills. In reviewing the documentation, Tresslar saw that Eisold had started with the computer printout of actual hours worked as reflected in Korman's Project Detail Reports. However, next to the totals for various employees, including himself, Eisold had jotted down in his own handwriting certain numbers to be added to the totals. Tresslar performed a spot check of the raw timesheets that had been submitted by employees with the final invoices approved by Eisold. In each case, the spot check

****** Continued *******

confirmed that the handwritten hours Eisold had added to the draft bill had never been documented on time sheets submitted by the employees. Eisold's fraudulent addition of hours went so far as to result in an employee, Tim Wallace, working 34 hours in a single day, September 22, 2017. Tresslar found numerous hours had been added for multiple employees unsupported by timesheets.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

Tresslar discussed his findings Gaye Singley, who told Tresslar that many of Eisold's bills contained similar entries. Singley said, "He adds hours all the time."

### LOWER MAKEFIELD TOWNSHIP

Tresslar said all of Eisold's other clients were municipalities, whose invoices were paid with taxpayer dollars. Two of Eisold's largest clients were Lower Makefield Township in Bucks County and Springfield Township in Montgomery County. After finding the billing discrepancy with the work performed for Korman, Tresslar reviewed billing records for one of Eisold's projects for Lower Makefield Township. His analysis suggested that 38.25 hours of Eisold's billed time and 210.75 hours of other employee's billed time had never actually been worked. The hours represented a $14,321.00 fraudulent over-charge for a single project.

Tresslar said Eisold's billing amounts to approximately two million dollars per year, and approximately ten million dollars over the five years since the ESOP was founded. Of the two Eisold projects that Tresslar examined, Eisold's bills were inflated by 10% and 25%, respectively. A forensic accounting review of Lower Makefield project timesheets and invoices confirms overbilling by Boucher & James.

When Tresslar brought his findings to the attention of the other Managing Directors, one Managing Director, David Jones, told Tresslar, "I thought this had stopped."

On February 24, 2018, Tresslar prepared a memorandum detailing his findings and on February 27, 2018 Tresslar submitted a letter to the Board of Directors alerting them to the issues he had discovered and attaching his memorandum. On February 28, 2018, Ross Boucher sent an email advising that he was no longer Chairman of the Board of Directors.

****** Continued******

### THREE-FACTOR BILLING SCHEME

On April 7, 2020, Gaye Singley was interviewed by Your Affiant and Special Agent Daniels. Singley said she was hired by Boucher and James in 1997, and became manager of the Accounting Department in 2005. Singley said Ross Boucher, the then owner and president of the company, instituted the three-factor for billing.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

The billing on projects was expected to be three times the cost of labor for a particular project. Singley explained that an employee making $50.00 an hour would be paid at his/her rate, but the client would be billed at $150.00 per hour for that employee's time. The three-factor expectation was in place when Singley started working at Boucher and James. The company switched to Deltek accounting software in 2009. She was trained to use the Deltek system and became the trainer for the company.

Adding hours that were not worked was one method used to reach the three-factor. As there is no cost to hours that were not worked, these hours will always increase the profit margin. Singley was told by Ross Boucher to find a way in Deltek to add hours to the invoices without adding them to the timesheets. She achieved this by creating a project number named Billing Billing Time Additions. Once the hours were added to the projects they would simultaneously be backed out of the Billing Billing Time Additions project number, thereby reconciling the employee's hours. Billing Billing Time Additions was a ficticious project.

Singley said timesheets are submitted to the Project Managers and then the Managing Directors for approval before being turned into the Accounting Department for posting. Pre-bills are created and are given to the Project Manager who marks up any changes in pen. When the pre-bills are sent to the Managing Director for approval, the Managing Director would be able to determine if the three-factor was achieved in the billing. The prior versions of the pre-bills are also provided to the Managing Director so they can see all of the changes that were made.

Singley said Mark Eisold was adding hours to his bills. Singley had done his billing in the past and has seen his invoices marked up during the 2012 – 2018 years. Singley said Eisold has aggressively added hours since she did his billing back in 1997. Singley said she talked to Ross Boucher about it and Judith Stern Goldstein about it multiple times. She received no feedback as a result of those conversations.


****** Continued******

Singley said David Jones has added hours to his bills. Singley did his billing prior to 2012 and knew of his adding hours at that time period. Sue Montgomery has been doing his recent billing.

On May 6, 2020 Susan Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery said she was hired by Boucher & James in August 2007. She worked in the Accounting Department with Gaye Singley and Marilyn Unruh. Marilyn Unruh retired a couple of years ago and was replaced by Jessica

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### 🦁 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

Martin. Montgomery was doing the billing for Jon Tresslar, David Jones and took over the billing for Mark Eisold from Unruh until Jessica Martin was trained to take over Eisold's billing.

Montgomery said on occasion she had been instructed by Project Managers or Managing Directors to add hours to a pre-bill that wasn't reflected on an employee's time sheet. Montgomery said the process is called "Labor Adjustments." Montgomery said Mark Eisold added hours regularly to achieve the three-factor. Eisold handled all the billing himself for his projects. Montgomery was unaware of Jon Tresslar adding hours to bills to achieve the three-factor. Montgomery said David Jones minimally added hours to his bills.

On May 8, 2020, Jessica Martin was interviewed by Your Affiant and Special Agent Daniels. Martin said she was hired at Boucher & James in May of 2017. She spent a couple months being trained by Marilyn Unruh, in Accounts Payable and billing. She explained that a pre-bill or "Work in Progress" is prepared by accounting, which is the invoice for the time period, and given to the Project Manager for review. Accounting would use the cost and labor figures to determine the factor number, which would be written on the pre-bill before it was sent to the Project Manager. Martin was told by Marilyn Unruh to come up with a factor of three, but she didn't understand why. Mark Eisold would frequently add time to employees hours worked to increase the factor. This practice was known to Martin as a Labor Adjustment. Martin said if an employee worked a half hour on a particular project, Eisold would often handwrite +.50 or +.75 and accounting would add the time.

Several other current and former employees were also interviewed as part of the investigation. Michael Gable, the Director of Engineering Services, has been employed at Boucher and James for almost ten years. Gable has been the Project Manager of multiple projects, and is responsible for reviewing the pre-bills to make sure the hours billed are accurately reported. Between 2011 and 2013 Gable was approached by David Jones who asked Gable to consider doing what he referred to as "Value added billing" for a municipal project. Jones explained that you can bill up to a percentage of value for reviewing a project. Gable refused, telling Jones what Jones was

****** Continued ******

suggesting was fraud. The projects are time and materials billing that are agreed to with the client in advance. Gable further told Jones that Jones recommendation was unethical and illegal. Gable made Jon Tresslar aware of his conversation with Jones and expressed his concerns about what he was asked to do.

Former Project Manager Amy Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery started working for Boucher and James in 1997 as a Project Engineer with a specialty in land development. In 1998 she became an Assistant Director, working under Mark Eisold. The majority of the clients

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

were municipal clients at the time. Mark Eisold directed her to assist him with his billing. She was directed by Eisold to make the bills meet the three-factor. She said the three-factor was used to determine the profit of a particular project, and she was directed to add time worked to the project to increase the profit. Montgomery said she added time, usually in half hour increments, to pre-bills and gave them to Eisold, who added more time. As time went on Montgomery said she added hours that weren't worked to pre-bills to achieve the three-factor. When Eisold was finished making changes to the bills or approving her bills he would give them to Montgomery to take to the Accounting Department. Eisold had the final say on the finished version of the pre-bills. Montgomery recalled that Ross Boucher and Managing Director David Jones had particular interest in several clients and wanted to review the bills for projects worked for those clients. Montgomery said Ross Boucher and David Jones would normally add hours to the bills they reviewed.

On July 14, 2020, Your Affiant interviewed Charles Dietz former employee of Boucher and James. Dietz said he was hired in 2005 hired a construction inspector. Dietz went to construction sites to see if the work was being done to consistent with the plans. Eventually he became a supervisor of the inspectors. Dietz reported to Dave Horton initially and when Horton left the company he reported to Mark Eisold. Time sheets were given to the office manager, Collette Gerstenburg, who submitted them to David Horton for approval. Mark Eisold told him personally that he (Eisold) didn't want any unbillable time on his time sheet. He explained that, during inclement weather, he was instructed to find jobs and bill for Erosion and Settlement Control even if he didn't go to the site and perform an inspection. For example, if he inspected a strip mall site in Township "A" that took 2 hours, Eisold expected him to bill another 2 hours for inspecting a site in Township "B" even though he never went to that site. Dietz questioned Eisold on that practice and Eisold told him not to question him and that was how it is done. This practice was discovered by some of the contractors who were on the job sites and didn't see any inspectors there on the dates that were billed. This happened more than once, and Dietz referred all questions

****** Continued ******

to Mark Eisold. Dietz said Dave Horton left Boucher & James because of these improper billing practices.

On August 13, 2020, Special Agent Daniels interviewed David Horton, who said he started working for Boucher and James in 2004. Horton said he was a Project Manager who worked under Mark Eisold on municipal projects. Horton said that during his third year with the company he discovered that hours that weren't worked were being added to his invoices. He brought the matter to the attention of David Jones and Ross Boucher. In a subsequent meeting with Jones and Boucher over the practice of adding time, Jones promised Horton "We will

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
| --- | --- | --- | --- |
| | / / | | 43-1521 |
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

look at this policy." Horton said he planned an exit strategy from Boucher and James and left the company approximately one year later.

On August 27, 2020, Affiant Buck conducted an interview with Jerry Gorski, owner of Gorski Engineering, about his professional interactions with Boucher and James. Gorski acknowledged that Gorski Engineering has worked with Boucher and James on multiple projects. Gorski said that Boucher and James worked with Richland Township, Bucks County on the township's construction review process and construction inspection. Gorski Engineering worked with Boucher and James on several projects in Richland Township, beginning in 2008/2009. Gorski found that Boucher and James was overbilling for Construction Inspections for the work being done in the Northfield Business Campus project. Boucher and James quickly exhausted their escrow accounts with Richland Township which created suspicion. Gorski conducted an internal investigation and had evidence to support his allegations. When he voiced his concerns, Ross Boucher came to Gorski Engineering uninvited and got into a heated discussion with Gorski. Once Gorski presented the evidence of theft that Gorski had uncovered to Boucher, Ross Boucher entered into a restitution agreement with Gorski.

## FORENSIC ACCOUNTING

Forensic Accountants employed by the Pennsylvania Office of Attorney General were provided with Boucher & James employee labor detail reports from 2009 – 2018. The Forensic Accountants were also provided with invoices, employee timesheets, project detail reports, and full access to the company's accounting and billing software system. The accountants found an overbilling scheme in which hours were billed to clients that were not generated on the Boucher & James employee time sheets.

****** Continued ******

During the time period from 2009 through 2018, the investigation identified overbilling and/or fictitious billing practices relating to more than 150 clients including multiple municipalities. The total amount of theft committed by Boucher & James, Inc. is estimated at $2,083,377. A summary of the losses suffered by clients is attached hereto.

Employees were awarded bonuses based on company performance. As a result of the overbilling scheme theft, the managing directors were awarded bonuses they would not otherwise have received from 2015 through 2018. In 2014, the Managing Directors received a larger bonus as a result of the theft.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | / / | | 43-1521 |
| Defendant Name: | First: DAVID | Middle: R | Last: JONES |

Additionally, when the ESOP was created, the company shares were valued and purchased by the plan. As a result, the increased revenue due to theft prior to 2013 increased the value of the company for purposes of its conversion to the ESOP. Mark Eisold, David Jones and Judith Stern Goldstein were junior shareholders in Boucher & James before it became an ESOP. The increased value would have translated to Ross Boucher and the junior shareholders securing a higher sale price for the company upon conversion to the ESOP.

Based on the information received and the investigation conducted, I hereby respectfully request a warrant of arrest for DAVID R. JONES on the charges listed within this complaint.

I, S.A. WENDELL A BUCK JR, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAT NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

SA Wendell #607
(Signature of Affiant)

