# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELTENHAM TOWNSHIP<br>*Plaintiffs*<br><br>v.<br><br>BOUCHER & JAMES, INC., ROSS G. BOUCHER, MARK W. EISOLD, DAVID R. JONES and JUDY STERN GOLDSTEIN<br>*Defendants* | Civil Action No.<br><br><br>NO. 2:21-cv-04596-KSM |

# O R D E R

**AND NOW** this _____ day of _____, 2021, upon consideration of the motion to remand of Defendant, Judith Stern Goldstein, and all responses thereto, it is hereby **ORDERED** that the motion is **GRANTED,** and this case is remanded to the Court of Common Pleas for Montgomery County Pennsylvania.

**BY THE COURT:**

_____
**J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELTENHAM TOWNSHIP<br>*Plaintiffs*<br><br>v.<br><br>BOUCHER & JAMES, INC., ROSS G.<br>BOUCHER, MARK W. EISOLD, DAVID R.<br>JONES and JUDY STERN GOLDSTEIN<br>*Defendants* | Civil Action No.<br><br><br>NO. 2:21-cv-04596-KSM |

**MOTION OF DEFENDANT, JUDITH STERN
GOLDSTEIN, TO REMAND THE ACTION TO THE COURT
OF COMMON PLEAS FOR MONTGOMERY COUNTY, PENNSYLVANIA**

Defendant, Judith Stern Goldstein, by her counsel, hereby moves to remand the above captioned matter to the Court of Common Pleas for Montgomery County, Pennsylvania and, in support thereof, states as follows:

1. Plaintiff, Cheltenham Township (the "Township"), filed its complaint in the above captioned matter in the Court of Common Pleas for Montgomery County, Pennsylvania on or about September 20, 2021.

2. Defendant, Boucher & James, Inc. ("B&J"), unilaterally removed the matter to the United States District Court for the Eastern District of Pennsylvania on or about October 20, 2021.

3. B&J alleges jurisdiction in the federal courts based upon a federal question posed by the claims asserted by the Township against the various defendants, including, more specifically, RICO claims.

4. Prior to removing the case, B&J did not obtain the consent of the other defendants to remove the case to the federal court.

5. At the present time, B&J does not have the consent of defendant, Judith Stern Goldstein, to remove the case to the federal court.

6. Upon information and belief, B&J does not have the consent of defendants, David R. Jones and/or Mark W. Eisold, to remove this case to the federal court system.

Under the removal rules and statutes, B&J needed written consent of *all* defendants to remove the matter to federal court even when based upon a federal question. *See, Chi., Rock Island, & Pac. Ry. Co. v. Martin,* 178 U.S. 245 (1900) (Removal based on a federal question requires the unanimous consent of all defendants); *Lewis v. Rego* Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition"); *Nelson v. United Artist Theater Circuit, Inc.*, 835 F. Supp. 844, 845 n.1 (E.D. Pa. 1993) (For removal to be proper, "[t]he general rule…is that all served defendants must join in the removal notice within thirty days of their receipt of the initial pleading.") *citing Prowell v. West Chemical Products, Inc.*, 678 F. Supp. 553, 554 (E.D. Pa. 1988).

7. Within the Third Circuit, the consent necessary to remove must be set forth in writing from each defendant and timely filed of record. *See, e.g., Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) (indicating that it is well-settled in this district that one defendant may not speak for another in filing a notice of removal and each consenting codefendant must either sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court) (citations omitted); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (finding that the "unanimity of consent" rule is satisfied when "some timely filed written indication from each defendant, or some person or entity