Sworn to me and subscribed before me this 14th day of December 2020

_____ Date

, Magisterial District Judge

My commission expires  first Monday of January, 2024

SEAL

AOPC 412A – Rev. 7/18

Page ___ of ___

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 1 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LOWER MAKEFIELD TOWNSHIP | • | • | • | 37,359.25 | 51,470.50 | 85,697.25 | 106,999.25 | 106,567.25 | 132,885.25 | 2,993.25 | 523,972.00 |
| SPRINGFIELD TOWNSHIP | 6,950.75 | 66,385.25 | 61,040.00 | 57,988.75 | 56,118.50 | 43,188.00 | 59,324.50 | 49,010.50 | 49,786.75 | 14,290.50 | 464,083.50 |
| RICHLAND TOWNSHIP BOARD OF SUPERVISORS | 6,328.50 | 31,133.25 | 29,637.00 | 13,035.66 | 18,125.50 | 13,802.59 | 22,774.00 | 21,565.00 | 25,767.25 | 11,120.25 | 193,288.99 |
| BUCKS COUNTY WATER & SEWER AUTHORITY | • | 5,940.00 | 31,149.25 | 29,168.75 | 58,223.50 | 3,853.75 | 3,269.00 | 12,782.25 | 19,148.25 | 2,823.25 | 166,358.00 |
| SOUDERTON BOROUGH | 1,363.75 | 23,910.75 | 15,203.50 | 5,543.25 | 13,704.75 | 6,976.25 | 7,548.00 | 2,678.50 | 748.25 | 105.00 | 77,782.00 |
| CHELTENHAM TOWNSHIP | • | • | 158.50 | 556.00 | 7,509.50 | 10,201.50 | 25,504.75 | 9,667.25 | 3,436.39 | 5,538.21 | 62,572.10 |
| SMITHFIELD TOWNSHIP | 4,436.50 | 25,695.67 | 20,424.75 | 3,897.50 | 1,970.50 | 728.75 | • | 190.00 | • | 60.50 | 57,404.17 |
| IVYLAND BOROUGH | 656.30 | 11,879.75 | 5,963.75 | 6,528.50 | 6,976.00 | 5,181.25 | 3,452.75 | 4,329.75 | 6,596.25 | 1,197.50 | 52,761.80 |
| POCONO TOWNSHIP | 6,035.25 | 15,409.75 | 19,624.25 | 6,824.50 | 408.25 | 172.50 | • | • | 2,186.50 | • | 50,661.00 |
| LOWER SAUCON TOWNSHIP | 1,156.00 | 6,605.75 | 1,943.50 | 5,474.25 | 5,967.25 | 5,395.00 | 9,419.75 | 8,044.25 | 2,735.75 | 2,811.00 | 49,552.50 |
| EAST CALN TOWNSHIP | 419.75 | 14,150.25 | 10,977.50 | 7,532.25 | 2,561.75 | 3,397.00 | 3,315.75 | 2,185.75 | 2,600.00 | 1,141.50 | 48,281.50 |
| BOROUGH OF WILSON | 2,965.00 | 14,604.75 | 9,757.25 | 7,397.25 | 4,833.25 | 1,053.75 | 682.00 | • | • | • | 41,293.25 |
| DOYLESTOWN TOWNSHIP | 907.25 | 1,919.25 | 1,459.00 | 3,579.25 | 4,203.50 | 4,309.75 | 5,351.12 | 5,248.25 | 5,181.75 | 4,145.00 | 36,304.12 |
| MONTGOMERY TOWNSHIP | 1,052.50 | 4,130.00 | 855.00 | 5,064.25 | 4,460.50 | 3,912.74 | 4,306.75 | 2,967.00 | 4,152.14 | 4,349.26 | 35,250.14 |
| DELAWARE WATER GAP BOROUGH | 215.00 | 7,683.25 | 4,187.00 | 4,293.00 | 5,065.00 | 1,304.50 | • | 45.00 | • | • | 22,792.75 |
| STROUD TOWNSHIP BOARD OF SUPERVISORS | 9,279.17 | 10,692.00 | • | • | • | • | • | • | • | • | 19,971.17 |
| BARRETT TOWNSHIP | 560.25 | 8,614.50 | 3,116.50 | 2,002.50 | 2,097.00 | 983.00 | 171.50 | 799.75 | 209.00 | • | 18,554.00 |
| BAYER CROPSCIENCE LP | • | 1,244.00 | 12,980.75 | 1,304.75 | 1,743.50 | 762.00 | 518.00 | • | • | • | 18,553.00 |
| WARMINSTER TOWNSHIP | • | • | • | • | • | • | • | 3,827.00 | 3,321.50 | 5,310.75 | 12,459.25 |
| WRIGHTSTOWN TOWNSHIP | • | 1,477.75 | 114.25 | 917.25 | 577.00 | 1,595.50 | 868.50 | 1,919.11 | 3,725.00 | 1,084.00 | 12,278.36 |
| NEWTOWN TOWNSHIP | • | 154.50 | 1,360.00 | 1,190.50 | 3,383.75 | 758.00 | 1,918.50 | 1,499.00 | 1,286.25 | 299.50 | 11,850.00 |
| LEHMAN TOWNSHIP BOARD OF SUPERVISORS | • | 2,089.50 | 150.00 | 208.75 | 7,478.50 | 1,283.00 | • | 58.00 | • | • | 11,267.75 |
| QUAKERTOWN COMMUNITY SCHOOL DISTRICT | • | • | • | • | • | 280.00 | 10,341.00 | 66.50 | 365.50 | 29.50 | 11,082.90 |
| NORTH WALES BOROUGH | • | • | • | • | 2,877.00 | 3,333.50 | 2,979.75 | 1,053.00 | 610.00 | 103.75 | 10,959.00 |
| UPPER SAUCON TOWNSHIP | • | • | • | • | • | • | • | • | 10,372.50 | • | 10,372.50 |
| BUSHKILL TOWNSHIP | 191.25 | 290.00 | 214.50 | 290.00 | 281.50 | 7,256.50 | 98.00 | • | • | 750.00 | 9,371.75 |
| PLUMSTEAD TOWNSHIP | • | 2,179.00 | • | 417.50 | 3,144.25 | 749.50 | 263.50 | 615.25 | • | • | 7,369.00 |
| DELAWARE TOWNSHIP | • | • | • | 240.00 | 1,383.00 | 1,201.50 | 203.00 | 810.50 | 1,401.50 | 100.50 | 5,340.00 |
| PRICE TOWNSHIP | 298.00 | 3,494.25 | 420.00 | 245.00 | • | • | • | • | 18.75 | • | 4,476.00 |
| KORMAN COMMERCIAL PROPERTIES | • | • | • | • | • | • | • | • | 4,417.50 | • | 4,417.50 |
| YARDLEY BOROUGH SEWER AUTHORITY | 1,748.50 | 1,722.25 | 414.50 | 110.00 | • | • | • | • | • | • | 3,995.25 |
| JENKINTOWN BOROUGH | • | • | • | • | • | 18.50 | 3,590.00 | 64.50 | • | • | 3,673.00 |
| CENTRAL BUCKS SCHOOL DISTRICT | • | • | 980.00 | • | • | • | • | • | 2,527.00 | • | 3,507.00 |
| POPLAR REALTY, L.P. | • | • | 3,364.00 | • | • | • | • | • | • | • | 3,364.00 |
| HERITAGE CONSERVANCY | • | • | 3,344.50 | • | • | • | • | • | • | • | 3,344.50 |
| 3355 HIGH POINT, L.L.C. | • | • | • | • | • | • | • | 3,231.50 | • | • | 3,231.50 |
| DUBLIN BOROUGH | 460.00 | 467.00 | 16.50 | 29.00 | • | • | 61.00 | 241.25 | 751.50 | 674.00 | 2,700.25 |
| PA RECREATION & PARK SOCIETY, INC. | • | • | • | 2,482.25 | • | • | • | • | • | • | 2,482.25 |
| HILLTOWN TOWNSHIP | 761.25 | 1,582.50 | • | • | • | • | • | • | • | • | 2,343.75 |
| CLEAN HARBORS ENVIRONMENTAL, INC. | • | • | • | • | • | • | 408.50 | 1,621.25 | • | • | 2,029.75 |
| BOROUGH OF PHOENIXVILLE | • | • | • | 174.00 | 1,744.00 | 108.50 | • | • | • | • | 2,026.50 |
| NORTH PENN WATER AUTHORITY | • | • | • | • | • | • | 1,428.50 | 306.50 | 145.25 | • | 1,880.25 |
| COUNTY OF BUCKS | • | • | • | • | 1,645.50 | • | • | • | • | • | 1,645.50 |
| DOYLESTOWN PRESBYTERIAN CHURCH | 87.00 | 1,475.75 | • | • | • | • | • | • | • | • | 1,562.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 2 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LYNNEWOOD REAL ESTATE LIMITED PARTNERSHIP | · | · | · | · | 1,450.50 | · | · | · | · | · | 1,450.50 |
| SIGNATURE HOMES BY J.T. MALONEY | 341.75 | 56.25 | 258.00 | 123.50 | 251.00 | 187.25 | 159.25 | 64.00 | · | · | 1,441.00 |
| DOYLESTOWN HOSPITAL | 593.50 | 712.00 | 24.25 | · | · | · | · | · | · | · | 1,329.75 |
| ICF INTERNATIONAL INVESTIGATOR | · | 1,202.50 | 57.50 | · | · | · | · | · | · | · | 1,260.00 |
| BUCKS COUNTY | · | · | · | · | · | 390.00 | 799.00 | · | · | · | 1,189.00 |
| THE MUNICIPALITY OF NORRISTOWN | · | · | · | 1,152.50 | · | · | · | · | · | · | 1,152.50 |
| R & G PROPERTIES | 983.25 | · | 31.50 | · | · | · | · | · | 1.50 | · | 1,016.25 |
| TRUMARK FINANCIAL CREDIT UNION | · | · | · | · | 976.00 | · | · | · | · | · | 976.00 |
| T C O REALTY, L.P. | · | 267.50 | 641.50 | · | · | · | · | · | · | · | 909.00 |
| ESTATE OF GORDON L. STOTT, DANA STOTT COHEN, EXECUTRIX | · | · | · | · | 873.00 | · | · | · | · | · | 873.00 |
| RICHLAND TOWNSHIP WATER AUTHORITY | · | 379.75 | 414.25 | · | · | · | 61.50 | · | · | · | 855.50 |
| KREISER & ASSOCIATES, P.C. | · | · | · | · | · | · | · | · | 776.75 | · | 776.75 |
| COUNTY BUILDERS, INC. | · | · | · | · | 498.00 | 147.25 | · | 64.00 | · | · | 709.25 |
| BONUCCI MASONRY | · | · | · | · | · | · | · | · | · | 706.00 | 706.00 |
| NORTHERN NEW JERSEY COUNCIL | · | · | · | · | 669.75 | · | · | · | · | · | 669.75 |
| NORWOOD-MCMANUS a Joint Venture, LLC | · | 503.50 | · | · | · | · | · | · | · | 165.00 | 668.50 |
| NYLES AND KITTY POSSINGER | · | · | · | · | 193.00 | · | · | 224.00 | 120.00 | 114.50 | 651.50 |
| LUTHERAN COMMUNITY AT TELFORD | 64.00 | 580.25 | · | · | · | · | · | · | · | · | 644.25 |
| MORTENSON CONSTRUCTION | · | · | · | · | 623.50 | · | · | · | · | · | 623.50 |
| WINGS FIELD PRESERVATION ASSOCIATES | · | · | · | · | 504.00 | 95.25 | · | · | · | · | 599.25 |
| FALMER & BARR | · | · | · | · | · | · | · | · | 594.50 | · | 594.50 |
| OUR LADY OF CZESTOCHOWA | · | 584.50 | · | · | · | · | · | · | · | · | 584.50 |
| PULTE HOME CORPORATION | · | 431.25 | 62.50 | 46.25 | · | · | · | · | · | · | 540.00 |
| THE BOROUGH OF BIRDSBORO AUTHORITY | · | · | · | · | 323.25 | 212.50 | · | · | · | · | 535.75 |
| HELLERTOWN BOROUGH | · | · | · | · | 533.33 | · | · | · | · | · | 533.33 |
| NORTHAMPTON TOWNSHIP | · | · | 522.00 | · | · | · | · | · | · | · | 522.00 |
| CALATLANTIC | · | · | · | · | · | · | · | · | 503.00 | · | 503.00 |
| REESE CONSTRUCTION | · | · | · | · | 494.00 | · | · | · | · | · | 494.00 |
| WHITPAIN TOWNSHIP | · | · | · | · | · | · | · | · | · | 483.00 | 483.00 |
| MID-ATLANTIC CONSTRUCTION, INC. | · | · | · | · | · | · | 380.50 | · | 86.50 | · | 467.00 |
| IRWIN WEINER | · | · | · | · | · | · | · | 64.00 | 371.00 | · | 435.00 |
| SOIL SERVICES COMPANY, INC. | · | · | · | · | · | · | 435.00 | · | · | · | 435.00 |
| HERITAGE RESIDENTIAL | · | 433.50 | · | · | · | · | · | · | · | · | 433.50 |
| GARDNER FOX ASSOCIATES, INC. | · | · | 13.75 | · | · | · | · | 81.00 | 312.00 | · | 406.75 |
| SITE SYSTEMS, L.L.C. | · | · | · | · | 405.00 | · | · | · | · | · | 405.00 |
| ANCHOR HEALTH DEVELOPMENT, L.L.C. | · | · | · | · | · | · | · | · | 388.50 | · | 388.50 |
| EQUITY LIFESTYLE PROPERTIES | · | · | · | 386.00 | · | · | · | · | · | · | 386.00 |
| WATSON BLACK LIMITED | · | 320.00 | · | · | · | · | · | · | · | · | 320.00 |
| TEMPLE PARTNERS I LP | · | · | · | · | · | 316.00 | · | · | · | · | 316.00 |
| UNIVEST BANK AND TRUST CO. | · | 55.00 | · | · | · | · | 242.00 | · | · | · | 297.00 |
| JOHN A. ARROW CUSTOM HOMES, INC. | · | · | 290.00 | · | · | · | · | · | · | · | 290.00 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 3 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DENNIS & MELODY EBLE | · | · | 55.25 | · | 226.00 | · | · | · | · | · | 281.25 |
| HABITAT FOR HUMANITY OF BUCKS COUNTY | · | 173.25 | 106.75 | · | · | · | · | · | · | · | 280.00 |
| EAST ROCKHILL TOWNSHIP | · | · | 46.00 | · | · | · | · | · | · | 232.00 | 278.00 |
| STEPHEN TAKACH | 210.00 | 67.75 | · | · | · | · | · | · | · | · | 277.75 |
| G.H. PASTOR & SONS | · | · | · | · | · | 262.00 | · | · | · | · | 262.00 |
| YOUGHIOGHENY RIVERKEEPER MOUNTAIN | · | · | 260.50 | · | · | · | · | · | · | · | 260.50 |
| GEORGE CENIVIVA | · | · | · | · | · | 258.00 | · | · | · | · | 258.00 |
| WILSHIRE HUNT CONDOMINIUM ASSOCIATION | · | · | · | · | 243.00 | · | · | · | · | · | 243.00 |
| WORTHINGTON & SPINIEO POCONO HOLDINGS, INC. | · | · | · | · | 67.00 | 169.00 | · | · | · | · | 236.00 |
| TINICUM TOWNSHIP | · | · | 232.00 | · | · | · | · | · | · | · | 232.00 |
| CAPITAL GROWTH BUCHALTER | · | · | · | · | 224.00 | · | · | · | · | · | 224.00 |
| W.B. HOMES, INC. | 58.00 | 159.50 | · | · | · | · | · | · | · | · | 217.50 |
| FIRST NORTHERN BANK AND TRUST COMPANY | · | · | · | · | · | · | · | · | 202.00 | · | 202.00 |
| FLOWER CONSTRUCTION | · | · | · | · | · | · | 195.00 | · | · | · | 195.00 |
| CARL SHAFER | · | · | · | 188.00 | · | · | · | · | · | · | 188.00 |
| TOWN TITLE AGENCY, L.L.C. | · | · | · | · | · | · | · | · | · | 187.00 | 187.00 |
| JIM TOTH | · | · | · | 183.00 | · | · | · | · | · | · | 183.00 |
| BRADFORD GREENE CONDO ASSOCIATION | · | · | · | · | · | · | 181.00 | · | · | · | 181.00 |
| STEVEN GRABOWSKI | · | 100.25 | 75.00 | · | · | · | · | · | · | · | 175.25 |
| IVY REALTY SERVICES, L.L.C. | · | · | · | · | · | · | · | · | · | 175.00 | 175.00 |
| E. ALLEN REEVES, INC. | · | · | · | 45.00 | 68.25 | · | 58.75 | · | · | · | 172.00 |
| HALLMARK HOMES PA, L.L.C. | · | · | · | · | · | 169.00 | · | · | · | · | 169.00 |
| TRI COUNTY PEDIATRICS | · | · | · | · | · | 168.00 | · | · | · | · | 168.00 |
| KELLY ENCK | · | · | · | · | · | · | · | 167.50 | · | · | 167.50 |
| JACKSON TOWNSHIP | 167.00 | · | · | · | · | · | · | · | · | · | 167.00 |
| HOLZ AND HENRY | · | · | · | · | 68.25 | 91.00 | · | · | · | · | 159.25 |
| SANTO LANZAFAME | · | · | · | · | · | · | · | 159.00 | · | · | 159.00 |
| F.S. MECHANICAL | · | 154.25 | · | · | · | · | · | · | · | · | 154.25 |
| BERKS RIDGE COMPANY ENTERPRISES, INC. | · | · | · | · | · | 58.00 | · | · | · | 86.50 | 144.50 |
| CITY OF BETHLEHEM | · | · | · | · | · | · | · | 142.00 | · | · | 142.00 |
| KELLER AND COMPANY, INC. CONSTRUCTION MANAGERS | · | · | · | 135.50 | · | · | · | · | · | · | 135.50 |
| VINCENT TRAPASSO | · | · | · | · | 135.00 | · | · | · | · | · | 135.00 |
| DAVID CACCAVO | · | · | · | · | · | · | · | · | 134.00 | · | 134.00 |
| AMERICAN HERITAGE FEDERAL CREDIT UNION | · | · | · | 134.00 | · | · | · | · | · | · | 134.00 |
| BOROUGH OF CONSHOHOCKEN | · | · | · | · | · | · | · | · | · | 132.00 | 132.00 |
| AMERICAN SITEWORK, L.L.C. | · | · | · | · | · | 122.00 | · | · | · | · | 122.00 |
| FIDELITY NATIONAL TITLE GROUP | · | · | · | 109.00 | · | · | · | · | · | · | 109.00 |
| D.TROZZI AND SON CONSTRUCTION,INC. | · | · | · | · | · | 106.00 | · | · | · | · | 106.00 |
| TODD RICHMOND | · | · | 72.50 | · | · | · | · | 32.00 | · | · | 104.50 |
| THOMAS THOMAS | · | · | · | 99.00 | · | · | · | · | · | · | 99.00 |
| BUCKS COUNTY WELL DRILLING, INC. | · | · | · | 97.25 | · | · | · | · | · | · | 97.25 |
| CHARLENE PILKO | · | · | 95.50 | · | · | · | · | · | · | · | 95.50 |
| SAWMILL HEIGHTS, L.L.C. | · | · | 95.50 | · | · | · | · | · | · | · | 95.50 |
| KATHLEEN ALBRECHT | · | · | · | · | 91.00 | · | · | · | · | · | 91.00 |
| LOWER MILFORD TOWNSHIP | · | 89.75 | · | · | · | · | · | · | · | · | 89.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 4 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MOORE TOWNSHIP | | | 85.00 | | | | | | | | 85.00 |
| CALVARY ASSEMBLY OF GOD | | | | | 79.50 | | | | | | 79.50 |
| CONTINENTAL PROPERTY MANAGEMENT, INC. | | | | | | 79.50 | | | | | 79.50 |
| HERITAGE BUILDING GROUP, INC. | | | | 79.50 | | | | | | | 79.50 |
| CHARLES FRITZ | | | | | | | | | 77.00 | | 77.00 |
| HART LYMAN COMPANIES, L.L.C. | | | 75.50 | | | | | | | | 75.50 |
| PINE RUN CONSTRUCTION | | | | 75.25 | | | | | | | 75.25 |
| RYAN HOMES, INC. | | 72.50 | | | | | | | | | 72.50 |
| HERITAGE PROPERTIES GROUP, L.L.C. | | | | | | | | 41.75 | 30.00 | | 71.75 |
| PA BIOTECHNOLOGY CENTER | | | | | | 71.00 | | | | | 71.00 |
| SATISH HARIPRASAD | | | | | | | | | | 67.00 | 67.00 |
| RIVERWOODS AT NEW HOPE COMMUNITY ASSOCIATION | | | | | | | | | 67.00 | | 67.00 |
| SAMALL PROPERTIES, INC. | | | | 67.00 | | | | | | | 67.00 |
| APPLEBUTTER DEVELOPMENT ASSOCIATES, L.P. | | 65.00 | | | | | | | | | 65.00 |
| RICK LYONS | | | | 16.50 | | 45.50 | | | | | 62.00 |
| CLEMONS, RICHTER & REISS, P.C. ATTORNEYS AT LAW | | | | | | 61.00 | | | | | 61.00 |
| J.H. GREEN AND SON, INC. | | | | | 61.00 | | | | | | 61.00 |
| PUBLIC INTEREST LAW CENTER OF PHILADELPHIA | | | | 60.50 | | | | | | | 60.50 |
| WESTRUM DEVELOPMENT CO. | | | | | | 60.00 | | | | | 60.00 |
| MILFORD LANDING CONDOMINIUM ASSOCIATION | | 37.00 | | | 22.50 | | | | | | 59.50 |
| NATURAL LANDS TRUST | | | 59.25 | | | | | | | | 59.25 |
| DREW KINSLOW | | | | 57.50 | | | | | | | 57.50 |
| UPPER MOUNT BETHEL TOWNSHIP | | 50.00 | | | | | | | | | 50.00 |
| BESKO OUTDOOR SIGNS, L.L.C. | | | | | | | | 49.50 | | | 49.50 |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P. | | | | | | | | | | 48.00 | 48.00 |
| JAMES J. GORMLEY | | | 15.25 | | | 30.50 | | | | | 45.75 |
| DAVE SCHMAUK | | | | 45.00 | | | | | | | 45.00 |
| LEHMAN TOWNSHIP WATER AND SEWER AUTHORITY | | | | | | 45.00 | | | | | 45.00 |
| MCNAMARA, BOLLA & PANZER | | | | | 41.00 | | | | | | 41.00 |
| RBDP, L.L.C. | | 39.75 | | | | | | | | | 39.75 |
| FNCB | | 22.50 | | | | | | | | | 22.50 |
| MARGARET POWELL | | | | 20.69 | | | | | | | 20.69 |
| CITY OF MILLVILLE | | | | | | | | 16.00 | | | 16.00 |
| PATRICIA KELLER | | | | | | | 11.75 | | | | 11.75 |
| Totals | 48,289.47 | 271,488.17 | 242,445.00 | 207,298.09 | 276,993.83 | 210,282.83 | 277,443.12 | 242,358.61 | 285,520.53 | 63,984.21 | 2,126,103.86 |