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."); *Ellerbee v. Union Zinc, Inc.,* 881 F. Supp. 162, 164 (E.D. Pa. 1995) (same); *Ogletree v. Barnes,* 851 F. Supp. 184, 188 (E.D. Pa. 1994) (same); *see also King v. Mansfield Univ. of Pa.,* No. 1:15-CV-0159, 2015 U.S. Dist. LEXIS 102137, 2015 WL 4647637, at *3 (M.D. Pa. Aug. 5, 2015) (unanimity requires some timely filed written consent from each codefendant); *Pocono Springs Civic Ass'n, Inc. v. Rich One, Inc.,* No. 00-CV-2034, 2001 U.S. Dist. LEXIS 2667, 2001 WL 114390, at *2 (M.D. Pa. Jan. 29, 2001) (rejecting removing defendant's argument that requiring all codefendants to join in the notice of removal or submit their consent to removal within thirty days after service of plaintiff's complaint places form over substance, and finding that each codefendant must clearly and unambiguously join in or consent to removal).

8. As set forth above, B&J failed to obtain the written consent of all of the defendants necessary to remove this action and, therefore, B&J's removal of this action to the federal court was fatally defective.

9. Accordingly, Judith Stern Goldstein respectfully requests that this matter be remanded to the Court of Common Pleas for Montgomery County Pennsylvania.

**WHEREFORE**, Defendant, Judith Stern Goldstein, respectfully requests that her motion to remand be granted, and that this matter be remanded to the Court of Common Pleas for Montgomery County, Pennsylvania.

                              **BREHM NOFER & McCARTER, P.C.**

                By:    */s/ Frank S. Nofer*
                        Frank S. Nofer, Esquire
                        Attorney for Defendant,
                        Judith Stern Goldstein

Dated: October 25, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELTENHAM TOWNSHIP<br>*Plaintiffs*<br><br>v.<br><br>BOUCHER & JAMES, INC., ROSS G. BOUCHER, MARK W. EISOLD, DAVID R. JONES and JUDY STERN GOLDSTEIN<br>*Defendants* | Civil Action No.<br><br><br>NO. 2:21-cv-04596-KSM |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION OF DEFENDANT, JUDITH STERN
GOLDSTEIN, TO REMAND THE ACTION TO THE COURT
OF COMMON PLEAS FOR MONTGOMERY COUNTY, PA**

Defendant, Judith Stern Goldstein, by her counsel, submits this memorandum of law in support of her motion to remand the above captioned matter to the Court of Common Pleas for Montgomery County, Pennsylvania.

**I.     FACTS**

Plaintiff, Cheltenham Township (the "Township"), filed its complaint in the above captioned matter in the Court of Common Pleas for Montgomery County, Pennsylvania on or about September 20, 2021.

Defendant, Boucher & James, Inc. ("B&J"), unilaterally removed the matter to the United States District Court for the Eastern District of Pennsylvania on or about October 20, 2021. B&J alleges jurisdiction in the federal courts based upon a federal question posed by the claims asserted by plaintiff against the various defendants, including, more specifically, RICO claims.

Prior to removing the case, B&J did not obtain the consent of the other defendants to remove the case to the federal court. At the present time, B&J does not have the consent of

defendant, Judith Stern Goldstein, to remove the case to the federal court. In addition, upon information and belief, B&J does not have the consent of defendants, David R. Jones and/or Mark W. Eisold, to remove this case to the federal court system.

For the reasons which follow, Judith Stern Goldstein requests that this matter be remanded to the Court of Common Pleas for Montgomery County, Pennsylvania.

## II.     LEGAL ARGUMENT

Under the applicable removal rules and statutes, B&J needed written consent of all defendants to remove the matter to federal court even when based upon a federal question. *See Chi., Rock Island, & Pac. Ry. Co. v. Martin,* 178 U.S. 245, (1900) (Removal based on a federal question requires the unanimous consent of all defendants); *Lewis v. Rego* Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition"); *Nelson v. United Artist Theater Circuit, Inc.*, 835 F. Supp. 844, 845 n.1 (E.D. Pa. 1993) (For removal to be proper, "[t]he general rule…is that all served defendants must join in the removal notice within thirty days of their receipt of the initial pleading.") *citing Prowell v. West Chemical Products, Inc.*, 678 F. Supp. 553, 554 (E.D. Pa. 1988).