Case # 2021-11363-0 Docketed in Montgomery County Prothonotary on 00/20/2021 10:11 AM, Fee = $0.00. The filer certifies that the filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF: MONTGOMERY**

Magisterial District Number: 38-1-08
MDJ: Hon. Katherine E. McGill
Address: 1316 Bruce Road
Oreland, PA 19075

Telephone: (215)572-7845

**POLICE CRIMINAL COMPLAINT**
COMMONWEALTH OF PENNSYLVANIA
VS.
*(NAME and ADDRESS):*

**DEFENDANT:**

| ROSS | G | BOUCHER |
|---|---|---|
| First Name | Middle Name | Last Name |

712 GRANADA AVE. UNIT #2
VENICE, FL. 34285

**NCIC Extradition Code Type**

| | | | |
|---|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pending Extradition | ☐ C-Misdemeanor Surrounding States | ☐ Distance: |
| ☒ 2-Felony Limited | ☐ 6-Felony Pending Extradition Determ. | ☐ D-Misdemeanor No Extradition | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending Extradition | |
| ☐ 4-Felony No Extradition | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition | |

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| CR-170-20 | 12/14/2020 | U 941146-3 | 43-1521 | ☐ YES ☐ NO |

| GENDER | DOB  /  / | POB | | Add'l DOB | Co-Defendant(s) ☐ |
|---|---|---|---|---|---|

| | First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|---|
| ☒ Male | | | | |
| ☐ Female | AKA | | | |

**RACE** ☒ White ☐ Asian ☐ Black ☐ Native American ☐ Unknown
**ETHNICITY** ☐ Hispanic ☒ Non-Hispanic ☐ Unknown

| Hair Color | ☐ GRY (Gray) ☐ BLK (Black) ☐ BLN (Blonde / Strawberry) | ☐ RED (Red/Aubn.) ☐ ONG (Orange) | ☐ SDY (Sandy) ☒ WHI (White) | ☐ BLU (Blue) ☐ XXX (Unk./Bald) | ☐ PLE (Purple) ☐ GRN (Green) | ☐ BRO (Brown) ☐ PNK (Pink) |
|---|---|---|---|---|---|---|

| Eye Color | ☐ BLK (Black) ☐ HAZ (Hazel) | ☒ BLU (Blue) ☐ MAR (Maroon) | ☐ BRO (Brown) ☐ PNK (Pink) | ☐ GRN (Green) ☐ MUL (Multicolored) | ☐ GRY (Gray) ☐ XXX (Unknown) | WEIGHT (lbs.) |
|---|---|---|---|---|---|---|

| DNA ☐ YES ☐ NO | DNA Location | | |
|---|---|---|---|
| FBI Number | MNU Number | | Ft. HEIGHT In. |
| Defendant Fingerprinted ☐ YES ☒ NO | | | 6    1 |
| Fingerprint Classification: | | | |

**DEFENDANT VEHICLE INFORMATION**

| | State | Haz mat | Registration Sticker (MM/YY)  / | Comm'l Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. same as Def. |
|---|---|---|---|---|---|---|---|
| Plate # | | | | | | | ☐ |
| VIN | Year | Make | Model | | Style | Color | |

Office of the attorney for the Commonwealth ☐ Approved ☐ Disapproved because:

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

Kirsten Heine CDAG
(Name of the attorney for the Commonwealth)

Electronic Approval 12/10/20
(Signature of the attorney for the Commonwealth)

12/14/2020
(Date)

I, **S.A. WENDELL A BUCK JR**                   602
(Name of the Affiant)                              (PSP/MPOETC -Assigned Affiant ID Number & Badge #)

of   **Pennsylvania Office of Attorney General**           PA0222400
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____
   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at [108]       Springfield Township
                                                                      (Subdivision Code)   (Place-Political Subdivision)

   in MONTGOMERY County [46]         on or about 01/01/09 - 12/31/2018
                      (County Code)

AOPC 412A – Rev. 7/18

Page 1 of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | | | 43-1521 |

| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§ 213.1 – 213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 911 | B3 | [illegible] | PA. 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 911 | B3 | [illegible] | PA 18 C.S.A | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, being an owner and/or associated with an enterprise within Bucks County, did conduct and participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity; to wit: during the periods set forth herein, Defendant was associated with an enterprise that was intentionally benefitting financially from fraudulently charging additional fees, and altering billing documents that were submitted to clients in Montgomery, Bucks, Northampton, Carbon, Monroe, Pike, and Chester Counties.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 3 | 911 | B4 | [illegible] | PA 18 C.S.A. | 1 | F-1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

Acts of the accused associated with this Offense: In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

| | |
|---|---|
| AOPC 412A – Rev. 7/18 | Page ___ of ___ |

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt *18 901A* | ☐ Solicitation *18 902A* | ☒ Conspiracy *18 903* | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 4 Offense# | 911 Section | B4 Subsection | of the PA Statute (Title) | PA 18 C.S.A. | 1 Counts | F-1 Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | _____ | | | ☐ Interstate | | ☐ Safety Zone | | ☐ Work Zone |

Statute Description (include the name of statute or ordinance): **CORRUPT ORGANIZATIONS**

**Acts of the accused associated with this Offense:** In that the Defendant, within Montgomery County conspired with others to violate the provisions of Section 911 (b)(3) of the Crimes Code pertaining to Corrupt Organizations; to wit: during the periods set forth herein, the Defendant, with the intent of promoting or facilitating the commission of the crime of Corrupt Organizations, did conspire with individuals employed by Boucher & James Inc, by fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients reflecting a higher number of hours worked on projects.

| Inchoate Offense | ☐ Attempt *18 901A* | ☐ Solicitation *18 902A* | ☐ Conspiracy *18 903* | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 5 Offense# | 3922 Section | A1,A2 Subsection | of the PA Statute (Title) | PA 18 C.S.A | 1 Counts | F-1 Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | _____ | | | ☐ Interstate | | ☐ Safety Zone | | ☐ Work Zone |

Statute Description (include the name of statute or ordinance): **THEFT BY DECEPTION**

**Acts of the accused associated with this Offense:** In that the defendant obtained property of another by deception by intentionaly preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

| Inchoate Offense | ☐ Attempt *18 901A* | ☐ Solicitation *18 902A* | ☒ Conspiracy *18 903* | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 6 Offense# | 3922 Section | A1, A2 Subsection | of the PA Statute (Title) | PA 18 C.S.A | 1 Counts | F-1 Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| PennDOT Data (if applicable) | Accident Number | _____ | | | ☐ Interstate | | ☐ Safety Zone | | ☒ Work Zone |

Statute Description (include the name of statute or ordinance): **THEFT BY DECEPTION**

**Acts of the accused associated with this Offense:** In that the defendant obtained property of another by deception by intentionaly preventing another from acquiring information which would affect his judgment of a transaction. To wit: During the time period set forth herein, the Defendant added hours that were not worked to the billing documents which were submitted to numerous clients for payment.. The theft of funds from this scheme exceeded $2,100,000.00.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:11 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# ♔ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |

| ☐ Lead? | Offense# 7 | Section 3925 | Subsection | OTN PA Statute (Title) of the PA 18 C.S.A | Counts 1 | Grade F-1 | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |

Statute Description (include the name of statute or ordinance): **RECEIVING STOLEN PROPERTY**

**Acts of the accused associated with this Offense:** In that the **defendants** did **intentionally receive** and retain **movable** property **of another knowing** that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |

| ☐ Lead? | Offense# 8 | Section 3925 | Subsection | OTN PA Statute (Title) of the PA 18 C.S.A | Counts 1 | Grade F-1 | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |

Statute Description (include the name of statute or ordinance):

**Acts of the accused associated with this Offense:** In that the defendants did intentionally receive and retain movable property of another knowing that it has been stolen. The hours fraudulently added to numerous client bills resulted in the defendants company receiving in excess of $2,100,000.00 for hours that were not worked.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |

| ☐ Lead? | Offense# 9 | Section 4107 | Subsection A6 | OTN PA Statute (Title) of the PA 18 C.S.A | Counts 1 | Grade F-3 | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if applicable) | Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |

Statute Description (include the name of statute or ordinance): **DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES**

**Acts of the accused associated with this Offense:** In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc., and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

AOPC 412A – Rev. 7/18

Page ___ of ___

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 10 | 4107 | A6 | | PA 18 C.S.A. | 1 | F-3 | | |

| PennDOT Data (if applicable) | Accident Number _____ | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DECEPTIVE OR FRAUDULENT BUSINESS PRACTICES**

Acts of the accused associated with this Offense: In that the Defendant, made or induced others to rely on a false or misleading written statement for the purpose of obtaining property or credit; to wit: during the period set forth herein, the Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 11 | 5111 | | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 12 | 5111 | | | PA 18 C.S.A. | 1 | F-1 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): **DEALING IN THE PROCEEDS OF UNLAWFUL ACTIVITIE**

Acts of the accused associated with this Offense: In that the defendant conducted a financial transaction with knowledge that the property involved, includes illegally obtained property, and represents the proceeds of unlawful activity. Further that defendant acted with the intent to promote the carrying on of the unlawful activity. To wit; Defendant was associated with Boucher & James Inc.. and was fraudulently charging additional fees to clients for work that was not performed, altering billing documents that were submitted to clients to reflect a higher cost to the client. The theft of funds from this scheme was in excess of $2,100,000.00.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

♜ **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|

| Defendant Name: | First: ROSS | Middle: G | Last BOUCHER |
|---|---|---|---|

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 13 | 7512 | A | of the | PA 18 C.S.A. | 1 | F-3 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description** (include the name of statute or ordinance): CRIMINAL USE OF A COMMUNICATION FACILITY

**Acts of the accused associated with this Offense:** The defendant did use a communication facility, specifically the United Stated Postal Service, to commit, cause, or facilitate the commission or attempt thereof the crime of Theft by Deception, In which the defendant did send or authorize to be sent fraudulent bills to clients of Boucher and James via the US postal service, thus in violation of Section 7512 felony 3rd degree.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description** (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description** (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

AOPC 412A – Rev. 7/18



**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last BOUCHER |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through ___ .