Within the Third Circuit, the consent necessary to remove also must be timely set forth in writing from each defendant. *See, e.g., Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) (indicating that it is well-settled in this district that one defendant may not speak for another in filing a notice of removal and each consenting codefendant must either sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court) (citations omitted); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (finding that the "unanimity of consent" rule is satisfied when "some timely filed

written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."); *Ellerbee v. Union Zinc, Inc.,* 881 F. Supp. 162, 164 (E.D. Pa. 1995) (same); *Ogletree v. Barnes,* 851 F. Supp. 184, 188 (E.D. Pa. 1994) (same); *see also King v. Mansfield Univ. of Pa.*, No. 1:15-CV-0159, 2015 U.S. Dist. LEXIS 102137, 2015 WL 4647637, at *3 (M.D. Pa. Aug. 5, 2015) (unanimity requires some timely filed written consent from each codefendant); *Pocono Springs Civic Ass'n, Inc. v. Rich One, Inc.,* No. 00-CV-2034, 2001 U.S. Dist. LEXIS 2667, 2001 WL 114390, at *2 (M.D. Pa. Jan. 29, 2001) (rejecting removing defendant's argument that requiring all codefendants to join in the notice of removal or submit their consent to removal within thirty days after service of plaintiff's complaint places form over substance, and finding that each codefendant must clearly and unambiguously join in or consent to removal).

As set forth above, B&J failed to obtain the written consent of all of the defendants necessary to remove this action and, therefore, B&J's unilateral removal of this action to federal court was fatally defective. Accordingly, Judith Stern Goldstein respectfully requests that this matter be remanded to the Court of Common Pleas for Montgomery County, Pennsylvania.

### III.  CONCLUSION

For the foregoing reasons, Defendant, Judith Stern Goldstein, respectfully requests that her motion be granted, and that this matter be remanded to the Court of Common Pleas for Montgomery County, Pennsylvania.

**BREHM NOFER & McCARTER, P.C.**

By:   */s/ Frank S. Nofer*
      Frank S. Nofer, Esquire
      Attorney for Defendant,
      Judith Stern Goldstein

Dated:  October 25, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELTENHAM TOWNSHIP<br>    *Plaintiffs*<br><br>        v.<br><br>BOUCHER & JAMES, INC., ROSS G. BOUCHER, MARK W. EISOLD, DAVID R. JONES and JUDY STERN GOLDSTEIN<br>    *Defendants* | Civil Action No.<br><br><br>NO. 2:21-cv-04596-KSM |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date written below a true and correct copy of the foregoing Motion to Remand was forwarded via Electronic Mail to counsel listed below:

**Mark F. Himsworth, Esquire**
Hamburg, Rubin, Mullin, Maxwell & Lupin
375 Morris Road
PO Box 1479
Landsdale PA 19446
*Attorney for Plaintiff*

**Mark Cedrone, Esquire**
Cedrone & Mancano, LLC
230 South Broad Street, Suite 1100
Philadelphia PA 19102
*Attorney for Defendant, Mark W. Eisold*

**Andrew L. Riemenschneider, Esquire**
Law Offices of Andrew L. Riemenschneider
1501 Lower State Road, Suite 305
North Wales PA 19454
*Attorney for Defendant, David R. Jones*

**Kimberly A. Bonner, Esquire**
JSDC LAW OFFICES
11 E. Chocolate Avenue, Suite 300
Hershey, PA 17033
*Attorney for Defendant Boucher & James Inc.*

**Ross Boucher**
712 Granada Avenue, Unit 2
Venice FL 34285
*Pro Se*

**BREHM NOFER & McCARTER, P.C.**

By:  */s/ Frank S. Nofer*
     Frank S. Nofer, Esquire
     Attorney for Defendant,
     Judith Stern Goldstein

Dated: October 25, 2021