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently that non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited. **(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_____     _____

SA William Burns # 602
**(Signature of Affiant)**

(Date)                                              (Year)

AND NOW, on this date   12/14/20      I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

38-1-08
**(Magisterial District Court Number)**

**(Issuing Authority)**

SEAL

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ✸ POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

# AFFIDAVIT of PROBABLE CAUSE

Affidavit of Probable Cause

## Introduction of Affiant – Special Agent Wendell A. Buck Jr.

Your Affiant is a sworn Special Agent employed by the Pennsylvania Office Attorney General, Bureau of Criminal Investigations, and assigned to the Criminal Prosecution Section. As a Special Agent, your Affiant's primary duties are to investigate crimes, interview suspects and witnesses, prepare and execute search warrants, file criminal complaints and make arrests for the criminal activity reported to the Office of Attorney General. Your Affiant has over twenty-four years of law enforcement experience and prior to my employment with the Office of Attorney General was a Criminal Investigator with the City of Reading Police Department in Berks County Pennsylvania. During the course of your Affiant's law enforcement career, your Affiant has prepared and served search warrants and arrest warrants for various crimes enumerated in the Pennsylvania Crimes Code including but not limited to offenses involving various types of thefts, identity thefts, and access device fraud.

## BOUCHER & JAMES, INC. BACKGROUND

Special Agent Joseph Daniels and your Affiant conducted an investigation into fraudulent overbilling practices at Boucher & James Inc. Consulting Engineers ("Boucher and James").

Boucher & James Inc. Consulting Engineers Corporate Headquarters is located at 1456 Ferry Road, Building 500, Doylestown, PA 18901. Regional Offices are located at 559 Main Street, Suite 230 Bethlehem, PA 18018, and at 2756 Rimrock Drive Stroudsburg PA 18360. The company has approximately fifty employees, and offers a broad range of services, including land planning, civil engineering, landscape architecture, surveying, and building code compliance, to over thirty municipalities, including Boroughs, First and Second-Class Townships, and various Authorities in Bucks, Carbon, Chester, Montgomery, Monroe, Northampton, and Pike Counties. The Company also serves a large group of individuals, developers, institutions, and corporations in the private sector.

From 1962 until 2012 Boucher & James was a family-owned business. In 2012, the Company's sole proprietor, Ross Boucher, sold his interest in the Company to the Company's employees, whose ownership interests are governed by an Employee Stock Ownership Plan ("ESOP"). Ross Boucher then assumed a seat on the Board of Directors which he held until 2018. In that role, he received a salary from the Company.

*******Continued******

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
| --- | --- | --- | --- |
| | / / | | 43-1521 |
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

Since the company converted to an ESOP, it has been controlled by a volunteer Board of Directors that is required to meet once per year. Until May 2020, there were three Board members. They were Guy Marcozzi, Robert Kent, and Stephen G. Bardlsey Esq. These Board members were selected by Ross Boucher, and are his personal friends. In May, 2020 these Board members resigned and the Board was reconstituted.

Beginning with the creation of the ESOP in late 2012, Boucher & James' day-to-day operations were managed by four executive officers, each of whom held the title of Managing Director. The four Managing Directors had a defined area of responsibility outlined below. In 2020, David Jones, Judith Stern Goldstein and Mark Eisold have all resigned from their positions and left the company.

- Mark Eisold is a licensed Professional Engineer and was responsible for providing engineering services to the Company's municipal clients served out of the Doylestown office.

- Judith Stern Goldstein is a licensed and registered Landscape Architect and was responsible for providing services related to land planning and landscape architecture. Her administrative duties included overseeing the Company's Accounting Services Department and the Information Technology Department.

- David R. Jones worked out of the Doylestown office and was responsible for business development. His administrative duties included overseeing the Company's Building Codes Department and the Doylestown office administrative staff.

- Jon S. Tresslar is a licensed Professional Engineer and is also licensed as a Professional Land Surveyor. Tresslar is responsible for providing services to all of the Company's private-sector clients, including those served out of the Doylestown office, except for the small number of private sector clients served by Goldstein. Tresslar's administrative duties include overseeing the Company's Surveying Services Department and the Human Resources Department.

On October 29, 2018, Special Agent Daniels met with Jon Tresslar. Tresslar had been employed by Boucher & James since January 2011. Tresslar stated that in February 2018 he approached the Board of Directors and senior officers based upon a concern that billing practices at Boucher & James were causing some clients to be billed for work hours not performed. He believed that fictitious hours were being added to client invoices and

*******Continued *******

billed to clients to increase the revenue of the company. He took his concerns to the other Managing Directors and the Managing Directors refused to engage in a meaningful review of the billing practices.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**♚ POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

Boucher & James required all employees to submit timesheets for hours worked by project. These timesheets were submitted and reviewed by supervisors prior to posting to the timekeeping system. Once the timesheets were final, the information was used to create "pre-bills" in the accounting system, Deltek. These pre-bills were reviewed by the project managers and handwritten changes were noted on the pre-bills. These changes included transfers to move hours to a different project, write-offs and the addition of hours. After the changes were noted on the pre-bills, members of the Accounting Department would input the changes into Deltek. The edited version was then presented for final review to the Project Manager and the Managing Director if that was a different person.

## KORMAN CORPORATION

Tresslar relayed that, in 2017, Eisold told him that he (Eisold) planned to perform a small amount of work for Korman Corporation, a private-sector client. Under Boucher & James's contracts with Korman, services were to be billed on a time-and-materials basis for actual hours worked. Because Korman was a private-sector client, Tresslar reviewed the bills sent by Eisold to Korman. Tresslar obtained the total fees generated for the hours worked by all employees on the Korman projects as reflected in the Project Detail Reports. Tresslar compared that number to the total fees billed to Korman for hours worked on the same projects, as reflected in the final invoices Boucher and James sent to Korman. The amount billed to Korman for hours worked was significantly higher than the total fees generated for hours worked on those same projects as reflected in Korman's Project Detail Reports. Tresslar discovered that Eisold had overcharged Korman by approximately 25%.

After finding the discrepancy, Tresslar asked Gaye Singley, the head of the Accounting Department for Boucher and James, for backup documentation to support the bills that Eisold had sent to Korman. He was provided copies of Eisold's "draft bills," also known as pre-bills. In reviewing the documentation, Tresslar saw that Eisold had started with the computer printout of actual hours worked as reflected in Korman's Project Detail Reports. However, next to the totals for various employees, including himself, Eisold had jotted down in his own handwriting certain numbers to be added to the totals. Tresslar performed a spot check of the raw timesheets that had been submitted by employees with the final invoices approved by Eisold. In each case, the spot check

****** Continued *******

confirmed that the handwritten hours Eisold had added to the draft bill had never been documented on time sheets submitted by the employees. Eisold's fraudulent addition of hours went so far as to result in an employee, Tim Wallace, working 34 hours in a single day, September 22, 2017. Tresslar found numerous hours had been added for multiple employees unsupported by timesheets.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## 🏛 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

Tresslar discussed his findings Gaye Singley, who told Tresslar that many of Eisold's bills contained similar entries. Singley said, "He adds hours all the time."

## LOWER MAKEFIELD TOWNSHIP

Tresslar said all of Eisold's other clients were municipalities, whose invoices were paid with taxpayer dollars. Two of Eisold's largest clients were Lower Makefield Township in Bucks County and Springfield Township in Montgomery County. After finding the billing discrepancy with the work performed for Korman, Tresslar reviewed billing records for one of Eisold's projects for Lower Makefield Township. His analysis suggested that 38.25 hours of Eisold's billed time and 210.75 hours of other employee's billed time had never actually been worked. The hours represented a $14,321.00 fraudulent over-charge for a single project.

Tresslar said Eisold's billing amounts to approximately two million dollars per year, and approximately ten million dollars over the five years since the ESOP was founded. Of the two Eisold projects that Tresslar examined, Eisold's bills were inflated by 10% and 25%, respectively. A forensic accounting review of Lower Makefield project timesheets and invoices confirms overbilling by Boucher & James.

When Tresslar brought his findings to the attention of the other Managing Directors, one Managing Director, David Jones, told Tresslar, "I thought this had stopped."

On February 24, 2018, Tresslar prepared a memorandum detailing his findings and on February 27, 2018 Tresslar submitted a letter to the Board of Directors alerting them to the issues he had discovered and attaching his memorandum. On February 28, 2018, Ross Boucher sent an email advising that he was no longer Chairman of the Board of Directors.

****** Continued******

## THREE-FACTOR BILLING SCHEME

On April 7, 2020, Gaye Singley was interviewed by Your Affiant and Special Agent Daniels. Singley said she was hired by Boucher and James in 1997, and became manager of the Accounting Department in 2005. Singley said Ross Boucher, the then owner and president of the company, instituted the three-factor for billing.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
| --- | --- | --- | --- |
| | / / | | 43-1521 |
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

The billing on projects was expected to be three times the cost of labor for a particular project. Singley explained that an employee making $50.00 an hour would be paid at his/her rate, but the client would be billed at $150.00 per hour for that employee's time. The three-factor expectation was in place when Singley started working at Boucher and James. The company switched to Deltek accounting software in 2009. She was trained to use the Deltek system and became the trainer for the company.

Adding hours that were not worked was one method used to reach the three-factor. As there is no cost to hours that were not worked, these hours will always increase the profit margin. Singley was told by Ross Boucher to find a way in Deltek to add hours to the invoices without adding them to the timesheets. She achieved this by creating a project number named Billing Billing Time Additions. Once the hours were added to the projects they would simultaneously be backed out of the Billing Billing Time Additions project number, thereby reconciling the employee's hours. Billing Billing Time Additions was a ficticious project.

Singley said timesheets are submitted to the Project Managers and then the Managing Directors for approval before being turned into the Accounting Department for posting. Pre-bills are created and are given to the Project Manager who marks up any changes in pen. When the pre-bills are sent to the Managing Director for approval, the Managing Director would be able to determine if the three-factor was achieved in the billing. The prior versions of the pre-bills are also provided to the Managing Director so they can see all of the changes that were made.

Singley said Mark Eisold was adding hours to his bills. Singley had done his billing in the past and has seen his invoices marked up during the 2012 – 2018 years. Singley said Eisold has aggressively added hours since she did his billing back in 1997. Singley said she talked to Ross Boucher about it and Judith Stern Goldstein about it multiple times. She received no feedback as a result of those conversations.


****** Continued ******

Singley said David Jones has added hours to his bills. Singley did his billing prior to 2012 and knew of his adding hours at that time period. Sue Montgomery has been doing his recent billing.

On May 6, 2020 Susan Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery said she was hired by Boucher & James in August 2007. She worked in the Accounting Department with Gaye Singley and Marilyn Unruh. Marilyn Unruh retired a couple of years ago and was replaced by Jessica

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

Martin. Montgomery was doing the billing for Jon Tresslar, David Jones and took over the billing for Mark Eisold from Unruh until Jessica Martin was trained to take over Eisold's billing.

Montgomery said on occasion she had been instructed by Project Managers or Managing Directors to add hours to a pre-bill that wasn't reflected on an employee's time sheet. Montgomery said the process is called "Labor Adjustments." Montgomery said Mark Eisold added hours regularly to achieve the three-factor. Eisold handled all the billing himself for his projects. Montgomery was unaware of Jon Tresslar adding hours to bills to achieve the three-factor. Montgomery said David Jones minimally added hours to his bills.

On May 8, 2020, Jessica Martin was interviewed by Your Affiant and Special Agent Daniels. Martin said she was hired at Boucher & James in May of 2017. She spent a couple months being trained by Marilyn Unruh, in Accounts Payable and billing. She explained that a pre-bill or "Work in Progress" is prepared by accounting, which is the invoice for the time period, and given to the Project Manager for review. Accounting would use the cost and labor figures to determine the factor number, which would be written on the pre-bill before it was sent to the Project Manager. Martin was told by Marilyn Unruh to come up with a factor of three, but she didn't understand why. Mark Eisold would frequently add time to employees hours worked to increase the factor. This practice was known to Martin as a Labor Adjustment. Martin said if an employee worked a half hour on a particular project, Eisold would often handwrite +.50 or +.75 and accounting would add the time.

Several other current and former employees were also interviewed as part of the investigation. Michael Gable, the Director of Engineering Services, has been employed at Boucher and James for almost ten years. Gable has been the Project Manager of multiple projects, and is responsible for reviewing the pre-bills to make sure the hours billed are accurately reported. Between 2011 and 2013 Gable was approached by David Jones who asked Gable to consider doing what he referred to as "Value added billing" for a municipal project. Jones explained that you can bill up to a percentage of value for reviewing a project. Gable refused, telling Jones what Jones was

****** Continued ******

suggesting was fraud. The projects are time and materials billing that are agreed to with the client in advance. Gable further told Jones that Jones recommendation was unethical and illegal. Gable made Jon Tresslar aware of his conversation with Jones and expressed his concerns about what he was asked to do.

Former Project Manager Amy Montgomery was interviewed by Your Affiant and Special Agent Daniels. Montgomery started working for Boucher and James in 1997 as a Project Engineer with a specialty in land development. In 1998 she became an Assistant Director, working under Mark Eisold. The majority of the clients

AOPC 412A – Rev. 7/18

Page __ of __

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

were municipal clients at the time. Mark Eisold directed her to assist him with his billing. She was directed by Eisold to make the bills meet the three-factor. She said the three-factor was used to determine the profit of a particular project, and she was directed to add time worked to the project to increase the profit. Montgomery said she added time, usually in half hour increments, to pre-bills and gave them to Eisold, who added more time. As time went on Montgomery said she added hours that weren't worked to pre-bills to achieve the three-factor. When Eisold was finished making changes to the bills or approving her bills he would give them to Montgomery to take to the Accounting Department. Eisold had the final say on the finished version of the pre-bills. Montgomery recalled that Ross Boucher and Managing Director David Jones had particular interest in several clients and wanted to review the bills for projects worked for those clients. Montgomery said Ross Boucher and David Jones would normally add hours to the bills they reviewed.

On July 14, 2020, Your Affiant interviewed Charles Dietz former employee of Boucher and James. Dietz said he was hired in 2005 hired a construction inspector. Dietz went to construction sites to see if the work was being done to consistent with the plans. Eventually he became a supervisor of the inspectors. Dietz reported to Dave Horton initially and when Horton left the company he reported to Mark Eisold. Time sheets were given to the office manager, Collette Gerstenburg, who submitted them to David Horton for approval. Mark Eisold told him personally that he (Eisold) didn't want any unbillable time on his time sheet. He explained that, during inclement weather, he was instructed to find jobs and bill for Erosion and Settlement Control even if he didn't go to the site and perform an inspection. For example, if he inspected a strip mall site in Township "A" that took 2 hours, Eisold expected him to bill another 2 hours for inspecting a site in Township "B" even though he never went to that site. Dietz questioned Eisold on that practice and Eisold told him not to question him and that was how it is done. This practice was discovered by some of the contractors who were on the job sites and didn't see any inspectors there on the dates that were billed. This happened more than once, and Dietz referred all questions

****** Continued ******

to Mark Eisold. Dietz said Dave Horton left Boucher & James because of these improper billing practices.

On August 13, 2020, Special Agent Daniels interviewed David Horton, who said he started working for Boucher and James in 2004. Horton said he was a Project Manager who worked under Mark Eisold on municipal projects. Horton said that during his third year with the company he discovered that hours that weren't worked were being added to his invoices. He brought the matter to the attention of David Jones and Ross Boucher. In a subsequent meeting with Jones and Boucher over the practice of adding time, Jones promised Horton "We will

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### 🛡 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: / / | OTN/LiveScan Number | Complaint/Incident Number 43-1521 |
|---|---|---|---|
| Defendant Name: | First: ROSS | Middle: G | Last: BOUCHER |

look at this policy." Horton said he planned an exit strategy from Boucher and James and left the company approximately one year later.

On August 27, 2020, Affiant Buck conducted an interview with Jerry Gorski, owner of Gorski Engineering, about his professional interactions with Boucher and James. Gorski acknowledged that Gorski Engineering has worked with Boucher and James on multiple projects. Gorski said that Boucher and James worked with Richland Township, Bucks County on the township's construction review process and construction inspection. Gorski Engineering worked with Boucher and James on several projects in Richland Township, beginning in 2008/2009. Gorski found that Boucher and James was overbilling for Construction Inspections for the work being done in the Northfield Business Campus project. Boucher and James quickly exhausted their escrow accounts with Richland Township which created suspicion. Gorski conducted an internal investigation and had evidence to support his allegations. When he voiced his concerns, Ross Boucher came to Gorski Engineering uninvited and got into a heated discussion with Gorski. Once Gorski presented the evidence of theft that Gorski had uncovered to Boucher, Ross Boucher entered into a restitution agreement with Gorski.

### **FORENSIC ACCOUNTING**

Forensic Accountants employed by the Pennsylvania Office of Attorney General were provided with Boucher & James employee labor detail reports from 2009 – 2018. The Forensic Accountants were also provided with invoices, employee timesheets, project detail reports, and full access to the company's accounting and billing software system. The accountants found an overbilling scheme in which hours were billed to clients that were not generated on the Boucher & James employee time sheets.

****** Continued ******

During the time period from 2009 through 2018, the investigation identified overbilling and/or fictitious billing practices relating to more than 150 clients including multiple municipalities. The total amount of theft committed by Boucher & James, Inc. is estimated at $2,083,377. A summary of the losses suffered by clients is attached hereto.

Employees were awarded bonuses based on company performance. As a result of the overbilling scheme theft, the managing directors were awarded bonuses they would not otherwise have received from 2015 through 2018. In 2014, the Managing Directors received a larger bonus as a result of the theft.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | / / | | 43-1521 |

| Defendant Name: | First:<br>ROSS | Middle:<br>G | Last:<br>BOUCHER |
|---|---|---|---|

Additionally, when the ESOP was created, the company shares were valued and purchased by the plan. As a result, the increased revenue due to theft prior to 2013 increased the value of the company for purposes of its conversion to the ESOP. Mark Eisold, David Jones and Judith Stern Goldstein were junior shareholders in Boucher & James before it became an ESOP. The increased value would have translated to Ross Boucher and the junior shareholders securing a higher sale price for the company upon conversion to the ESOP.

Based on the information received and the investigation conducted, I hereby respectfully request a warrant of arrest for ROSS BOUCHER on the charges listed within this complaint.

I, S.A. WENDELL A BUCK JR, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAT NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

SA Wendell A Buck Jr #602

(Signature of Affiant)

Sworn to me and subscribed before me this 14th day of December 2020

_____ Date

, Magisterial District Judge

My commission expires  first Monday of January, 2024

SEAL

AOPC 412A – Rev. 7/18

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 1 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LOWER MAKEFIELD TOWNSHIP | • | • | • | 37,359.25 | 51,470.50 | 85,697.25 | 106,999.25 | 106,567.25 | 132,885.25 | 2,993.25 | $523,972.00 |
| SPRINGFIELD TOWNSHIP | 6,950.75 | 66,385.25 | 61,040.00 | 57,988.75 | 56,118.50 | 43,188.00 | 59,324.50 | 49,010.50 | 49,786.75 | 14,290.50 | 464,083.50 |
| RICHLAND TOWNSHIP BOARD OF SUPERVISORS | 6,328.50 | 31,133.25 | 29,637.00 | 13,035.66 | 18,125.50 | 13,802.59 | 22,774.00 | 21,565.00 | 25,767.25 | 11,120.25 | 193,288.99 |
| BUCKS COUNTY WATER & SEWER AUTHORITY | • | 5,940.00 | 31,149.25 | 29,168.75 | 58,223.50 | 3,853.75 | 3,269.00 | 12,782.25 | 19,148.25 | 2,823.25 | 166,358.00 |
| SOUDERTON BOROUGH | 1,363.75 | 23,910.75 | 15,203.50 | 5,543.25 | 13,704.75 | 6,976.25 | 7,548.00 | 2,678.50 | 748.25 | 105.00 | 77,782.00 |
| CHELTENHAM TOWNSHIP | | | 158.50 | 356.00 | 7,509.50 | 10,201.50 | 25,504.75 | 9,667.25 | 3,436.39 | 5,538.21 | 62,572.10 |
| SMITHFIELD TOWNSHIP | 4,436.50 | 25,695.67 | 20,424.75 | 3,897.50 | 1,970.50 | 728.75 | • | 190.00 | • | 60.50 | 57,404.17 |
| IVYLAND BOROUGH | 656.30 | 11,879.75 | 5,963.75 | 6,528.50 | 6,976.00 | 5,181.25 | 3,452.75 | 4,329.75 | 6,596.25 | 1,197.50 | 52,761.80 |
| POCONO TOWNSHIP | 6,035.25 | 15,409.75 | 19,624.25 | 6,824.50 | 408.25 | 172.50 | • | • | 2,186.50 | • | 50,661.00 |
| LOWER SAUCON TOWNSHIP | 1,156.00 | 6,605.75 | 1,943.50 | 5,474.25 | 5,967.25 | 5,395.00 | 9,419.75 | 8,044.25 | 2,735.75 | 2,811.00 | 49,552.50 |
| EAST CALN TOWNSHIP | 419.75 | 14,150.25 | 10,977.50 | 7,532.25 | 2,561.75 | 3,397.00 | 3,315.75 | 2,185.75 | 2,600.00 | 1,141.50 | 48,281.50 |
| BOROUGH OF WILSON | 2,965.00 | 14,604.75 | 9,757.25 | 7,397.25 | 4,833.25 | 1,053.75 | 682.00 | • | • | • | 41,293.25 |
| DOYLESTOWN TOWNSHIP | 907.25 | 1,919.25 | 1,459.00 | 3,579.25 | 4,203.50 | 4,309.75 | 5,351.12 | 5,248.25 | 5,181.75 | 4,145.00 | 36,304.12 |
| MONTGOMERY TOWNSHIP | 1,052.50 | 4,130.00 | 855.00 | 5,064.25 | 4,460.50 | 3,912.74 | 4,306.75 | 2,967.00 | 4,152.14 | 4,349.26 | 35,250.14 |
| DELAWARE WATER GAP BOROUGH | 215.00 | 7,683.25 | 4,187.00 | 4,293.00 | 5,065.00 | 1,304.50 | • | 45.00 | • | • | 22,792.75 |
| STROUD TOWNSHIP BOARD OF SUPERVISORS | 9,279.17 | 10,692.00 | • | • | • | • | • | • | • | • | 19,971.17 |
| BARRETT TOWNSHIP | 560.25 | 8,614.50 | 3,116.50 | 2,002.50 | 2,097.00 | 983.00 | 171.50 | 799.75 | 209.00 | • | 18,554.00 |
| BAYER CROPSCIENCE LP | • | 1,244.00 | 12,980.75 | 1,304.75 | 1,743.50 | 762.00 | 518.00 | • | • | • | 18,553.00 |
| WARMINSTER TOWNSHIP | • | • | • | • | • | • | • | 3,827.00 | 3,321.50 | 5,310.75 | 12,459.25 |
| WRIGHTSTOWN TOWNSHIP | • | 1,477.75 | 114.25 | 917.25 | 577.00 | 1,595.50 | 868.50 | 1,919.11 | 3,725.00 | 1,084.00 | 12,278.36 |
| NEWTOWN TOWNSHIP | • | 154.50 | 1,360.00 | 1,190.50 | 3,383.75 | 758.00 | 1,918.50 | 1,499.00 | 1,286.25 | 299.50 | 11,850.00 |
| LEHMAN TOWNSHIP BOARD OF SUPERVISORS | • | 2,089.50 | 150.00 | 208.75 | 7,478.50 | 1,283.00 | • | 58.00 | • | • | 11,267.75 |
| QUAKERTOWN COMMUNITY SCHOOL DISTRICT | • | • | • | • | • | 280.00 | 10,341.00 | 66.50 | 365.50 | 29.50 | 11,082.50 |
| NORTH WALES BOROUGH | • | • | • | • | 2,877.00 | 3,333.50 | 2,979.75 | 1,055.00 | 610.00 | 103.75 | 10,959.00 |
| UPPER SAUCON TOWNSHIP | • | • | • | • | • | • | • | • | 10,372.50 | • | 10,372.50 |
| BUSHKILL TOWNSHIP | 191.25 | 290.00 | 214.50 | 290.00 | 281.50 | 7,256.50 | 98.00 | • | • | 750.00 | 9,371.75 |
| PLUMSTEAD TOWNSHIP | • | 2,179.00 | • | 417.50 | 3,144.25 | 749.50 | 263.50 | 615.25 | • | • | 7,369.00 |
| DELAWARE TOWNSHIP | • | • | • | 240.00 | 1,383.00 | 1,201.50 | 203.00 | 810.50 | 1,401.50 | 100.50 | 5,340.00 |
| PRICE TOWNSHIP | 298.00 | 3,494.25 | 420.00 | 245.00 | • | • | • | • | 18.75 | • | 4,476.00 |
| KORMAN COMMERCIAL PROPERTIES | • | • | • | • | • | • | • | • | 4,417.50 | • | 4,417.50 |
| YARDLEY BOROUGH SEWER AUTHORITY | 1,748.50 | 1,722.25 | 414.50 | 110.00 | • | • | • | • | • | • | 3,995.25 |
| JENKINTOWN BOROUGH | • | • | • | • | • | 18.50 | 3,590.00 | 64.50 | • | • | 3,673.00 |
| CENTRAL BUCKS SCHOOL DISTRICT | • | • | 980.00 | • | • | • | • | • | 2,527.00 | • | 3,507.00 |
| POPLAR REALTY, L.P. | • | • | 3,364.00 | • | • | • | • | • | • | • | 3,364.00 |
| HERITAGE CONSERVANCY | • | • | 3,344.50 | • | • | • | • | • | • | • | 3,344.50 |
| 3355 HIGH POINT, L.L.C. | • | • | • | • | • | • | • | 3,231.50 | • | • | 3,231.50 |
| DUBLIN BOROUGH | 460.00 | 467.00 | 16.50 | 29.00 | • | • | 61.00 | 241.25 | 751.50 | 674.00 | 2,700.25 |
| PA RECREATION & PARK SOCIETY, INC. | • | • | • | 2,482.25 | • | • | • | • | • | • | 2,482.25 |
| HILLTOWN TOWNSHIP | 761.25 | 1,582.50 | • | • | • | • | • | • | • | • | 2,343.75 |
| CLEAN HARBORS ENVIRONMENTAL, INC. | • | • | • | • | • | • | 408.50 | 1,621.25 | • | • | 2,029.75 |
| BOROUGH OF PHOENIXVILLE | • | • | • | 174.00 | 1,744.00 | 108.50 | • | • | • | • | 2,026.50 |
| NORTH PENN WATER AUTHORITY | • | • | • | • | • | • | 1,428.50 | 306.50 | 145.25 | • | 1,880.25 |
| COUNTY OF BUCKS | • | • | • | • | 1,645.50 | • | • | • | • | • | 1,645.50 |
| DOYLESTOWN PRESBYTERIAN CHURCH | 87.00 | 1,475.75 | • | • | • | • | • | • | • | • | 1,562.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 2 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LYNNEWOOD REAL ESTATE LIMITED PARTNERSHIP | | | | | 1,450.50 | | | | | | 1,450.50 |
| SIGNATURE HOMES BY J.T. MALONEY | 341.75 | 56.25 | 258.00 | 123.50 | 251.00 | 187.25 | 159.25 | 64.00 | | | 1,441.00 |
| DOYLESTOWN HOSPITAL | 593.50 | 712.00 | 24.25 | | | | | | | | 1,329.75 |
| ICF INTERNATIONAL INVESTIGATOR | | 1,202.50 | 57.50 | | | | | | | | 1,260.00 |
| BUCKS COUNTY | | | | | | 390.00 | 799.00 | | | | 1,189.00 |
| THE MUNICIPALITY OF NORRISTOWN | | | | 1,152.50 | | | | | | | 1,152.50 |
| K & G PROPERTIES | 983.25 | | 31.50 | | | | | | 1.50 | | 1,016.25 |
| TRUMARK FINANCIAL CREDIT UNION | | | | | 976.00 | | | | | | 976.00 |
| T C G REALTY, L.P. | | 267.50 | 641.50 | | | | | | | | 909.00 |
| ESTATE OF GORDON L. STOTT, DANA STOTT COHEN, EXECUTRIX | | | | | 873.00 | | | | | | 873.00 |
| RICHLAND TOWNSHIP WATER AUTHORITY | | 379.75 | 414.25 | | | | 61.50 | | | | 855.50 |
| KREISER & ASSOCIATES, P.C. | | | | | | | | | 776.75 | | 776.75 |
| COUNTY BUILDERS, INC. | | | | | 498.00 | 147.25 | | 64.00 | | | 709.25 |
| BONUCCI MASONRY | | | | | | | | | | 706.00 | 706.00 |
| NORTHERN NEW JERSEY COUNCIL | | | | | 669.75 | | | | | | 669.75 |
| NORWOOD-MCMANUS a Joint Venture, LLC | | 503.50 | | | | | | | | 165.00 | 668.50 |
| NYLES AND KITTY POSSINGER | | | | | 193.00 | | | 224.00 | 120.00 | 114.50 | 651.50 |
| LUTHERAN COMMUNITY AT TELFORD | 64.00 | 580.25 | | | | | | | | | 644.25 |
| MORTENSON CONSTRUCTION | | | | | 623.50 | | | | | | 623.50 |
| WINGS FIELD PRESERVATION ASSOCIATES | | | | | 504.00 | 95.25 | | | | | 599.25 |
| FALMER & BARR | | | | | | | | | 594.50 | | 594.50 |
| OUR LADY OF CZESTOCHOWA | | 584.50 | | | | | | | | | 584.50 |
| PULTE HOME CORPORATION | | 431.25 | 62.50 | 46.25 | | | | | | | 540.00 |
| THE BOROUGH OF BIRDSBORO AUTHORITY | | | | 323.25 | 212.50 | | | | | | 535.75 |
| HELLERTOWN BOROUGH | | | | | 533.33 | | | | | | 533.33 |
| NORTHAMPTON TOWNSHIP | | | 522.00 | | | | | | | | 522.00 |
| CALATLANTIC | | | | | | | | | 503.00 | | 503.00 |
| REESE CONSTRUCTION | | | | | 494.00 | | | | | | 494.00 |
| WHITPAIN TOWNSHIP | | | | | | | | | | 483.00 | 483.00 |
| MID-ATLANTIC CONSTRUCTION, INC. | | | | | | | 380.50 | | 86.50 | | 467.00 |
| IRWIN WEINER | | | | | | | | 64.00 | 371.00 | | 435.00 |
| SOIL SERVICES COMPANY, INC. | | | | | | | 435.00 | | | | 435.00 |
| HERITAGE RESIDENTIAL | | 433.50 | | | | | | | | | 433.50 |
| GARDNER FOX ASSOCIATES, INC. | | | 13.75 | | | | | 81.00 | 312.00 | | 406.75 |
| SITE SYSTEMS, L.L.C. | | | | | 405.00 | | | | | | 405.00 |
| ANCHOR HEALTH DEVELOPMENT, L.L.C. | | | | | | | | | 388.50 | | 388.50 |
| EQUITY LIFESTYLE PROPERTIES | | | | 386.00 | | | | | | | 386.00 |
| WATSON BLACK LIMITED | | 320.00 | | | | | | | | | 320.00 |
| TEMPLE PARTNERS I, LP | | | | | | 316.00 | | | | | 316.00 |
| UNIVEST BANK AND TRUST CO. | | 55.00 | | | | | 242.00 | | | | 297.00 |
| JOHN A. ARROW CUSTOM HOMES, INC. | | | 290.00 | | | | | | | | 290.00 |



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 3 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DENNIS & MELODY EBLE | • | • | 55.25 | • | 226.00 | • | • | • | • | • | 281.25 |
| HABITAT FOR HUMANITY OF BUCKS COUNTY | | 173.25 | 106.75 | | | | | | | | 280.00 |
| EAST ROCKHILL TOWNSHIP | • | • | 46.00 | • | • | • | • | • | • | 232.00 | 278.00 |
| STEPHEN TAKACH | 210.00 | 67.75 | | | | | | | | | 277.75 |
| G.H. PASTOR & SONS | • | • | • | • | • | 262.00 | • | • | • | • | 262.00 |
| YOUGHIOGHENY RIVERKEEPER MOUNTAIN | • | • | 260.50 | • | • | • | • | • | • | • | 260.50 |
| GEORGE CENIVIVA | • | • | • | • | • | 258.00 | • | • | • | • | 258.00 |
| WILSHIRE HUNT CONDOMINIUM ASSOCIATION | • | • | • | • | 243.00 | • | • | • | • | • | 243.00 |
| WORTHINGTON & SPINIEO POCONO HOLDINGS, INC. | • | • | • | • | 67.00 | 169.00 | • | • | • | • | 236.00 |
| TINICUM TOWNSHIP | • | • | 232.00 | • | • | • | • | • | • | • | 232.00 |
| CAPITAL GROWTH BUCHALTER | • | • | • | • | 224.00 | • | • | • | • | • | 224.00 |
| W.B. HOMES, INC. | 58.00 | 159.50 | • | • | • | • | • | • | • | • | 217.50 |
| FIRST NORTHERN BANK AND TRUST COMPANY | • | • | • | • | • | • | • | • | 202.00 | • | 202.00 |
| FLOWER CONSTRUCTION | • | • | • | • | • | • | 195.00 | • | • | • | 195.00 |
| CARL SHAFER | • | • | • | 188.00 | • | • | • | • | • | • | 188.00 |
| TOWN TITLE AGENCY, L.L.C. | • | • | • | • | • | • | • | • | • | 187.00 | 187.00 |
| JIM TOTH | • | • | • | 183.00 | • | • | • | • | • | • | 183.00 |
| BRADFORD GREENE CONDO ASSOCIATION | • | • | • | • | • | • | 181.00 | • | • | • | 181.00 |
| STEVEN GRABOWSKI | • | 100.25 | 75.00 | • | • | • | • | • | • | • | 175.25 |
| IVY REALTY SERVICES, L.L.C. | • | • | • | • | • | • | • | • | • | 175.00 | 175.00 |
| E. ALLEN REEVES, INC. | • | • | • | 45.00 | 68.25 | • | 58.75 | • | • | • | 172.00 |
| HALLMARK HOMES PA, L.L.C. | • | • | • | • | • | 169.00 | • | • | • | • | 169.00 |
| TRI COUNTY PEDIATRICS | • | • | • | • | • | 168.00 | • | • | • | • | 168.00 |
| KELLY ENCK | • | • | • | • | • | • | • | 167.50 | • | • | 167.50 |
| JACKSON TOWNSHIP | 167.00 | • | • | • | • | • | • | • | • | • | 167.00 |
| HOLZ AND HENRY | • | • | • | • | 68.25 | 91.00 | • | • | • | • | 159.25 |
| SANTO LANZAFAME | • | • | • | • | • | • | • | 159.00 | • | • | 159.00 |
| F.S. MECHANICAL | • | 154.25 | • | • | • | • | • | • | • | • | 154.25 |
| BERKS RIDGE COMPANY ENTERPRISES, INC. | • | • | • | • | • | 58.00 | • | • | • | 86.50 | 144.50 |
| CITY OF BETHLEHEM | • | • | • | • | • | • | • | • | 142.00 | • | 142.00 |
| KELLER AND COMPANY, INC. CONSTRUCTION MANAGERS | | | | 135.50 | | | | | | | 135.50 |
| VINCENT TRAPASSO | • | • | • | • | 135.00 | • | • | • | • | • | 135.00 |
| DAVID CACCAVO | • | • | • | • | • | • | • | • | 134.00 | • | 134.00 |
| AMERICAN HERITAGE FEDERAL CREDIT UNION | | | | 134.00 | | | | | | | 134.00 |
| BOROUGH OF CONSHOHOCKEN | • | • | • | • | • | • | • | • | 132.00 | • | 132.00 |
| AMERICAN SITEWORK, L.L.C. | • | • | • | • | • | • | 122.00 | • | • | • | 122.00 |
| FIDELITY NATIONAL TITLE GROUP | • | • | • | 109.00 | • | • | • | • | • | • | 109.00 |
| D.TROZZI AND SON CONSTRUCTION,INC. | • | • | • | • | • | 106.00 | • | • | • | • | 106.00 |
| TODD RICHMOND | • | • | 72.50 | • | • | • | • | 32.00 | • | • | 104.50 |
| THOMAS THOMAS | • | • | • | 99.00 | • | • | • | • | • | • | 99.00 |
| BUCKS COUNTY WELL DRILLING, INC. | | | | 97.25 | | | | | | | 97.25 |
| CHARLENE PILKO | • | • | 95.50 | • | • | • | • | • | • | • | 95.50 |
| SAWMILL HEIGHTS, L.L.C. | • | • | 95.50 | • | • | • | • | • | • | • | 95.50 |
| KATHLEEN ALBRECHT | • | • | • | • | 91.00 | • | • | • | • | • | 91.00 |
| LOWER MILFORD TOWNSHIP | • | 89.75 | • | • | • | • | • | • | • | • | 89.75 |

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Exhibit A
Page 4 of 4

# Exhibit A

| Client | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MOORE TOWNSHIP | • | • | 85.00 | • | • | • | • | • | • | • | 85.00 |
| CALVARY ASSEMBLY OF GOD | • | • | • | • | 79.50 | • | • | • | • | • | 79.50 |
| CONTINENTAL PROPERTY MANAGEMENT, INC. | • | • | • | • | • | 79.50 | • | • | • | • | 79.50 |
| HERITAGE BUILDING GROUP, INC. | • | • | • | 79.50 | • | • | • | • | • | • | 79.50 |
| CHARLES FRITZ | • | • | • | • | • | • | • | • | 77.00 | • | 77.00 |
| HART LYMAN COMPANIES, L.L.C. | • | • | 75.50 | • | • | • | • | • | • | • | 75.50 |
| PINE RUN CONSTRUCTION | • | • | • | 75.25 | • | • | • | • | • | • | 75.25 |
| RYAN HOMES, INC. | • | 72.50 | • | • | • | • | • | • | • | • | 72.50 |
| HERITAGE PROPERTIES GROUP, L.L.C. | • | • | • | • | • | • | • | 41.75 | 30.00 | • | 71.75 |
| PA BIOTECHNOLOGY CENTER | • | • | • | • | • | 71.00 | • | • | • | • | 71.00 |
| SATISH HARIPRASAD | • | • | • | • | • | • | • | • | 67.00 | • | 67.00 |
| RIVERWOODS AT NEW HOPE COMMUNITY ASSOCIATION | • | • | • | • | • | • | • | • | 67.00 | • | 67.00 |
| SAMALL PROPERTIES, INC. | • | • | • | 67.00 | • | • | • | • | • | • | 67.00 |
| APPLEBUTTER DEVELOPMENT ASSOCIATES, L.P. | • | 65.00 | • | • | • | • | • | • | • | • | 65.00 |
| RICK LYONS | • | • | • | 16.50 | • | 45.50 | • | • | • | • | 62.00 |
| CLEMONS, RICHTER & REISS, P.C. ATTORNEYS AT LAW | • | • | • | • | • | 61.00 | • | • | • | • | 61.00 |
| J.H. GREEN AND SON, INC. | • | • | • | • | 61.00 | • | • | • | • | • | 61.00 |
| PUBLIC INTEREST LAW CENTER OF PHILADELPHIA | • | • | • | 60.50 | • | • | • | • | • | • | 60.50 |
| WESTRUM DEVELOPMENT CO. | • | • | • | • | • | 60.00 | • | • | • | • | 60.00 |
| MILFORD LANDING CONDOMINIUM ASSOCIATION | • | 37.00 | • | • | 22.50 | • | • | • | • | • | 59.50 |
| NATURAL LANDS TRUST | • | • | 59.25 | • | • | • | • | • | • | • | 59.25 |
| DREW KINSLOW | • | • | • | 57.50 | • | • | • | • | • | • | 57.50 |
| UPPER MOUNT BETHEL TOWNSHIP | • | 50.00 | • | • | • | • | • | • | • | • | 50.00 |
| BESKO OUTDOOR SIGNS, L.L.C. | • | • | • | • | • | • | • | 49.50 | • | • | 49.50 |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P. | • | • | • | • | • | • | • | • | • | 48.00 | 48.00 |
| JAMES J GORMLEY | • | • | 15.25 | • | • | 30.50 | • | • | • | • | 45.75 |
| DAVE SCHMAUK | • | • | • | 45.00 | • | • | • | • | • | • | 45.00 |
| LEHMAN TOWNSHIP WATER AND SEWER AUTHORITY | • | • | • | • | • | 45.00 | • | • | • | • | 45.00 |
| MCNAMARA, BOLLA & PANZER | • | • | • | • | 41.00 | • | • | • | • | • | 41.00 |
| RBDP, L.L.C. | • | 39.75 | • | • | • | • | • | • | • | • | 39.75 |
| FNCB | • | 22.50 | • | • | • | • | • | • | • | • | 22.50 |
| MARGARET POWELL | • | • | • | 20.69 | • | • | • | • | • | • | 20.69 |
| CITY OF MILLVILLE | • | • | • | • | • | • | • | 16.00 | • | • | 16.00 |
| PATRICIA KELLER | • | • | • | • | • | • | 11.75 | • | • | • | 11.75 |
| Totals | 48,289.47 | 271,488.17 | 242,445.00 | 207,298.09 | 276,993.83 | 210,282.83 | 277,443.12 | 242,358.61 | 285,520.53 | 63,984.21 | 2,126,103.86 |

# EXHIBIT C

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



EXHIBIT
5A

# CONTRACT OF PROFESSIONAL EMPLOYMENT
## FOR THE HIRING OF A PROFESSIONAL MUNICIPAL ENGINEERING CONSULTANT AND PLANNING AND ZONING CONSULTANT FOR CHELTENHAM TOWNSHIP, PENNSYLVANIA

**THIS AGREEMENT,** made and entered into this 31st day of December, 2012 by and between the **TOWNSHIP OF CHELTENHAM**, having its principal place of business at 8230 Old York Road, Elkins Park, PA 19027-1589, (hereinafter referred to as the "TOWNSHIP") and BOUCHER & JAMES, INC. CONSULTING ENGINEERS, having its principal place of business at Fountainville Professional Building, 1456 Ferry Road, Building 500, Doylestown, Pennsylvania 18901(hereunder referred to as "CONSULTANT").

### W I T N E S S E T H

WHEREAS, the Cheltenham Township Administration has determined that there exists a need to provide professional municipal consulting services to assist the Township with day-to-day municipal engineering consulting services; planning and zoning consultant services, and staffing the Township's offices of the Building and Zoning Department by siting a limited number of office hours, and;

WHEREAS, the Township believes it would be in its best interest to provide for these services including, but not limited to, the services as set forth in this Agreement; and

WHEREAS, the Municipal Bidding and Contract Requirements referenced in Article XIII, §C1207 of the Code of the Township of Cheltenham requires the execution of a written contract for the provision of professional services, which contract may be awarded without competitive bidding as enumerated in §C-1207.C (5) of the Code; and

WHEREAS, the proposal for municipal engineering and planning and zoning services has been solicited in October 19, 2012 and it was recommended by the Acting Township Manager to the Public Works Committee at its meeting on November 14, 2012, that a professional services contract be awarded to Boucher & James Inc., Consulting Engineers, Inc., Fountainville Professional

- 1 -

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Building, 1456 Ferry Road, Building 500, Doylestown, Pennsylvania 18901, for

the performance of the scope of work outlined in the engineer's proposal dated,

October 23, 2012, attached hereto and identified as Appendix "A;" and

WHEREAS, the Cheltenham Township Board of Commissioners

reviewed the Public Works Committee's comments and at its Regular Meeting on

November 20, 2012, and voted unanimously to authorize the award of a

professional services contract to Boucher & James, Inc. Consulting Engineers, in

the amount of not to exceed $12,154 for the months November and December

2012 and $12,549 for the months January and February, 2013.

NOW, THEREFORE, in consideration of the mutual covenants, terms and

conditions, the parties hereby agree as follows:

1.    **SCOPE OF SERVICES**.  The Township desires to engage the

professional consultant services for municipal engineering and planning and

zoning for the Township of Cheltenham.

2.    **COMPENSATION**.  The Township agrees to pay the Consultant

the sum not to exceed $12,154 for the Basic Services provided for November and

December 2012 and $12,549 for January and February 2013, as set forth in the

Consultants' response dated October 23, 2012, being within existing budgetary

limitations of the salary of the previous Building, Zoning & Inspections

department head.  Nothing in this Contract shall be interpreted to allow, or intends

to imply, that the Consultant shall be compensated for more than the amount

authorized by this Contract for professional services unless amended according to

law.  In the event costs for professional services exceed $12,154 and $12,549

respectively, written Township authorization will be required for said additional

services.  The Consultant agrees to advise the Township, in writing, within a

reasonable time prior to exceeding such limit, that it expects to exceed such limit

and shall state the reasons for said additional services prior to the commencement

of work.  The proposal shall specify in writing:

   a.    Scope of additional services.
   b.    Time schedule for completion of additional services.
   c.    Estimated man-hours.
   d.    Total cost for completion of additional services

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

All billing statements and invoicing shall be itemized with a narrative description of the tasks performed, a listing of all time spent for the billing period, percentage of project budget expended, percentage of project budget completed, the amount of the Contract price remaining, and the submission of the appropriate payment voucher(s).

The Township shall make payment to the Consultant not later than the fourth Friday of the month of an invoice received and accepted by the Township not later than the fourth Friday of the preceding month.

3.   TERM.  The term of the Contract shall take effect immediately upon execution and the Consultant agrees that its design work shall be completed in accordance with the anticipated project schedule set forth in the proposal dated October 23, 2012.  All work set forth in the contract shall be completed by February 28, 2013 and may be extended on a month-to-month basis as needed.

4.   **TOWNSHIP RESPONSIBILITIES**.  Upon consultation with the Consultant, the Township shall furnish to the Consultant for the performance of the professional services any and all data and studies requested by the Consultant, which the Township deems necessary for the performance of the service.  The Township shall take any and all necessary action to assure access to any and all properties within the Township of Cheltenham deemed necessary for the purpose of this service.  Upon the acceptance and signing of this Contract, the Township will provide the Consultant with both the appropriate forms and the appropriate Contract authorization number necessary for payment of services to the Consultant.

The Consultant will provide the Township with a written receipt listing all documents obtained from the Township and agrees to return all documents reviewed on or before the completion date of the Contract.

All payment, notices, and correspondence for the Consultant shall be addressed to Boucher & James, Inc., Fountainville Professional Building, 1456 Ferry Road, Building 500, Doylestown, Pennsylvania 18901.

5.   **CONSULTANT'S RESPONSIBILITIES**.  The Consultant shall perform the aforementioned services in an efficient and expeditious manner.  The

-3-

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM; Fee = $0.00; The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Consultant shall be responsible to ensure that both the time constraints and the financial constraints of this Contract are not compromised without adequate written notification and explanation as to the nature of such compromise. The Consultant shall be responsible to submit proper documentation for payment of services authorized by this Contract in a manner prescribed by the Township and according to law and set forth in the Consultant's proposal dated October 23, 2012.

All notices, correspondence, copies of work products, progress reports, and billing statements and invoices for the Township shall be addressed to the Township of Cheltenham, Office of the Acting Township Manager, 8230 Old York Road, Elkins Park, Pennsylvania, 19027-1589.

6.   **DELIVERABLES.** The deliverables to be submitted are those outlined in the proposal dated October 23, 2012.

7.   **INSURANCE.** During the term of this Agreement, the Consultant shall maintain and continue in full force and effect a policy of insurance indemnifying itself against any and all forms of professional malpractice and/or other types of liability in a minimum amount of $1,000,000.00, and maintain coverage for standard worker's compensation in a minimum amount of $500,000, and coverage's for general liability and automobile liability in a minimum amount of $1,000,000. The Consultant shall provide to the appropriate officials of the Township of Cheltenham a copy of a Certificates of Insurance listing the Township as an additional insured as verification of the existence of said insurance policy. Said officials shall review the certificates for sufficiency.

8.   **HOLD HARMLESS.** The Consultant shall indemnify and save harmless the Township, its officers, employees and agents from all claims, suits or causes of actions brought against the said Consultant on account of any bodily injuries or property damages received or sustained by any party or parties by or from the acts of the Consultant or its servants, agents and employees, in doing the work and rendering the professional services herein contracted for, or by or in consequence of any negligence in operations or any improper material or equipment used, or on account of any acts of errors or omissions of the Consultant

- 4 -

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

or of its servants, agents and employees; or on account of or in consequence of the performance of its professional services under this Contract. This indemnity shall include attorneys' fees and costs and all other expenses incurred in the defense of any suit.

9. **AFFIRMATIVE ACTION LANGUAGE**. During the performance of this Contract, the Consultant agrees as follows:

The Consultant, where applicable, will not discriminate against any employees or applicant for employment because of age, race, creed, color, national origin, ancestry, marital status, sex affection or sexual orientation. The Consultant will take affirmative action to ensure that such applicants are recruited and employed, and that employees are treated during employment, without regard to their age, race, creed, color, national origin, ancestry, marital status, sex, affection or sexual orientation, and conform with the applicable employment goals, consistent with the statutes and court decisions of the Commonwealth of Pennsylvania, and applicable Federal law and applicable Federal Court decisions. Such action shall include, but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

10. **AMERICANS WITH DISASBLITIES ACT.** The Consultant shall comply with the standards of the American With Disabilities Act (ADA) where applicable during the course of performing the professional services under this Contract.

11. **OWNERSHIP OF DOCUMENTS.** All documents, including plans, designs, specifications, field notes, reports, computer files, etc. prepared by the Consultant pursuant to this Agreement are the property of the Township, and shall be turned over to the Township with the Consultant's final invoice.

12. **WAIVER.** Failure of either party of this Agreement to enforce, at any time, any provisions of this Agreement shall not constitute a waiver of such provisions.

- 5 -

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13. **GOVERNING LAW.** This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

14. **AGREEMENT.**

    A.   This Agreement contains the whole Agreement between the Township and the Consultant, and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind.

    B.   This Agreement shall be binding upon the respective heirs, executors, administrators, successors, and assigns of the parties hereto, and neither party shall assign its rights under this without the written consent of the other party.

    C.   Nothing contained in this Agreement nor the performance of the parties hereunder shall insure to the benefit of any third party.

15. **MEDIATION.** All claims, disputes, and controversies arising out of or in relation to the performance, interpretations, application, or enforcement of this Agreement, including but not limited to breach thereof, shall be referred to mediation under the then current Construction Industry Mediation Rules of the American Arbitration Association prior to any recourse to arbitration or a judicial forum.

16. **SEVERABILITY.** If any one or more of the provisions contained in this Agreement, for any reasons are held to be invalid, or enforceable, in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provisions had never been contained herein.

17. **RIGHT-TO- KNOW LAW.** Provider agrees that it will, when requested by Client, cooperate with the Client in complying with the Pennsylvania Right-to-Know Law, 65 P.S. §67.101, *et seq.*, and all other similar laws, in responding to requests for records made under such laws. Client's cooperation shall include, but not necessarily be limited to, prompt communication with the Client regarding the existence of a record, the length of the record and other information requested by the Client, adherence to the fee schedule issued by the Client for any costs associated with producing or providing access to the record and promptly providing access to or copies of the record. If Provider fails to cooperate with the Client in response to a request for a public record, then

- 6 -

Provider shall indemnify the Client for any and all costs incurred, including attorneys' fees of the Client, as well as any costs, including any attorneys' fees of the requester, fines or other penalties imposed upon the Client by a court of competent jurisdiction relating to Provider's failure to cooperate with the Client.

18.    **FORCE MAJEURE.**  Cheltenham Township and Boucher and James, Inc. agree that there shall be no liability on the part of either party for any failure or delay in the performance of any obligation thereunder resulting from any cause beyond their reasonable control; acts of God; acts or omissions of civil or military authority; fires; floods; epidemics; quarantine restrictions; severe weather; strikes; embargoes; wars; political strife; riots; delays in transportation; fuel; power; materials or labor shortages.

19.    **TERMINATION.**  The Township reserves the right to terminate this Contract upon fifteen (15) days notice.  The Consultant may terminate this Contract upon fifteen (15) days notice in the event of the Township fails to comply with its responsibilities under the terms of this Agreement.

IN WITNESS WHEREOF, the parties have hereto set their hands and seals, intending to be legally bound by the date first above written.

ATTEST:                                   TOWNSHIP OF CHELTENHAM

_____                   _____
Joseph L. Galdo                           Bryan T. Havir
Assistant Township Manager                Acting Township Manager
Acting Director of Fiscal Affairs

ATTEST:                                   Boucher & James, Inc., Consulting Engineers

_____                   BY: _____
Signature                                      Ross G. Boucher, P.E.   12/19/12
                                               President

_____
Name Printed
David R Jonas

- 7 -

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $6.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00—The filer certifies that this filing complies with the provisions of the Public-Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# APPENDIX "A"

The value for the engineer between 11/5 through 12/31 was $5,904.00. The engineer will be in the Township office 8 hours per week. With evening hours for public meetings included, the hours are not to exceed 36 hours per month.

The value for the zoning officer between 11/19 through 12/31 is $6,250.00. The zoning officer will be in the Township office 16 hours per week. With evening hours for public meetings included, the hours are not to exceed 72 hours per month.

- 8 -

# EXHIBIT D

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case # 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



EXHIBIT
5 H

# Township of Cheltenham

### Montgomery County, Pennsylvania

**Board of Commissioners**
Art Haywood, President
Harvey Portner, Vice President
Kathy A. Hampton
Charles D. McKeown
Daniel B. Norris
J. Andrew Sharkey
Morton J. Simon, Jr.

**Township Manager**
David G. Kraynik



**Administration Building**
8230 Old York Road
Elkins Park, PA 19027-1589

Phone:  215 887-1000
FAX:      215 887-1561
Website: cheltenhamtownship.org

**January 8, 2013**

Mr. Ross G. Boucher, P. E.
President
Boucher & James, Inc.
1456 Ferry Road, Building 500
Doylestown, PA  18901

RE:  Professional Services Contract

Dear Mr. Boucher:

Enclosed for your files, we are returning to you a fully executed contract for professional planning services dated December 31 2012 in the amount of $12,154.00 for the months of November and December 2012 and for $12,549.00 for the months of January and February 2013 for the above referenced project.

If you have any questions, please feel free to contact me at the Township Administration Building, (215) 887-6200, ext. 112.  Thank you.

Sincerely,

Bryan T. Havir, P.P., AICP
Township Manager

BTH/km

Enclosure

cc:  Bruce Rangnow, Acting Director of Fiscal Affairs

*A Home Rule Charter Community*

# EXHIBIT E

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# CHELTENHAM TOWNSHIP
## 2012 RATE SCHEDULE

| | | |
|---|---|---|
| 101 | Engineer I | $ 88.00 |
| 102 | Engineer II | $ 82.00 |
| 103 | Engineer III | $ 72.00 |
| 141 | Designer I | $ 70.00 |
| 142 | Designer II | $ 68.00 |
| 143 | Designer III | $ 65.00 |
| 151 | CAD Operator I | $ 60.00 |
| 152 | CAD Operator II | $ 57.00 |
| 200 | Chief Surveyor | $ 85.00 |
| 201 | Surveyor | $ 77.00 |
| 211 | Survey Technician I | $ 55.00 |
| 212 | Survey Technician II | $ 52.00 |
| 215 | Technician | $ 49.00 |
| 232 | Survey Crew (2-men Robotic) | $110.00 |
| 401 | Landscape Architect I | $ 85.00 |
| 402 | Landscape Architect II | $ 80.00 |
| 411 | Planner/Designer I | $ 72.00 |
| 412 | Planner/Designer II | $ 70.00 |
| 413 | Planner/Designer III | $ 69.00 |
| 500 | Construction Coordinator | $ 80.00 |
| 501 | Construction Observer I | $ 60.00 |
| 502 | Construction Observer II | $ 55.00 |
| 505 | Chief Construction Observer | $ 65.00 |
| 600 | Environmental Hydrogeologist | $ 80.00 |
| 601 | Environmental Scientist | $ 78.00 |
| 630 | Environmental Technician | $ 55.00 |
| 901 | Principal | $ 90.00 |
| 920 | Administrative Assistant | $ 40.00 |



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CHELTENHAM TOWNSHIP
## 2013 RATE SCHEDULE
## 82

| Code | Title | Rate |
|------|-------|------|
| 101 | Engineer I | $ 88.00 |
| 102 | Engineer II | $ 82.00 |
| 103 | Engineer III | $ 72.00 |
| 141 | Designer I | $ 70.00 |
| 142 | Designer II | $ 68.00 |
| 143 | Designer III | $ 65.00 |
| 151 | CAD Operator I | $ 60.00 |
| 152 | CAD Operator II | $ 57.00 |
| 200 | Chief Surveyor | $ 85.00 |
| 201 | Surveyor | $ 77.00 |
| 211 | Survey Technician I | $ 55.00 |
| 212 | Survey Technician II | $ 52.00 |
| 215 | Technician | $ 49.00 |
| 232 | Survey Crew (2-men Robotic) | $110.00 |
| 401 | Landscape Architect I | $ 85.00 |
| 402 | Landscape Architect II | $ 80.00 |
| 411 | Planner/Designer I | $ 72.00 |
| 412 | Planner/Designer II | $ 70.00 |
| 413 | Planner/Designer III | $ 69.00 |
| 500 | Construction Coordinator | $ 80.00 |
| 501 | Construction Observer I | $ 60.00 |
| 502 | Construction Observer II | $ 55.00 |
| 505 | Chief Construction Observer | $ 65.00 |
| 600 | Environmental Hydrogeologist | $ 80.00 |
| 601 | Environmental Scientist | $ 78.00 |
| 630 | Environmental Technician | $ 55.00 |
| 901 | Principal | $ 90.00 |
| 920 | Administrative Assistant | $ 40.00 |

R:\Finance\ACCT\Rate Schedules\Cheltenham Township\2013 Cheltenham Township.doc

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



### CHELTENHAM TOWNSHIP
### 2014 RATE SCHEDULE
### 82

| | | |
|---|---|---|
| 101 | Engineer I | $ 88.00 |
| 102 | Engineer II | $ 82.00 |
| 103 | Engineer III | $ 72.00 |
| 141 | Designer I | $ 70.00 |
| 142 | Designer II | $ 68.00 |
| 143 | Designer III | $ 65.00 |
| 151 | CAD Operator I | $ 60.00 |
| 152 | CAD Operator II | $ 57.00 |
| 200 | Chief Surveyor | $ 85.00 |
| 201 | Surveyor | $ 77.00 |
| 211 | Survey Technician I | $ 55.00 |
| 212 | Survey Technician II | $ 52.00 |
| 215 | Technician | $ 49.00 |
| 232 | Survey Crew | $110.00 |
| 401 | Planner/Landscape Architect I | $ 85.00 |
| 402 | Planner/Landscape Architect II | $ 80.00 |
| 411 | Planner/Designer I | $ 72.00 |
| 412 | Planner/Designer II | $ 70.00 |
| 413 | Planner/Designer III | $ 69.00 |
| 500 | Construction Coordinator | $ 80.00 |
| 501 | Construction Observer I | $ 60.00 |
| 502 | Construction Observer II | $ 55.00 |
| 505 | Chief Construction Observer | $ 65.00 |
| 600 | Environmental Hydrogeologist | $ 80.00 |
| 601 | Environmental Scientist | $ 78.00 |
| 630 | Environmental Technician | $ 55.00 |
| 710 | Zoning Officer | $ 75.00 |
| 901 | Principal | $ 90.00 |
| 920 | Administrative Assistant | $ 40.00 |

Reimbursable expenses to be billed with a 15% administrative processing fee.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

 

**EXHIBIT 1B**

**Boucher & James, Inc.**
CONSULTING ENGINEERS

AN EMPLOYEE OWNED COMPANY

Fountainville Professional Building
1456 Ferry Road, Building 500
Doylestown, PA 18901
215-345-9400
Fax 215-345-9401

2738 Rimrock Drive
Stroudsburg, PA 18360
570-629-0300
Fax 570-629-0306

559 Main Street, Suite 230
Bethlehem, PA 18018
610-419-9407
Fax 610-419-9408

www.bjengineers.com

January 6, 2016

Bryan Havir, Manager
Cheltenham Township
8230 Old York Road
Elkins Park, PA 19027

**SUBJECT:   2016 MUNICIPAL RATE SCHEDULE**

Dear Bryan:

I am writing to thank you and the Board of Commissioners for the opportunity to serve as Township Engineer in 2015. I am also submitting our rate schedule for professional services for Cheltenham Township for the year 2016.

I am pleased to let you know we will not increase our rate schedule for professional services and will maintain our 2015 rates for you in 2016. As discussed, I have added a few titles for anticipated additional sewer engineering services.

Our fees are based upon the attached rate schedule, the complexity of the work performed, technology expenses, efficiencies and other similar factors for services rendered such as meetings, plan reviews, research, ordinance and report preparation, professional consultation and related services.

We look forward to working with you again in 2016. Should you have any questions or concerns, please feel free to contact me at your convenience as my assistance and cooperation are assured.

Sincerely,

David R. Jones
Managing Director

DRJ/bpa

Enclosure

cc:   Bruce Rangnow, Director of Fiscal Affairs

I:\USERS\Company\RATESCHE\2016 rates\Cheltenham Township 2016 Rate Letter.docx



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CHELTENHAM TOWNSHIP
## 2016 RATE SCHEDULE
### 82

| | | |
|---|---|---|
| 101 | Engineer I | $ 92.00 |
| 102 | Engineer II | $ 86.00 |
| 103 | Engineer III | $ 76.00 |
| 135 | Sewer Project Manager | $ 98.00 |
| 136 | Sewer Project Engineer | $ 95.00 |
| 141 | Designer I | $ 74.00 |
| 142 | Designer II | $ 71.00 |
| 143 | Designer III | $ 68.00 |
| 151 | CAD Operator I | $ 63.00 |
| 152 | CAD Operator II | $ 60.00 |
| 200 | Chief Surveyor | $ 89.00 |
| 201 | Surveyor | $ 81.00 |
| 211 | Survey Technician I | $ 58.00 |
| 212 | Survey Technician II | $ 55.00 |
| 215 | Technician | $ 51.00 |
| 232 | Survey Crew | $116.00 |
| 234 | Survey Crew w/Robotics | $116.00 |
| 401 | Planner/Landscape Architect I | $ 89.00 |
| 402 | Planner/Landscape Architect II | $ 84.00 |
| 411 | Planner/Designer I | $ 76.00 |
| 412 | Planner/Designer II | $ 74.00 |
| 413 | Planner/Designer III | $ 72.00 |
| 500 | Construction Coordinator | $ 84.00 |
| 501 | Construction Observer I | $ 63.00 |
| 502 | Construction Observer II | $ 58.00 |
| 505 | Chief Construction Observer | $ 68.00 |
| 600 | Environmental Hydrogeologist | $ 84.00 |
| 601 | Environmental Scientist | $ 82.00 |
| 630 | Environmental Technician | $ 58.00 |
| 710 | Zoning Officer | $ 79.00 |
| 901 | Principal | $ 94.00 |
| 920 | Administrative Assistant | $ 42.00 |
| 923 | Project Coordinator | $ 84.00 |

Reimbursable expenses to be billed with a 15% administrative processing fee.

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00~The filer certifies that this filing complies with the provisions of the Public-Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.





**Boucher & James, Inc.**
CONSULTING ENGINEERS

AN EMPLOYEE OWNED COMPANY
INNOVATIVE ENGINEERING

Fountainville Professional Building
1456 Ferry Road, Building 500
Doylestown, PA 18901
215-345-9400
Fax 215-345-9401

2756 Rimrock Drive
Stroudsburg, PA 18360
570-629-0300
Fax 570-629-0306
Mailing:
P.O. Box 699
Bartonsville, PA 18321

559 Main Street, Suite 230
Bethlehem, PA 18018
610-419-9407
Fax 610-419-9408

www.bjengineers.com

RECEIVED
JAN 08 2019
CHELTENHAM TOWNSHIP

January 4, 2019

Mr. Bryan Havir, Township Manager
Cheltenham Township
8230 Old York Road
Elkins Park, PA 19027

SUBJECT:   2019 MUNICIPAL RATE SCHEDULE

Dear Bryan:

I am writing to thank you and the Board of Commissioners for the opportunity to serve as Township Engineer in 2018. I am also submitting our rate schedule for professional services for Cheltenham Township for the year 2019. Please note that mark Eisold's hourly rate of $88.00 is unchanged and will be held at the same rate it has been since 2014.

Our fees are based upon the attached rate schedule, the complexity of the work performed, technology expenses, efficiencies and other similar factors for services rendered such as meetings, plan reviews, research, ordinance and report preparation, professional consultation and related services.

We look forward to working with you again in 2019. Should you have any questions or concerns, please feel free to contact me at your convenience as my assistance and cooperation are assured.

Sincerely,

David R. Jones
Managing Director

DRJ/kam

Enclosure

I:\Admin\RATESCHE\2019 Rates\Cheltenham Township 2019 Rate Letter.docx



Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CHELTENHAM TOWNSHIP
## 2019 RATE SCHEDULE
### 82

| | | |
|-----|------------------------------------------|----------|
| 101 | Engineer I | $ 88.00 |
| 102 | Engineer II | $ 86.00 |
| 103 | Engineer III | $ 75.50 |
| 135 | Sewer Project Manager | $102.75 |
| 136 | Sewer Project Engineer | $ 99.75 |
| 141 | Designer I | $ 73.50 |
| 142 | Designer II | $ 71.25 |
| 143 | Designer III | $ 68.25 |
| 151 | CAD Operator I | $ 63.00 |
| 152 | CAD Operator II | $ 59.75 |
| 200 | Chief Surveyor | $ 89.25 |
| 201 | Surveyor | $ 80.75 |
| 211 | Survey Technician I | $ 57.75 |
| 212 | Survey Technician II | $ 54.50 |
| 215 | Technician | $ 51.25 |
| 232 | Survey Crew | $115.50 |
| 234 | Survey Crew w/Robotics | $115.50 |
| 401 | Planner/Landscape Architect I | $ 89.25 |
| 402 | Planner/Landscape Architect II | $ 84.00 |
| 411 | Planner/Designer I | $ 75.50 |
| 412 | Planner/Designer II | $ 73.50 |
| 413 | Planner/Designer III | $ 72.25 |
| 500 | Construction Coordinator | $ 84.00 |
| 501 | Construction Observer I | $ 63.00 |
| 502 | Construction Observer II | $ 57.75 |
| 505 | Chief Construction Observer | $ 68.25 |
| 600 | Environmental Hydrogeologist | $ 84.00 |
| 601 | Environmental Scientist | $ 81.75 |
| 630 | Environmental Technician | $ 57.75 |
| 710 | Zoning Officer | $ 78.75 |
| 901 | Principal | $ 94.50 |
| 920 | Administrative Assistant | $ 42.00 |
| 921 | Administrative Construction Coordinator | $ 55.00 |
| 923 | Project Coordinator | $ 84.00 |

Reimbursable expenses to be billed with a 15% administrative processing fee.

R:\Finance\ACCT\Rate Schedules\Cheltenham Township\2019 Cheltenham Township.doc

Case# 2021-11363-9 Docketed at Montgomery County Prothonotary on 09/20/2021 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



EXHIBIT
3C

## CHELTENHAM TOWNSHIP
## 2020 RATE SCHEDULE
## 82

| 101 | Engineer I | $ 88.00 |
|-----|------------|---------|
| 102 | Engineer II | $ 86.00 |
| 103 | Engineer III | $ 75.50 |
| 135 | Sewer Project Manager | $102.75 |
| 136 | Sewer Project Engineer | $ 99.75 |
| 141 | Designer I | $ 73.50 |
| 142 | Designer II | $ 71.25 |
| 143 | Designer III | $ 68.25 |
| 151 | CAD Operator I | $ 63.00 |
| 152 | CAD Operator II | $ 59.75 |
| 200 | Chief Surveyor | $ 89.25 |
| 201 | Surveyor | $ 80.75 |
| 211 | Survey Technician I | $ 57.75 |
| 212 | Survey Technician II | $ 54.50 |
| 215 | Technician | $ 51.25 |
| 232 | Survey Crew | $115.50 |
| 234 | Survey Crew w/Robotics | $115.50 |
| 401 | Planner/Landscape Architect I | $ 89.25 |
| 402 | Planner/Landscape Architect II | $ 84.00 |
| 411 | Planner/Designer I | $ 75.50 |
| 412 | Planner/Designer II | $ 73.50 |
| 413 | Planner/Designer III | $ 72.25 |
| 500 | Construction Coordinator | $ 84.00 |
| 501 | Construction Observer I | $ 63.00 |
| 502 | Construction Observer II | $ 57.75 |
| 505 | Chief Construction Observer | $ 68.25 |
| 600 | Environmental Hydrogeologist | $ 84.00 |
| 601 | Environmental Scientist | $ 81.75 |
| 630 | Environmental Technician | $ 57.75 |
| 710 | Zoning Officer | $ 78.75 |
| 901 | Principal | $ 94.50 |
| 920 | Administrative Assistant | $ 42.00 |
| 921 | Administrative Construction Coordinator | $ 55.00 |
| 922 | Project Administrator | $ 90.00 |
| 923 | Project Coordinator | $ 84.00 |

Reimbursable expenses to be billed with a 15% administrative processing fee.

R:\Finance\ACCT\Rate Schedules\Cheltenham Township\2019 Cheltenham Township.doc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHELTENHAM TOWNSHIP | : | |
|      Plaintiff, | : | Civil Action No. |
| vs. | : | |
| BOUCHER & JAMES, INC., ROSS G. | : | |
| BOUCHER, MARK W. EISOLD, DAVID R. | : | Removed From: |
| JONES and JUDY STERN GOLDSTEIN | : | |
| | : | Court of Common Pleas of |
|     Defendants | : | Montgomery County, PA |
| | : | (No. 2021-11363) |

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies a true and correct copy of the foregoing Notice of Removal was served on the following via email and/or First-Class Mail, postage pre-paid this 20th day of October 2021:

Mark F. Himsworth, Esquire-Hamburg, Rubin, Mullin, Maxwell & Lupin, 375 Morris Road PO Box 1479, Lansdale, PA 19446-0773; *mhimsworth@hrmml.com,* Attorney for Plaintiff

Frank Nofer, Esquire-Brehm, Nofer, McCarter PC, 161 Washington Street, Eight Tower Bridge, Suite 1450, Conshohocken, PA 19428; *fnofer@bnm.law*, Attorney for Defendant Judy Stern Goldstein

Mark Cedrone, Esquire-Cedrone & Mancano, LLC-230 South Broad Street Suite 1100 Philadelphia PA 19102; *mec@cedrone-mancano.com*, Attorney for Defendant Mark W. Eisold

Andrew L. Riemenschneider, Esquire- Law Offices of Andrew L. Riemenschneider, 1501 Lower State Road, Suite 305, North Wales, PA  19454, *alrlaw@aol.com*, Attorney for Defendant David R. Jones

Ross G. Boucher- 712 Granada Avenue, Unit #2, Venice FL 34285

Respectfully submitted,

JSDC LAW OFFICES

By:    /s/ Kimberly A. Bonner     
Kimberly A. Bonner, Esquire (PA ID #89705)
Scott A. Dietterick, Esquire (PA ID # 55650)
11 E. Chocolate Avenue, Suite 300
Hershey, PA 17033
Phone: (717) 533-3280
Fax: (717) 533-2795
Email: kab@jsdc.com; sad@jsdc.com

## **CERTIFICATION**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**JSDC Law Offices**

By:____/s/ Kimberly A. Bonner_____

Kimberly A. Bonner, Esquire (PA ID #89705)
Scott A. Dietterick, Esquire (PA ID # 55650)
11 E. Chocolate Avenue, Suite 300
Hershey, PA 17033
Phone: (717) 533-3280
Fax: (717) 533-2795
Email: kab@jsdc.com; sad@jsdc.com